**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| ZACHARIAH ROBERTSON, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Civil Action No. 2:19-cv-01080-WSS-LPL |
| v. | Judge William S. Stickman IV |
| ENBRIDGE (US) INC, | Magistrate Judge Lisa Pupo Lenihan |
| *Defendant*. | |

**CLEVELAND INTEGRITY SERVICES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE**

**I.   INTRODUCTION**

James Kozelouzek ("Kozelouzek") and Gordon Lunsted, Jr. ("Lunsted") have each filed a consent to join this suit against Enbridge (US) Inc. ("Enbridge") for overtime under the Fair Labor Standards Act ("FLSA"). Dkt. Nos. 23, 37. Both Kozelouzek and Lunsted, however, were employed by and paid by Cleveland Integrity Services, Inc. ("CIS"), which assigned each to work for its customers, Enbridge and its affiliate Spectra Energy Transmission II, LLC ("Spectra Energy"). As Kozelouzek's and Lunsted's employer, CIS determined the central issue in this case: that their respective pay and duties qualified them as overtime exempt under the FLSA. Moreover, CIS has an interest in enforcing the arbitration agreements that Kozelouzek and Lunsted executed as a condition of their employment *with CIS* and which they now try to avoid through selective pleading. Therefore, CIS moves to intervene in this lawsuit pursuant to Federal Rule of Civil Procedure 24(a) and (b).

## II.     FACTUAL CONTEXT

### A.     CIS's Relationship with Enbridge and Spectra Energy

CIS employs inspection personnel to provide services to its customers. Ex. A at ¶ 3; Ex. B at ¶ 3. Enbridge is one of those customers. Ex. A at ¶ 4. So is Enbridge's affiliate, Spectra Energy. Ex. B at ¶ 4. As a contractor, CIS directs its employees to provide the requested inspection services. Ex. A at ¶ 5; Ex. B at ¶ 5. CIS and its employees also supply the equipment and materials necessary for them to complete the contracted for project. Ex. A at ¶ 5; Ex. B at ¶ 5.

In exchange for CIS's inspection services, Enbridge and Spectra Energy pay CIS an "all-inclusive rate including overhead, profit, equipment, material, salary, benefits, vehicle allowance, and all applicable taxes and withholdings under federal and state law, which includes contributions under the Federal Insurance Contribution Act ('FICA') and Federal Unemployment Tax Act ('FUTA')." Ex. A at ¶ 6; Ex. B at ¶ 6. CIS then pays its inspectors in a manner that it alone determines. Ex. A at ¶ 7; Ex. B at ¶ 7.

### B.     CIS's Employment of Kozelouzek

One of these projects was Enbridge's LP MLP U.S. South Great Lakes Region project. Ex. A at ¶ 8. On November 1, 2017, CIS hired Kozelouzek as a welding inspector to be part of its team for that project. Ex. A at ¶ 9. Not only does CIS's record of Kozelouzek's hire list Enbridge as the customer that he would be assigned to, App'x 1 to Ex. A, Kozelouzek's own email to CIS with his resume reflects his awareness that he would be providing services to Enbridge on CIS's behalf: the subject is "Welding inspector documents for the Enbridge project." App'x 2 to Ex. A.

As his employer, CIS determined that Kozelouzek's pay and duties qualified him as overtime exempt under the FLSA. Ex. A at ¶ 17. Specifically, Kozelouzek was a W-4 employee, Ex. A at ¶ 15, and CIS guaranteed him a "minimum weekly salary equal to four times the daily

2

salary amount" based on FLSA regulations. Ex. A at ¶ 16; *see* 29 C.F.R. § 541.604(b). CIS also decided that his duties qualified as an administrative job. Ex. A at ¶ 17; *see also* 29 U.S.C. § 213.

During his onboarding, Kozelouzek signed thirteen separate documents that identified him as an employee of CIS and outlined its control over his employment. Ex. A at ¶ 13 and accompanying Appendices. These documents included acknowledgments that Kozelouzek would comply with "the letter and spirit" of CIS's policies governing employee conduct:

- App'x 4 (Kozelouzek's Acknowledgement CIS's Conduct and Ethics Policy);
- App'x 5 (Kozelouzek's Acknowledgement of CIS's Employee Safety Handbook);
- App'x 6 (Kozelouzek's Acknowledgment of CIS's Drug & Alcohol Policy);
- App'x 7 (Kozelouzek's Acknowledgement of CIS's Employee Driving Policy);
- App'x 8 (Kozelouzek's Acknowledgement of CIS's Incident & Injury Reporting Policy).

Additionally, under the penalty of perjury, Kozelouzek signed a Form I-9 affirming he was to be employed by CIS. App'x 10 to Ex. A. Kozelouzek further recognized that CIS would assign him to its customer, Enbridge; he also signed an acknowledgment, on CIS letterhead, of his receipt of and future compliance with Enbridge's policies. App'x 16 to Ex. A.

As a condition precedent to his employment, CIS required Kozelouzek to enter into an arbitration agreement. Ex. A at ¶ 11. Under that arbitration agreement, Kozelouzek committed "to arbitrate all claims that have arisen or will arise out of Employee's employment with or termination from the Company [CIS] regardless of whether those are claims under common law or statutory law." App'x 3 (attached to Ex. A) at ¶ 2. Kozelouzek also agreed that "there shall be no class actions, collective actions, or multiple-employee claims of any kind." *Id*.

CIS hired Kozelouzek after he executed that arbitration agreement and other onboarding documents. He was employed from November 1, 2017 until January 26, 2018. Ex. A at ¶ 18. During the course of his approximately three months of employment, CIS paid Kozelouzek $18,539.00 in gross salary. Ex. A. ¶ 18; App'x 18 to Ex. A.

### C. CIS's Employment of Lunsted

Another project was Spectra Energy's nexus project. Ex. B at ¶ 10. On March 31, 2018, CIS re-hired Lunsted as a welding inspector to be assigned to that project. Ex. B at ¶ 10. CIS paid Lunsted on as a W-4 employee, App'x 16 to Ex. B, guaranteeing him a "minimum weekly salary equal to four times the daily salary amount" based on FLSA regulations. Ex. B at ¶ 17; *see* 29 C.F.R. § 541.604(b). Having determined that Lunsted's duties were administrative, CIS classified Lunsted as overtime exempt under the FLSA. Ex. B at ¶ 18; *see also* 29 U.S.C. § 213.

During his previous employment with CIS, Lunsted signed acknowledgments agreeing to comply with CIS's policies governing its employees. Ex. B at ¶ 8. At the time of Lunsted's rehire, it was CIS's practice to only require rehires to sign new policies, updated policies, or policies not in their employee file because it considered all previous policy acknowledgements to be operative unless replaced. Ex. B at ¶ 11. Incorporating Lunsted's previous policy acknowledgments, he signed ten separate documents identifying him as an employee of CIS. Ex. B. at ¶ 15.

Lunsted also signed documents evincing his knowledge that he was being hired by CIS to provide services on its behalf to Spectra Energy. Specifically, he signed two separate acknowledgments that he would comply with Enbridge's polices. App'x 10-11 to Ex. B. Lunsted also entered into a confidentiality agreement with Spectra Energy. App'x 12 to Ex. B.

As a condition precedent to his employment, CIS required Lunsted to enter into an arbitration agreement. Ex. A at ¶ 13. Under that arbitration agreement, Lunsted committed "to arbitrate all claims that have arisen or will arise out of Employee's employment with or termination from the Company [CIS] regardless of whether those are claims under common law or statutory law." App'x 8 (attached to Ex. B) at ¶ 2. Lunsted also agreed that "there shall be no class actions, collective actions, or multiple-employee claims of any kind." *Id*.

CIS hired Lunsted after he executed that arbitration agreement and other onboarding documents. He was employed from March 31, 2018 until October 2, 2018. Ex. B at ¶ 19. During that time, CIS paid Lunsted $31,686.00 in gross salary. Ex. A. ¶ 19; App'x 17 to Ex. A.

### D.   This Lawsuit Against Enbridge Only

Kozelouzek and Lunsted have opted-in as plaintiffs to this lawsuit alleging that named plaintiff Zachariah Robertson and those he claims were similarly situated were denied overtime. The central issue is whether the plaintiffs were exempt under the FLSA overtime requirements. But rather than bringing their own suit against CIS -- the entity that hired them, determined they were FLSA exempt, and paid them -- Kozelouzek and Lunsted have curiously joined a suit against *only* the customer to which they were assigned but that never paid them: Enbridge.

Tellingly, though the Complaint seeks relief only from Enbridge, it explicitly recognizes the role of services companies such as CIS:

- "During Robertson's employment with Enbridge, *it and/or the company Enbridge contracted with* exercised control over all aspects of his job." (Comp. at ¶ 30) (emphasis added).

- "*Enbridge and/or the company it contracted* with controlled all significant or meaningful aspects of the job duties performed by Robertson." (*Id.* at ¶ 31) (emphasis added).

- "Numerous other individuals who worked with Robertson indicated *they were paid in the same manner*, *performed similar work*, and were not properly compensated for all hours worked as required by state and federal wage laws." (*Id.* at ¶ 56) (emphasis added).

In both Kozelouzek's and Lunsted's cases, CIS is the other company. CIS hired them, set their salary, offered them benefits, determined they were exempt from the FLSA, subjected them to its work policies, and controlled their pay. Kozelouzek and Lunsted only worked at Enbridge because CIS sent them to perform inspection work on its behalf.

5

Because Enbridge did not hire Kozelouzek and Lunsted, classify them as overtime exempt, or pay them, their only route to holding Enbridge liable is to show that Enbridge was a joint employer *with CIS*. Although Kozelouzek and Lunsted may wish to allege that Enbridge was their joint employer, that cannot and does not alter CIS's undeniable interest as their primary employer -- the entity that hired them, classified them, and paid them -- in intervening in this case to defend against their claim that they were improperly denied overtime. Their choice to bring claims against just Enbridge is simply an attempt to avoid their arbitration agreements; permitting them to go forward without CIS's participation would deprive CIS of these interests.[1]

## III.   ANALYSIS

### A.   Rule 24(a)(2): Intervention As Of Right

Rule 24 requires the intervention of anyone who timely "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Third Circuit has distilled Rule 24(a)(2) into four parts, explaining that the Rule entitles intervention if "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). While all four requirements must be met, "a very

---

[1] Pursuant to Federal Rule of Civil Procedure 24(c), CIS attaches as Exhibit C its motion to compel arbitration, seeking to enforce its bargain with Kozelouzek and Lunsted. *See, e.g., U.S. ex rel. Frank M Sheesley Co. v. St. Paul Fire and Marine Ins. Co.*, 239 F.R.D. 404, 414 (W.D. Pa. 2006) (motion to compel arbitration satisfies Rule 24(c)). CIS will file this motion immediately upon the Court's approval of its intervention.

strong showing that one of the requirements is met may result in requiring a lesser showing of another requirement." *Id.*  Here, CIS meets all four requirements.

**First**, CIS's motion, filed before the start of discovery, is timely; intervention at this early stage of the litigation does not unduly delay or prejudice Lunsted's, Kozelouzek's, or Enbridge's rights. *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire and Marine Ins. Co*., 239 F.R.D. 404, 413 n.9 (W.D. Pa. 2006) (intervention timely where the "case is still in its initial stages").

**Second**, as Kozelouzek's and Lunsted's employer (or joint employer if Enbridge meets that test), CIS has an interest in any FLSA claim arising from or relating to their employment, and permitting a suit challenging CIS's employment practices without its participation would impair that interest.  This interest is acute where CIS bargained for Kozelouzek's and Lunsted's agreement to individually arbitrate any challenge to its employment practices.

The central issue in this case is whether Kozelouzek's and Lunsted's pay and duties qualified for an FLSA overtime exemption.  CIS has an interest in the adjudication of this issue because any liability resulting from CIS's classification of them is joint and several among joint employers. *See* 29 C.F.R. § 791.2(a) ("[A]ll joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including the overtime provisions, with respect to the entire employment for the particular workweek."); *Kansas Public Emp. Retirement Sys. v. Reimer & Koger Assoc., Inc*., 60 F.3d 1304, 1308 (8th Cir. 2004) (granting intervention; the potential of joint and several liability was sufficient to allow intervention).

CIS also has an interest because Enbridge has requested indemnification for Kozelouzek's and Lunsted's claims. Ex. A at ¶ 20; Ex. B at ¶ 20.  An intervenor has a sufficient interest where it may be required to indemnify its customer. *Advanced Dynamic Interfaces, LLC v. Aderas, Inc*., 2013 WL 6989428, at *1 n.1 (D. Del. Jan. 11, 2013) (granting a manufacturer's motion to intervene

in a lawsuit brought against its customer because, in part, "it has received indemnifications requests in connection with this action . . . .").

**Third**, disposing of this action without CIS would impair its ability to defend against Kozelouzek's and Lunsted's claims that their compensation ran afoul of the FLSA. If CIS -- the entity that set and paid Kozelouzek's and Lunsted's salary; determined that they were eligible for exempt status; and maintains the employment records on which their case is predicated -- is excluded, it would be deprived of the "opportunity to raise arguments and defenses before adjudication of its own liability to Plaintiff." *Clean Earth, Inc. v. Endurance Am. Ins.*, 2016 WL 5422063, at *4-5 (D.N.J. Sept. 28, 2016) (allowing a general contractor to intervene in a lawsuit brought by a sub-contractor against the general contractor's insurer and determining, with respect to impairment of interest, that the possibility that the intervenor could be held liable without having an opportunity to legally dispute that liability impaired the intervenor's interest, which could not be cured "simply because [the general contractor] has an opportunity to defend against an indemnification claim by [the insurer]").

Plus, moving forward without CIS could result in Kozelouzek and Lunsted being able to avoid the arbitration forum that they committed to bring their individual employment claims in. This would deprive CIS of the benefit of the bargain it struck with Kozelouzek and Lunsted; in exchange for employing them and paying them significant compensation, CIS assured itself of "lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010). But, because an indemnity agreement between Enbridge and CIS may be triggered, CIS might have a duty to defend Kozelouzek's and Lunsted's claims in a forum where both had promised not to bring suit and on a class-wide basis which both had waived. CIS's interest in ensuring that this dispute is resolved on an individual basis in the forum it bargained for is independently sufficient

to warrant intervention. *Encana Oil & Gas (USA) Inc.*, *v. St. Clair*, 2012 WL 12551502, at *2 (D. Wyo. Mar. 1, 2012) (granting motion to intervene in case where the threshold issue was a forum choice -- tribal court vs federal court; intervention is appropriate where "the determination of this action could certainly impair the [intervenor's] ability to protect its interest" in seeing that claim is adjudicated in a specific forum).

**Fourth**, CIS's interest is not adequately represented by the existing parties. This inadequacy is illustrated by Enbridge's failure to move on its own to compel Kozelouzek and Lunsted to arbitrate their claims. Beyond that, Enbridge's inability to represent CIS's interest is readily apparent: it did not classify Kozelouzek and Lunsted as exempt or write their paychecks. CIS's "superior understanding" of their employment classification and "greater access to relevant documents and individuals may result in" its "interests being inadequately represented" if it is not allowed to intervene. *Advanced Dynamic Interfaces*, 2013 WL 6989428, at *1 n.1 (determining that a company could intervene as of right in a patent suit brought against its customer because the company was the creator and manufacturer of the products at issue).

Moreover, CIS is one of multiple companies engaged by Enbridge to provide inspection services, and, as such, there are other plaintiffs in this suit (including the named plaintiff Robertson) who have no relation to CIS. With Enbridge already committed to mediate, it does not "strain the imagination" to "conjure up situations" where Enbridge might enter into a global settlement that disadvantages CIS. *Kleissler v. United States Forest Service*, 157 F.3d 964, 974 (3d Cir. 1998) (suggesting inadequacy of representation because, although the movants had the same overall objective as the logging companies that were party to a suit seeking to limit foresting activities, the logging companies could make compromises that benefit themselves at the expense of competing companies and the movants who were not party to the suit).

### B.     Rule 24(b): Permissive Intervention

Even if there could be doubt about intervention as of right, CIS is entitled to intervene as a matter of permission on those same considerations. Rule 24(b)(1)(B) allows permissive intervention to anyone who timely asserts "a claim or defense that shares with the main action a common question of law or fact." Both are met here.

There is undeniably a common question of law: the enforcement of Kozelouzek's and Lunsted's arbitration commitment. That in and of itself justifies permission to intervene. *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 27 (D.D.C. 2002) (granting permissive intervention in a trade secrets suit to the customer of both parties where the lawsuit questioned whether the customer conspired with the defendant to disclose trade secrets because, in part, the customer and the plaintiff had an arbitration agreement and both the customer and defendant argued that arbitration should be compelled).

There are also common questions of fact. The central issue in this suit is whether Kozelouzek's and Lunsted's pay and duties qualify them as overtime exempt under the FLSA. These questions cannot be resolved without addressing the actions of CIS, which paid their salary and determined that their duties and salary met the administrative exemption requirements under the FLSA. Further, if that exemption does not apply, any analysis of overtime that would be due turns on Kozelouzek's and Lunsted's compensation for that work (which they received exclusively from CIS). Thus, CIS asserts a defense -- that it properly classified Kozelouzek and Lunsted -- that shares common facts with Enbridge's defense that it complied with the FLSA and plaintiffs' were properly classified. Dkt. 11 at 19-20. Put differently, a full airing of the facts upon which liability depends is not possible without the participation of Kozelouzek's and Lunsted's actual employer.

### IV.    CONCLUSION

For these reasons, CIS should be allowed to intervene in this case.

                                                  Respectfully submitted,

                                                  Cleveland Integrity Services, Inc.

Date: January 23, 2020                */s/ Ryan O. Hemminger*
                                                  Ryan O. Hemminger
                                                  Leech Tishman Fuscaldo & Lampl, LLC
                                                  525 William Penn Place, 28th Floor
                                                  Pittsburgh, PA 15219
                                                  (412) 261-1600 (phone)
                                                  (412) 227-5551 (fax)
                                                  rhemminger@leechtishman.com

                                                  Rachel B. Cowen, *pro hac vice forthcoming*
                                                  McDermott Will & Emery LLP
                                                  444 West Lake Street
                                                  Chicago, Illinois 60606
                                                  (312) 372-2000 (phone)
                                                  (312) 884-7700 (fax)
                                                  rcowen@mwe.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed and served on all counsel of record via the Court's electronic filing system on January 23, 2020.

s/ *Ryan O. Hemminger*
Ryan O. Hemminger
