IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARIAH ROBERTSON, | ) | |
| | ) | CIVIL ACTION NO. 2:19-CV-01080-LPL |
| Plaintiff, | ) | |
| | ) | District Judge William S. Stickman |
| vs. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ENBRIDGE (U.S.) INC., | ) | |
| | ) | ECF Nos. 44, 47 |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON**
**<u>MOTIONS TO INTERVENE</u>**

**I.   RECOMMENDATION**

It is respectfully recommended that the Motions to Intervene as a defendant by both Cypress Environmental Management-TIR, LLC ("CEM-TIR") and Cleveland Integrity Services, Inc. ("CIS") be granted.

**II.   REPORT**

Pending before the Court are two substantially identical Motions to Intervene as a defendant by Cypress Environmental Management-TIR, LLC ("CEM-TIR") and Cleveland Integrity Services, Inc. ("CIS") pursuant to Federal Rule of Civil Procedure 24. The motions are substantially similar[1] except for the involvement of two different opt-in plaintiffs for each potential Intervenor. For simplicity, the Court will call both entities "Intervenors."

---

[1] The only difference is that CIS asserts that their employees signed an arbitration agreement and CEM-TIR asserts that its employees' contract included a forum selection clause of Tulsa, Oklahoma.

1

### A. Factual Background and Procedural History

This case was filed on August 27, 2019 alleging violations by Defendant of both the Pennsylvania Minimum Wage Act and the federal Fair Labor Standards Act. Compl. (ECF No. 1). The Complaint alleges that Robertson and other workers like him regularly worked for Enbridge (US) Inc. ("Enbridge") over 40 hours per week and were never paid overtime. *Id.* ¶ 14. It further alleges that Enbridge improperly classified employees as exempt and paid a daily rate. *Id.* ¶ 5. The putative class includes all personnel who worked for or on behalf of Enbridge who were paid a day rate for the past three years. *Id.* ¶ 15. Discovery has just begun and, in fact, the Court had allowed the parties to delay entry of a scheduling order to try to mediate the case, and has also acknowledged that, if the case did not resolve early, Defendant would be moving to enforce an arbitration agreement.[2] (ECF No. 32).

In the Motions to Intervene, CEM-TIR and CIS allege that they, not Enbridge, were the ones who employed, paid and classified as exempt two of the persons[3] who have filed consents to join in the suit filed against Enbridge. (ECF Nos. 44, 47). The Motions also assert that each of the CIS employees signed an arbitration agreement as a condition precedent to their employment; while the CEM-TIR employees signed an employment agreement with a forum selection clause designating Tulsa, Oklahoma as the forum for any litigation. In addition, to evidence sufficient interest in the litigation, the Intervenors state that Enbridge has requested indemnification for the claims. The Motions to Intervene were filed January 23 and 30, 2020. (ECF Nos. 44, 47). Responses were filed on February 13, 2020 (ECF Nos. 51, 52) and Replies on February 21, 2020. (ECF Nos. 65, 66). The Motions are therefore ripe for disposition.

---

[2] The case did not resolve at mediation and is now at the preliminary motions stage.
[3] For CEM-TIR the consents were filed by Hernandez and Bridgeman and for CIS the consents were filed by Kozelouzek and Lunsted.

### B. Legal Standard

Under Federal Rule of Civil Procedure Rule 24:

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24.

Under Rule 24(a)(2), absent an applicable federal statute providing a right to intervene in intervention as of right cases, the applicant bears the burden to satisfy all four requirements of Rule 24(a)(2). *Liberty Mut. Ins. Co. v. Treesdale, Inc*., 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Serv*., 157 F.3d 964, 969 (3d Cir. 1998)). The four-part test requires: (1) timely application, (2) the applicant has a significantly protectable interest in the pending lawsuit, (3) disposition of the lawsuit may impair or impede his ability to protect applicant's interest absent intervention, and (4) the existing parties do not adequately represent applicant's interest. *Id.*

Under section 24(c), a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24.

### C. DISCUSSION

Each of the Intervenors is basically a staffing agency that provides inspection services. Both companies argue that some persons who have consented to join this lawsuit were not employed by Defendant Enbridge but were employed by each of them and assigned to work for Enbridge. Enbridge requested a certain number of inspectors and either CEM-TIR or CIS

3

directed their employees to provide the services. CIS Br. in Supp. p. 2 (ECF No. 45); TIR Br. in Supp. p. 2 (ECF No. 48). CEM-TIR and CIS also determined that the employees' pay and job duties qualified them for an exemption under 29 U.S.C. § 213. *Id.* p. 5 (ECF No. 45); *Id.* p. 4 (ECF No. 48). As Intervenors argue, rather than bring the lawsuit against the entities that employed the opt-in plaintiffs, the named Defendant is a customer to which the employees were assigned but which was not responsible for paying the employees for their work.

In addition, CEM-TIR argues that their employees who have opted in all signed employment agreements that contained a forum selection clause requiring them to file any legal claims in Tulsa County, Oklahoma. TIR Br. in Supp. p. 3 (ECF No. 48); Ex. A pp. 11, 12 (ECF No. 48-1). CIS argues that their employees who opted in signed an arbitration agreement as a condition of their employment. CIS Br. in Supp. p. 3 (ECF No. 45); Ex. A pp. 11, 12 (ECF No. 45-1).

Because of the above, Intervenors argue that they meet all four requirements of Rule 24(a). They assert, almost as a side argument, that Enbridge has made a claim against each of them for indemnity. [4] CIS Br. in Supp. p. 7 (ECF No. 45); TIR Br. in Supp. p. 6 (ECF No. 48).

Plaintiffs object to the intervention, arguing that the Intervenors are not named in the lawsuit, have proven no liability to Enbridge and, even if an indemnity agreement exists, that does not create a sufficient interest for intervention.

### 1. Rule 24(a)(2) Intervention as of Right

The Third Circuit has broken Rule 24 (a)(2) into four parts which the Court will now address. *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987), citing *Commonwealth of*

---

[4] See ECF Nos. 49, 50, 58, 59 and 68, where Plaintiffs unsuccessfully try to strike the portion of the argument on indemnification.

*Pennsylvania v. Rizzo,* 530 F.2d 501, 504 (3d Cir.), *cert denied sub nom. Fire Fighters Union v. Pennsylvania,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976).

### i. Timeliness

There is no issue as to timeliness as the case is still in the early stages. Plaintiff has made no argument that the Motions are untimely.

### ii. Sufficient Interest in the Litigation

Intervenors argue that they have an interest in the lawsuit as it challenges their employment practices and to permit a suit challenging their employment practices without their participation would impair that interest. They further argue that Enbridge has requested indemnification for the claims of the "joint employees." Plaintiff argues that the Motions are based on the potential of indemnity and this has not been established.

The Third Circuit has stated:

> Under the FLSA, multiple persons or entities can be responsible for a single employee's wages as "joint employers" in certain situations. 29 C.F.R. § 791.2. One such scenario occurs where both employers "exert significant control" over the employee, *N.L.R.B. v. Browning–Ferris Indus. of Pa., Inc.,* 691 F.2d 1117, 1124 (3d Cir.1982), "by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." 29 C.F.R. § 791.2(b)(3). Under these circumstances, each joint employer may be held jointly and severally liable for the FLSA violations of the other, in addition to direct liability for its own violations.

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014). Furthermore, the Court of Appeals outlines four relevant factors to consider when assessing whether a joint employer relationship exists between two employers:

> (1) the alleged employer's authority to hire and fire the relevant employees; (2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline;

and (4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes.

*Id*. at 149.

The Court agrees with the potential Intervenors. They hired the subject employees, they determined how much to pay them, and they determined that they were exempt from overtime pay. The provided the employees to the named Defendant. The potential Intervenors appear at this stage to fit at least three out of the four relevant factors of being qualified as joint employers with Enbridge under the Third Circuit's definition. Regardless of the indemnity issue, which the Court finds does not have to be proven at this time, they have stated a sufficient interest in the litigation. In addition, these particular employees, and others who may opt in later, have either agreed to a forum selection clause or an arbitration agreement, both of which are being circumvented given that a joint employer of theirs were not named. The Court thus finds that this prong has been satisfied.

### iii. **The Interest May Be Affected by the Disposition of the Action**

Intervenors argue that disposing of this lawsuit without their involvement would impair their ability to defend against the claims that the compensation they—not Enbridge—paid violated state and federal law. It would also allow their employees to circumvent their agreements to either arbitrate this dispute or bring the lawsuit in Tulsa as bargained for.[5] Plaintiff argues that the interest is too remote, again focusing singularly on the indemnification issue. Further, as the Intervenors have not been named in the lawsuit, they do not have to defend anything.

---

[5] Four Motions to Dismiss based upon either the arbitration agreements or forum selection clause have been filed by Enbridge. See ECF Nos. 82, 84, 86 and 88.

Once an applicant for intervention has established possession of a sufficient legal interest in the dispute, the applicant must also show that this claim is in jeopardy in the lawsuit. Under this element of the test, the Intervenors must show that their legal interests "may be affected or impaired, as a practical matter by the disposition of the action." [citations omitted] *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992). As stated above, the Third Circuit has found that "joint employers" may be jointly and severally liable for the FLSA violations of each other. *Thompson* at 148. The Court again agrees with the Intervenors. As they argue, the theory of liability against Enbridge is necessarily grounded in establishing a joint employment relationship with CIS and CEM-TIR. The adjudication of these claims necessarily affects the interests of the actual employers of the opt in plaintiffs.[6]

### iv. **Interest Not Adequately Represented**

The final prong is whether the Intervenors' interests are adequately represented. CEM-TIR argues that, as Enbridge did not have an employment agreement with the employees, it cannot assert the forum selection clause. CIS similarly argues that Enbridge may not be able to enforce the arbitration agreement.[7] They further argue that Enbridge may enter into a settlement

---

[6] Plaintiff argues that the joint and several liability of joint employers is what supports their argument that the Motion to Intervene should be denied. Pl's. Br. in Opp. to CIS p. 5 (ECF No. 51). Plaintiff cites *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F. Supp. 3d 152, 159 (D. Mass. 2019) to propose that because the employment relation test is applied to each putative employer individually, it means that the potential Intervenors should not be allowed to intervene. *Id.* That issue in *Romero* involved another putative employer who was not joined, and the defendant employer motioned to dismiss based on failure to join a required party. *Id.* at 157. The court determined that joinder was unnecessary to determine the relationship of the defendant employer to the plaintiff, and that failure to join was not grounds to dismiss the entire action. This reasoning does not necessarily lead to denying intervention to a putative employer simply because the employer/employee relationship are applied to each individual employer. Here, the question is not whether the action itself could proceed without a necessary party. The question is whether the intervening employers' interest may be affected by the disposition of the action. That the potential Intervenors are likely joint employers with Defendant means that they would face joint and several liability if found liable, and as a result, would indeed be affected in their legal interests.

[7] As noted earlier, Defendant Enbridge has filed Motions to Dismiss based upon both of these defenses; however, it is not similarly situated to the Intervenors as it is not a party to the contracts giving rise to these defenses.

agreement that disadvantages them. In response, Plaintiff again resorts to the indemnity agreement. He further argues that Enbridge cannot enforce either the forum selection clause or the arbitration agreement and so neither has a role here.

The burden is on the applicant to show that representation of its interests is inadequate based on "any of the following three grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992).

Generally, the burden of showing the inadequacy of representation is on the intervenor and "should be treated as minimal." [additional citation and quotation marks omitted]. *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania*, 701 F.3d 938, 958 (3d Cir. 2012) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L.Ed.2d 686 (1972)). The Court finds that Intervenors have met their burden here. Although the interests of CIS and CEM-TIR are like those of Enbridge, they diverge in that CIS and CEM-TIR are the entities that determine and cut the paychecks; they also have employment contracts with the opt-in plaintiffs that Enbridge does not. As they assert, any settlement with Enbridge could adversely affect them. They may not be protected from liability regarding to their employment of these individuals; at the same time, a disposition against Enbridge may lead to a claim for indemnification, leading to a double payment by them for the same alleged violations.

### 2. Rule 24(b) Permissive Intervention

Intervenors further argue that, if intervention as of right is in question, they should be allowed to intervene as a matter of permission. Brs. in Supp. p. 10 (ECF No. 45), p. 9 (ECF No.

48). Rule 24(b)(1)(B) allows permissive intervention to anyone who timely asserts "a claim or defense that shares with the main action a common question of law or fact." "Whether to grant permissive intervention under Rule 24(b), as the doctrine's name suggests, is within the discretion of the district court, and as noted above, this decision is reviewed only for abuse of discretion." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24; *see U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.,* 239 F.R.D. 404, 414 (W.D. Pa. 2006).

    Intervenors assert that the common question of law is enforcing the arbitration agreement and the forum selection clause. Common questions of fact include whether the pay and duties of the employees qualify them as overtime exempt under the FLSA. These issues necessarily involve both CIS and CEM-TIR.

    Plaintiff's response is that neither CIS nor CEM-TIR have claims filed against them here as they are not named defendants. He further argues that Enbridge had a duty to classify its workers and could not delegate this duty to others. Plaintiff is also concerned that other staffing companies will move to intervene and also that any Enbridge employees not employed by staffing agencies will be adversely affected. Plaintiff argues that the intervention is solely to prejudice his right to proceed in this forum.

    Taking this last argument first, Plaintiff's choice to sue only Enbridge is, according to Intervenors, an attempt to circumvent valid and enforceable contracts containing forum selection clauses and arbitration agreements, questioning whether Plaintiff even has a right to proceed in this forum. The Court finds this to be a valid question. The fact that CIS and CEM-TIR are not named in the lawsuit does not, in the Court's opinion, take away the common questions of law

and of fact that may face them when either Enbridge looks to them for indemnification or Plaintiffs sue them for the same issues in a second lawsuit. The Court also disagrees that because there may be a potential for more nonparties to seek intervention, the potential itself is grounds to find that granting intervention would cause undue delay. Thus, the Court is satisfied that granting intervention will not cause undue delay or prejudice to the adjudication of the original parties' rights.

Related to the forum issue, there is a common question of law with the main action—the arbitration clause in the employment contract that CIS signed with two of the opt-in Plaintiffs. It will be necessary to determine whether this is a proper forum given the arbitration clause that a joint employer agreed upon with the opt-in Plaintiffs. See *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 27 (D.D.C. 2002) (granting permissive intervention to the customer of both parties, where the customer and the plaintiff had an arbitration agreement and both the customer and defendant argued that arbitration should be compelled). The same reasoning applies to the forum selection clause in the contract which another two of the opt-in Plaintiffs signed with CEM-TIR. In addition, any proceedings before an arbitrator or in a different forum would still involve identical questions of law and fact as it would in this Court, which will determine the defenses available to the potential Intervenors. See *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 414 (W.D. Pa. 2006) (granting motion to intervene based on FRCP 24(b) because the same questions of law and fact that would be litigated in this action would be involved in the arbitration).

CIS and CEM-TIR argue persuasively that they also offer a defense that shares a common question of fact—whether the opt-in Plaintiffs at issue were overtime exempt. Brs. in Supp. p. 10 (ECF No. 45), p. 9 (ECF No. 48). The potential Intervenors hired the opt-in

Plaintiffs, set their salary, offered them benefits and determined whether they were exempt under the FLSA. Any determination that Enbridge violated the law would be based on a joint employment relationship, which would implicate the potential Intervenors. The Court is not persuaded that because Enbridge has an independent obligation to classify properly and pay its workers, the potential Intervenors necessarily do not share any common questions of fact so the same questions that would be litigated here would not be involved in an arbitration proceeding, or in any forum under the employment contract. *See Sheesley* at 414. It is the Court's opinion that, along with sufficient grounds for intervention as of right, permissive intervention is warranted here, as it is exactly the type of situation that Rule 24 contemplated.

**CONCLUSION**

For the reasons discussed above, after due consideration of the Motions to Intervene (ECF Nos. 44, 47, Responses (ECF Nos. 51, 52) and Replies (ECF Nos. 65, 66) it is respectfully recommended that the Motions be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: April 13, 2020

BY THE COURT:

_____
LISA PUPO LENIHAN

11

                   United States Magistrate Judge

cc: All Counsel of Record
  Via Electronic Mail