# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | |
|---|---|
| ZACHARIAH ROBERTSON, ANGEL HERNANDEZ, GORDON LUNSTED, and GREG HUGGINS individually and on behalf of all others similarly situated,<br><br>v.<br><br>ENBRIDGE (U.S.) INC. | Case No. 2:19-cv-1080-WSS-LPL |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Enbridge (U.S.) Inc. failed to pay Zachariah Robertson, Angel Hernandez, Gordon Lunsted Greg Huggins (together "Plaintiffs") and other workers like them, overtime as required by the Fair Labor Standards Act (FLSA), the Pennsylvania Minimum Wage Act ("PMWA"), the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA") (collectively, the "IWA"), the Ohio Minimum Fair Wage Standards Act and the Ohio Prompt Pay Act (the Ohio Minimum Fair Wage Act and the OPPA will be referred to collectively as the "OWA"), and the New York Labor Law ("NYLL").

2.      Enbridge is an energy delivery company that employs oilfield personnel to carry out its work.

3.      Enbridge suffered or permitted Plaintiffs, and the other workers like them, to work more than 40 hours a week.

4.      But Enbridge did not pay these workers overtime for hours worked in excess of 40 in a single workweek.

5.      Instead of paying overtime as required by the FLSA and state laws, Enbridge improperly classified Plaintiffs and those similarly situated workers as exempt employees and paid them a daily rate with no overtime compensation.

6.      Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA, the PMWA, the IMA, the OWA, and the NYLL.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8.      The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

10.     Plaintiff Robertson worked for Enbridge in Pennsylvania during the relevant period.

11.     Plaintiff Hernandez worked for Enbridge in Illinois during the relevant period.

12.     Plaintiff Lunsted worked for Enbridge in Ohio during the relevant period.

13.     Plaintiff Huggins worked for Enbridge in New York during the relevant period.

## THE PARTIES

14.     During the relevant period, Robertson worked for Enbridge as an inspector in Pennsylvania.

15.     Throughout his employment with Enbridge, Robertson was paid a day-rate with no overtime compensation.

16.     Robertson's consent to be a party plaintiff has been previously filed with the Court.

17.     During the relevant period, Hernandez worked for Enbridge as an inspector in Illinois

2

and other states.

18.     Throughout his employment with Enbridge, Hernandez was paid a day-rate with no overtime compensation.

19.     Hernandez's consent to be a party plaintiff has been previously filed with the Court.

20.     During the relevant period, Lunsted worked for Enbridge as an inspector in Ohio.

21.     Throughout his employment with Enbridge, Lunsted was paid a day-rate with no overtime compensation.

22.     Lunsted's consent to be a party plaintiff has been previously filed with the Court.

23.     During the relevant period, Huggins worked for Enbridge as an inspector in New York and other states.

24.     Throughout his employment with Enbridge, Huggins was paid a day-rate with no overtime compensation.

25.     Huggins' consent to be a party plaintiff has been previously filed with the Court.

26.     Plaintiffs bring this action on behalf of themselves and all other similarly situated workers who were paid by Enbridge's day-rate system.

27.     Enbridge paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA, the PMWA, the IWA, the OWA, and the NYLL.

28.     The class of similarly situated employees or members sought to be certified as a collective action under the FLSA is defined as:

> **All inspectors who worked for, or on behalf of, Enbridge (U.S.) Inc. who were paid a day rate in the past 3 years** (the "FLSA Class").

29.     Plaintiffs seek conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

30.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy

3

Enbridge's violations of the PMWA.

31.     The class of similarly situated employees sought to be certified as a class action under

the PMWA is defined as:

> **All inspectors who worked for, or on behalf of, Enbridge in**
> **Pennsylvania who were paid a day rate in the past 3 years** (the
> "Pennsylvania Class").

32.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy

Enbridge's violations of the IMWL and IWPCA.

33.     The class of similarly situated employees sought to be certified as a class action under

the IMWL and IWPCA is defined as:

> **All inspectors who worked for, or on behalf of, Enbridge in Illinois**
> **who were paid a day rate in the past 10 years** (the "Illinois Class").

34.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy

Enbridge's violations of the OWA.

35.     The class of similarly situated employees sought to be certified as a class action under

the OWA is defined as:

> **All inspectors who worked for, or on behalf of, Enbridge in Ohio who**
> **were paid a day rate in the past three (3) years** (the "Ohio Class").

36.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy

Enbridge's violations of the NYLL.

37.     The class of similarly situated employees sought to be certified as a class action under

the NYLL is defined as:

> **All inspectors who worked for, or on behalf of, Enbridge in New York**
> **who were paid a day rate in the past 6  years** (the "New York Class").

38.     Defendant Enbridge (U.S.) Inc. is a foreign corporation doing business throughout

the United States. Enbridge (U.S.) Inc. has appeared and answered herein.

## COVERAGE UNDER THE FLSA THE FLSA, THE PMWA, THE IWA, THE OWA, AND THE NYLL

39.     At all relevant times, Enbridge has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40.     At all relevant times, Enbridge was and is an employer within the meaning of the PMWA.

41.     At all relevant times, Enbridge was and is an employer within the meaning of the IWA.

42.     At all relevant times, Enbridge was and is an employer within the meaning of the OWA.

43.     At all relevant times, Enbridge was and is an employer within the meaning of the NYLL.

44.     At all relevant times, Enbridge has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

45.     At all relevant times, Plaintiff Robertson was an employee within the meaning of the PMWA.

46.     At all relevant times, Plaintiff Hernandez was an employee within the meaning of the IWA.

47.     At all relevant times, Plaintiff Lunsted was an employee within the meaning of the OWA.

48.     At all relevant times, Plaintiff Huggins was an employee within the meaning of the NYLL.

49.     At all relevant times, Enbridge has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

50. At all relevant times, Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were engaged in commerce or in the production of goods for commerce.

51. As will be shown through this litigation, Enbridge treated Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes as employees and uniformly dictated the pay practices Plaintiffs and its other employees were subjected to.

### FACTS

52. Enbridge seeks to be the "leading energy delivery company in North America."[1] To complete their business objectives, Enbridge hires personnel (like Plaintiffs) to perform inspection work on Enbridge's network of liquid and natural gas pipelines throughout the country.

53. Many of these individuals worked for Enbridge on a day-rate basis and make up the members of the proposed Classes. While exact job titles and job duties may differ slightly, these employees are subjected to the same or similar illegal pay practices for similar work.

54. Enbridge paid the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

---

[1] https://www.enbridge.com/about-us (last visited August 27, 2019).

55.     Plaintiffs worked for Enbridge throughout the relevant period and were paid on a day-rate basis.

56.     Plaintiffs normally worked 10 to 12 hours a day, for six or more days a week.

57.     Plaintiffs were never guaranteed a salary when they worked for Enbridge.

58.     Plaintiffs were required to report the days worked to Enbridge, not the hours they worked.

59.     The work Plaintiffs performed was an essential and integral part of Enbridge's core business.

60.     During Plaintiffs' employment with Enbridge, it exercised control over all aspects of their job.

61.     Enbridge controlled all the significant or meaningful aspects of the job duties performed by Plaintiffs.

62.     Even though Plaintiffs often worked away from Enbridge's offices, Enbridge still controlled all aspects of Plaintiffs' job activities by enforcing mandatory compliance with Enbridge's policies and procedures.

63.     Enbridge directly determined Plaintiffs' pay, work schedule, and hours. It prohibited them from working other inspection jobs for other operators while they were working on jobs for Enbridge.

64.     Very little skill, training, or initiative was required of Plaintiffs to perform their job duties.

65.     Indeed, the daily and weekly activities of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were routine and largely governed by standardized plans, regulations, procedures, and checklists created by Enbridge.

66.     Virtually every job function was pre-determined by Enbridge, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

67.     The Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were prohibited from varying their job duties outside of the pre-determined parameters and federal regulations.

68.     Moreover, the job functions of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were primarily manual labor/technical in nature, requiring no college education or other advanced degree.

69.     Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes did not have any supervisory or management duties.

70.     All the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

71.     The Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes also worked similar hours and were denied overtime as a result of the same illegal pay practice.

72.     Enbridge's policy of failing to pay its employees overtime violates the FLSA, the PMWA, the IWA, the OWA, and the NYLL because these workers are performing non-exempt job duties and were not paid on a salary basis.

73.     It is undisputed that Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes are performing manual labor and working long hours out in the field.

74.     Enbridge's day-rate system violates the FLSA, the PMWA, the IWA, the OWA, and the NYLL because Plaintiffs and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

## CAUSES OF ACTION

75.     By failing to pay Plaintiffs and those similarly situated to them overtime at one-and-one-half times their regular rates, Enbridge violated the FLSA, PMWA, IWA, OWA, and NYLL's overtime provisions.

76.     Enbridge owes Plaintiffs and those similarly situated to them overtime pay at the proper overtime rate.

77.     Because Enbridge knew, or showed reckless disregard for whether, its pay practices violated the FLSA, PMWA, IWA, OWA, and NYLL owes these wages for at least the past three years or longer.

78.     Enbridge is liable to Plaintiffs and those similarly situated to them for an amount equal to all unpaid overtime wages as liquidated damages.

79.     Plaintiffs and those similarly situated to them are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## FLSA VIOLATIONS

80.     As set forth herein, Enbridge has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an Enbridge engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

81.     Enbridge knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes overtime compensation. Enbridge's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

82.     Accordingly, Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## PMWA VIOLATIONS

83.     Robertson brings this claim under the PMWA as a Rule 23 class action.

84.     The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

85.     At all relevant times, Enbridge was subject to the requirements of the PMWA.

86.     At all relevant times, Enbridge employed Robertson and the Members of the Pennsylvania Class as an "employee" within the meaning of the PMWA.

87.     The PMWA requires employers like Enbridge to pay employees at 1 and ½  times the regular rate of pay for hours worked in excess of 40 in any one week. Robertson and the Members of the Pennsylvania Class are entitled to overtime pay under the PMWA.

88.     Enbridge has and had a policy and practice of misclassifying Robertson and the Pennsylvania Class as exempt and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

89.     Robertson and the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

90.     Robertson and the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Enbridge, as provided by the PMWA.

## IWA VIOLATIONS

91.     Hernandez brings his claims under the IMWL (820 ILCS 105 et seq.) and IWPCA (820 ILCS 115/1 et seq.) as a Rule 23 class action.

10

92.     The conduct alleged violates the IWA.

93.     At all relevant times, Enbridge was subject to the requirements of the IWA.

94.     At all relevant times, Enbridge employed Rossman and the Illinois Class as an "employee" within the meaning of the IWA.

95.     The IWA requires employers like Enbridge pay employees at 1 and ½ times the regular rate of pay for hours worked in excess of forty hours in any one week.

96.     Rossman and the Illinois Class Members are entitled to overtime pay under the IWA.

97.     Hernandez and the Illinois Class Members are entitled to recover their unpaid overtime compensation, treble damages, penalty damages, liquidated damages, interest, attorney's fees, costs, and expenses of this action from Enbridge, as provided by the IWA.

## OWA VIOLATIONS

98.     Lunsted brings his claims under the OWA as a Rule 23 class action.

99.     The conduct alleged violates the OWA (O.R.C. §§4111.01. 4111.03 and 4111.10).

100.    At all relevant times, Enbridge was subjected to the requirements of the OWA.

101.    At all relevant times, Enbridge employed Lunsted and each Ohio Class Member with Ohio state law claims as an "employee" within the meaning of the OWA.

102.    The OWA requires employers like Enbridge to pay employees at 1 and ½ times the regular rate of pay for hours worked in excess of 40 hours in any one week.

103.    Lunsted and the Ohio Class are entitled to overtime pay under the OWA.

104.    Enbridge had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 in a workweek.

105.    Lunsted and the Ohio Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

11

106.     Lunsted and the Ohio Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Enbridge, as provided by the OWA.

NEW YORK LABOR LAW VIOLATIONS

107.     Plaintiffs incorporate all preceding paragraphs by reference.

108.     The overtime provisions of the NYLL and its supporting regulations apply to Enbridge and protect Huggins and the New York Class.

109.     Enbridge failed to pay Huggins and the New York Class the premium overtime wages to which they were entitled under the NYLL – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

110.     Through its knowing or intentional failure to pay Huggins and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Enbridge willfully violated the NYLL, Article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

111.     Due to Enbridge's violations of the NYLL, Huggins and the New York Class are entitled to recover from Enbridge its unpaid overtime wages for the preceding six years, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees pursuant to the NYLL.

112.     Enbridge have further failed to furnish Huggins and the New York Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191;

12

the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

113.    Due to Enbridge's violations of NYLL, Article 6, § 195(1), Huggins and the New York Class are entitled to statutory penalties of fifty dollars each workday that Enbridge failed to provide Huggins and the New York Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

114.    Further, Enbridge failed to supply Huggins and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

115.    Due to Enbridge's violations of NYLL, Article 6, § 195(3), Huggins and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Enbridge failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

116.    Plaintiffs incorporates all previous paragraphs and alleges that the illegal pay practices Enbridge imposed on Plaintiffs were likewise imposed on the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

117.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, the PMWA, the IWA, the OWA, and the NYLL.

118.    Numerous other individuals who worked with Plaintiffs indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

119.    Based on their experiences and tenure with Enbridge, Plaintiffs are aware that Enbridge's illegal practices were imposed on the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

120.    The FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were all not paid any overtime compensation when they worked in excess of forty (40) hours per week.

121.    Enbridge's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

122.    Plaintiffs' experiences are therefore typical of the experiences of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

123.    The specific job titles or precise job locations of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes do not prevent class or collective treatment.

124.    Plaintiffs have no interest contrary to, or in conflict with, the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes. Like each Class Member, Plaintiffs have an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

125.    Like each member of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

126.     Upon information and belief, Enbridge employed more than 40 Class Members in Pennsylvania during the relevant period.

127.     Upon information and belief, Enbridge employed more than 40 Class Members in Illinois during the relevant period.

128.     Upon information and belief, Enbridge employed more than 40 Class Members in Ohio during the relevant period.

129.     Upon information and belief, Enbridge employed more than 40 Class Members in New York during the relevant period.

130.     The precise size and the identity of the members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes, is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Enbridge.

131.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

132.     Absent this action, many Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes likely will not obtain redress of their injuries and Enbridge will reap the unjust benefits of violating the FLSA, the PMWA, the IWA, the OWA, and NYLL.

133.     Furthermore, even if some of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes could afford individual litigation against Enbridge, it would be unduly burdensome to the judicial system.

134.     If individual actions were required to be brought by each member of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes, it would necessarily result in a multiplicity of lawsuits and would create hardship to members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes, to Enbridge, and to the Court.

135.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

136.     The questions of law and fact common to the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a.     Whether Enbridge employed the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes within the meaning of the applicable state and federal statutes, including the FLSA, the PMWA, the IWA, the OWA, and the NYLL;

   b.     Whether Enbridge's day rate pay practice meets the salary-basis test;

   c.     Whether Enbridge's decision to not pay time and a half for overtime to the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes was made in good faith;

   d.     Whether Enbridge's violation of the FLSA, the PMWA, the IWA, the OWA, and the NYLL was willful; and

   e.     Whether Enbridge's illegal pay practices were applied uniformly to all Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

137.     Plaintiffs' claims are typical of the claims of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes. Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes sustained damages arising out of Enbridge's illegal and uniform employment policy.

138.     Plaintiffs knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and/or collective action.

139.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class and/or collective action treatment.

## JURY DEMAND

140.     Plaintiffs demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs prays for judgment against Enbridge as follows:

a. An Order designating the Putative Class as a FLSA collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order designating the Pennsylvania Class as a class action pursuant to FED. R. CIV. P. 23;

c. For an Order designating the Illinois Class as a class action pursuant to FED. R. CIV. P. 23;

d. For an Order designating the Ohio Class as a class action pursuant to FED. R. CIV. P. 23;

e. For an Order designating the New York Class as a class action pursuant to FED. R. CIV. P. 23;

f. For an Order appointing Plaintiffs and their counsel to represent the interests of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes;

g. For an Order finding Enbridge liable to Plaintiffs and the FLSA Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

h. For an Order finding Enbridge liable to Plaintiffs and the Pennsylvania Class for unpaid overtime owed under the PMWA at the highest available rates allowed by law;

i. For an Order finding Enbridge liable to Plaintiffs and the Illinois Class for unpaid overtime owed under the IWA at the highest available rates allowed by law;

j. For an Order finding Enbridge liable to Plaintiffs and the Ohio Class for unpaid overtime owed under the OWA at the highest available rates allowed by law;

k. For an Order finding Enbridge liable to Plaintiffs and the New York Class for unpaid overtime owed under the NYLL at the highest available rates allowed by law;

l. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _/s/ Michael A. Josephson_
    Michael A. Josephson
    PA Bar No. 308410
    mjosephson@mybackwages.com
    Andrew W. Dunlap
    Texas Bar No. 24078444
    adunlap@mybackwages.com
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **AND**

    Joshua P. Geist
    PA. I.D. No. 85745
    William F. Goodrich
    PA. I.D. No. 30235
    **GOODRICH & GEIST, P.C.**
    3634 California Ave.
    Pittsburgh, PA 15212
    Tel: (412) 766-1455
    Fax: (412)766-0300
    josh@goodrichandgeist.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFFS**