IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARIAH ROBERTSON *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>ENBRIDGE (U.S.) INC.,<br><br>*Defendant*. | Civil Action No. 2:19-cv-1080<br><br>Hon. William S. Stickman, IV |

## ORDER OF COURT

Plaintiff Zachariah Robertson initiated this action on behalf of himself and others similarly situated, alleging violations by Defendant Enbridge (U.S.) Inc. ("Enbridge"), of both the Pennsylvania Minimum Wage Act and the federal Fair Labor Standards Act. (ECF No. 1). A motion to intervene pursuant to Federal Rule of Civil Procedure 24 was filed, by Cleveland Integrity Services, Inc ("CIS"). (ECF No. 44). Cypress Environmental Management-TIR, LLC ("TIR") also filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24. (ECF No. 47). The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

Magistrate Judge Lenihan's Report and Recommendation, issued on April 13, 2020, recommended that the motions to intervene be granted. (ECF No. 98). More specifically, Magistrate Judge Lenihan determined that Potential Intervenors CIS and TIR - staffing agencies that provided inspection services and employees assigned to work for Enbridge - met all the requirements of Rule 24(a)(2) for intervention of right. Further, Magistrate Judge Lenihan found

1

that permissive intervention under Rule 24(b) is also warranted. She recommended that Intervenors CIS and TIR be added as party defendants. The parties were notified that they had fourteen days to file any objections to Magistrate Judge Lenihan's Report and Recommendation, and that failure to do so would constitute a waiver of appellate rights.

Plaintiffs filed timely Objections on April 27, 2020, contending Magistrate Judge Lenihan erred: (1) as a matter of law by "assuming" Plaintiff alleged that TIR and CIS are joint employers when Plaintiffs are proceeding against Enbridge as a direct (or primary) employer (ECF No. 107, pp. 3-7); (2) by failing to apply the required legal standards for intervention as of right and permissive intervention (ECF No. 107, pp. 7-17); and, (3) by "making recommendations as though TIR and CIS were already parties that could be liable for damages." (ECF NO. 107, p. 1). According to Plaintiffs, while TIR and CIS may be required to indemnify Enbridge, "such indemnity obligation is attenuated…." (ECF No. 107, p. 1).

After its *de novo* review of the record and consideration of the parties' pleadings, the Court agrees with the analysis and disposition of the motions set forth by Magistrate Judge Lenihan in her Report and Recommendation. It disagrees with Plaintiffs that "allowing TIR or CIS to intervene will only inconvenience and prejudice Plaintiffs' claims, confuse the fact finder, and further hinder judicial economy." (ECF No. 107, p. 18). Therefore, the Court overrules the Objections lodged by Plaintiffs. Magistrate Judge Lenihan's Report and Recommendation is **HEREBY ADOPTED** as the Opinion of the Court.

**AND NOW**, this 1st day of May 2020, **IT IS HEREBY ORDERED** that the Motions to Intervene filed by potential Intervenors Cleveland Integrity Services, Inc. and Cypress Environmental Management-TIR, LLC (ECF Nos. 44 & 47) are **GRANTED**. The Clerk of Court is **ORDERED** to amend Movants Cleveland Integrity Services, Inc. and Cypress

Environmental Management-TIR, LLC to Defendants.  The case caption shall be amended to read as follows:

> ZACHARIAH ROBERTSON *individually and on behalf of all others similarly situated*,
>
>         *Plaintiff*,
>
>   v.
>
> ENBRIDGE (U.S.) INC., CLEVELAND INTEGRITY SERVICES, INC., and CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC
>
>         *Defendants*.

BY THE COURT:

_____
WILLIAM S. STICKMAN, IV
UNITED STATES DISTRICT JUDGE

3