IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| ZACHARIAH ROBERTSON, ANGEL HERNANDEZ, GORDON LUNSTED, and GREG HUGGINS, individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:19-cv-01080-WSS-LPL |
| ENBRIDGE (U.S.) INC., CLEVELAND INTEGRITY SERVICES, INC., and CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC, | § § § § § | |
| Defendant. | § § | |

**DEFENDANT ENBRIDGE (U.S.) INC.'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant Enbridge (U.S.) Inc. ("Enbridge") files its answer to Plaintiff's First Amended

Collective Action Complaint ("FAC"). The following sections and numbered paragraphs

correspond to the sections and numbered paragraphs in the FAC. To the extent the allegations

within the FAC are not expressly admitted, they are hereby denied.

**Summary**

**COMPLAINT ¶1:**

Enbridge (U.S.) Inc. failed to pay Zachariah Robertson, Angel Hernandez, Gordon
Lunsted Greg Huggins (together "Plaintiffs") and other workers like them, overtime as required
by the Fair Labor Standards Act (FLSA), the Pennsylvania Minimum Wage Act ("PMWA"), the
Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act
("IWPCA") (collectively, the "IWA"), the Ohio Minimum Fair Wage Standards Act and the
Ohio Prompt Pay Act (the Ohio Minimum Fair Wage Act and the OPPA will be referred to
collectively as the "OWA"), and the New York Labor Law ("NYLL").

**ANSWER:**

Enbridge denies the allegations in Paragraph 1 of the FAC.

**COMPLAINT ¶2:**

Enbridge is an energy delivery company that employs oilfield personnel to carry out its work.

**ANSWER:**

Enbridge admits that it is an energy delivery company and employs some individuals

who perform oilfield-related work.

**COMPLAINT ¶3:**

Enbridge suffered or permitted Plaintiffs, and the other workers like them, to work more than 40 hours a week.

**ANSWER:**

Enbridge denies the allegations in Paragraph 3 of the FAC.

**COMPLAINT ¶4:**

But Enbridge did not pay these workers overtime for hours worked in excess of 40 in a single workweek.

**ANSWER:**

Enbridge admits that it did not pay the Plaintiffs. Enbridge denies that there are workers

similarly situated to Plaintiffs.

**COMPLAINT ¶5:**

Instead of paying overtime as required by the FLSA and state laws, Enbridge improperly classified Plaintiffs and those similarly situated workers as exempt employees and paid them a daily rate with no overtime compensation.

**ANSWER:**

Enbridge denies the allegations in Paragraph 5 of the FAC.

**COMPLAINT ¶6:**

Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA, the PMWA, the IMA, the OWA, and the NYLL.

**ANSWER:**

Enbridge admits Plaintiffs purport to bring the claims stated in Paragraph 6 of the FAC.

Enbridge denies that Plaintiffs are entitled to any relief in this lawsuit.

**Jurisdiction and Venue**

**COMPLAINT ¶7:**

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

**ANSWER:**

Enbridge admits that Plaintiffs assert claims under the FLSA, a federal statute. However,

Enbridge denies that the Court has subject matter jurisdiction because Enbridge was not the

Plaintiffs' employer, as that term is defined under the FLSA, the PMWA, the IMA, the OWA,

and the NYLL.

**COMPLAINT ¶8:**

The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Enbridge admits the allegations in Paragraph 8 of the FAC.

**COMPLAINT ¶9:**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

**ANSWER:**

Enbridge denies that venue is proper in this Court for all of the Plaintiffs. Plaintiffs

agreed to pursue the claims asserted herein in courts other than the U.S. District Court for the

Western District of Pennsylvania or in arbitration.

**COMPLAINT ¶10:**

Plaintiff Robertson worked for Enbridge in Pennsylvania during the relevant period.

**ANSWER:**

Enbridge admits that Robertson performed work on an Enbridge pipeline in

Pennsylvania; however, Enbridge denies that Robertson was employed by Enbridge as defined

under the FLSA and the PMWA.

**COMPLAINT ¶11:**

Plaintiff Hernandez worked for Enbridge in Illinois during the relevant period.

**ANSWER:**

Enbridge admits that Hernandez performed work on an Enbridge pipeline in Illinois;

however, Enbridge denies that Hernandez was employed by Enbridge as defined under the FLSA

or the IMA.

**COMPLAINT ¶12:**

Plaintiff Lunsted worked for Enbridge in Ohio during the relevant period.

**ANSWER:**

Enbridge admits that Lunsted performed work on an Enbridge pipeline in Ohio; however,

Enbridge denies that Lunsted was employed by Enbridge as defined under the FLSA or the

OWA.

**COMPLAINT ¶13:**

Plaintiff Huggins worked for Enbridge in New York during the relevant period.

**ANSWER:**

Enbridge is without knowledge or information sufficient to sufficient to admit or deny

whether Huggins performed work on an Enbridge pipeline in New York, and therefore denies the

allegation.

**The Parties**

**COMPLAINT ¶14:**

During the relevant period, Robertson worked for Enbridge as an inspector in Pennsylvania.

**ANSWER:**

Enbridge admits that Robertson performed work as a welding inspector on an Enbridge

pipeline from approximately April 2018 until July 2018; however, Enbridge denies that

Robertson was employed by Enbridge as defined under the FLSA or the PMWA.

**COMPLAINT ¶15:**

Throughout his employment with Enbridge, Robertson was paid a day-rate with no overtime compensation.

**ANSWER:**

Enbridge denies that Robertson was employed by Enbridge as defined under the FLSA,

the PMWA. Enbridge admits, upon information and belief, that Robertson's actual employer

paid Robertson on a day-rate basis.

**COMPLAINT ¶16:**

Robertson's consent to be a party plaintiff has been previously filed with the Court.

**ANSWER:**

Enbridge admits the allegations in Paragraph 16 of the FAC.

**COMPLAINT ¶17:**

During the relevant period, Hernandez worked for Enbridge as an inspector in Illinois and other states.

**ANSWER:**

Enbridge admits that Hernandez performed work as a welding inspector on Enbridge

pipelines in Illinois and other states; however, Enbridge denies that Hernandez was employed by

Enbridge as defined under the FLSA, the IWA, or any other applicable state or federal law.

**COMPLAINT ¶18:**

Throughout his employment with Enbridge, Hernandez was paid a day-rate with no overtime compensation.

**ANSWER:**

Enbridge denies that Hernandez was employed by Enbridge as defined under the FLSA, the IWA, or any other applicable state or federal law. Enbridge is without knowledge or information sufficient to sufficient to admit or deny whether Hernandez was paid a day-rate, and therefore denies the allegation.

**COMPLAINT ¶19:**

Hernandez's consent to be a party plaintiff has been previously filed with the Court.

**ANSWER:**

Enbridge admits the allegations in Paragraph 19 of the FAC.

**COMPLAINT ¶20:**

During the relevant period, Lunsted worked for Enbridge as an inspector in Ohio.

**ANSWER:**

Enbridge admits that Lunsted performed work as a welding inspector on an Enbridge pipeline in Ohio; however, Enbridge denies that Lunsted was employed by Enbridge as defined under the FLSA or the OWA.

**COMPLAINT ¶21:**

Throughout his employment with Enbridge, Lunsted was paid a day-rate with no overtime compensation.

**ANSWER:**

Enbridge denies that Lunsted was employed by Enbridge as defined under the FLSA or the OWA. Enbridge is without knowledge or information sufficient to sufficient to admit or deny whether Lunsted was paid a day-rate, and therefore denies the allegation.

**COMPLAINT ¶22:**

Lunsted's consent to be a party plaintiff has been previously filed with the Court.

**ANSWER:**

Enbridge admit the allegations in Paragraph 22 of the FAC.

**COMPLAINT ¶23:**

During the relevant period, Huggins worked for Enbridge as an inspector in New York and other states.

**ANSWER:**

Enbridge is without knowledge or information sufficient to sufficient to admit or deny whether Huggins performed work as an inspector in New York, and therefore denies the allegation. Enbridge denies that Huggins performed work on an Enbridge pipeline in the last three years and denies that Huggins was employed by Enbridge as defined under the FLSA or the NYLL.

**COMPLAINT ¶24:**

Throughout his employment with Enbridge, Huggins was paid a day-rate with no overtime compensation.

**ANSWER:**

Enbridge denies that Huggins was employed by Enbridge as defined under the FLSA or the NYLL. Enbridge is without knowledge or information sufficient to sufficient to admit or deny whether Huggins was paid a day-rate, and therefore denies the allegation.

**COMPLAINT ¶25:**

Huggins' consent to be a party plaintiff has been previously filed with the Court.

**ANSWER:**

Enbridge admits the allegations in Paragraph 25 of the FAC.

**COMPLAINT ¶26:**

Plaintiffs bring this action on behalf of themselves and all other similarly situated workers who were paid by Enbridge's day-rate system.

**ANSWER:**

Enbridge admits that Plaintiffs purport to bring "this action on behalf of themselves and all other similarly situated workers who were paid by Enbridge's day-rate system," however, Enbridge denies that Plaintiffs or the putative class/collective members were or are employed by Enbridge as defined under the FLSA, the PMWA, the IWA, the OWA, and the NYLL. Enbridge further denies that there are any workers similarly situated to Plaintiffs.

**COMPLAINT ¶27:**

Enbridge paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA, the PMWA, the IWA, the OWA, and the NYLL.

**ANSWER:**

Enbridge denies the allegations in Paragraph 27 of the FAC.

**COMPLAINT ¶28:**

The class of similarly situated employees or members sought to be certified as a collective action under the FLSA is defined as:

All inspectors who worked for, or on behalf of, Enbridge (U.S.) Inc. who were paid a day rate in the past 3 years (the "FLSA Class").

**ANSWER:**

Enbridge admits that Plaintiffs purport to bring this action on behalf of allegedly similarly situated employees and that Plaintiffs define the putative class of such employees as "[a]ll inspectors who worked for, or on behalf of, Enbridge (U.S.) Inc. who were paid a day rate in the past 3 years." Enbridge, however, denies that Plaintiffs or the putative class/collective members were or are employed by Enbridge as defined under the FLSA or any other applicable

state or federal law. Enbridge further denies that there are any workers similarly situated to

Plaintiffs.

**COMPLAINT ¶29:**

Plaintiffs seek conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

**ANSWER:**

Enbridge admits that Plaintiffs purport to seek conditional and final certification under 29

U.S.C. § 216(b), but denies that Plaintiffs are entitled to any such certification or relief.

**COMPLAINT ¶30:**

Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy Enbridge's violations of the PMWA.

**ANSWER:**

Enbridge admits that Plaintiffs purport to seek certification of a PMWA class under

Federal Rule of Civil Procedure 23, but denies that Plaintiffs are entitled to any such certification

or relief.

**COMPLAINT ¶31:**

The class of similarly situated employees sought to be certified as a class action under the PMWA is defined as:

All inspectors who worked for, or on behalf of, Enbridge in Pennsylvania who were paid a day rate in the past 3 years (the "Pennsylvania Class").

**ANSWER:**

Enbridge admits that Plaintiffs purport to bring this action on behalf of allegedly

similarly situated employees and that Plaintiffs purport to define the putative class of such

employees as "[a]ll inspectors who worked for, or on behalf of, Enbridge in Pennsylvania who

were paid a day rate in the past 3 years."  Enbridge, however, denies that Plaintiffs or the

putative class/collective members were or are employed by Enbridge as defined under the

PMWA or any other applicable state or federal law. Enbridge further denies that there are any workers similarly situated to Plaintiffs.

**COMPLAINT ¶32:**

Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy Enbridge's violations of the IMWL and IWPCA.

**ANSWER:**

Enbridge admits that Plaintiffs purport to seek certification of an IMWL and IWPCA class under Federal Rule of Civil Procedure 23, but denies that Plaintiffs are entitled to any such certification or relief.

**COMPLAINT ¶33:**

The class of similarly situated employees sought to be certified as a class action under the IMWL and IWPCA is defined as:

All inspectors who worked for, or on behalf of, Enbridge in Illinois who were paid a day rate in the past 10 years (the "Illinois Class").

**ANSWER:**

Enbridge admits that Plaintiffs purport to bring this action on behalf of allegedly similarly situated employees and that Plaintiffs purport to define the putative class of such employees as "[a]ll inspectors who worked for, or on behalf of, Enbridge in Illinois who were paid a day rate in the past 10 years."  Enbridge, however, denies that Plaintiffs or the putative class/collective members were or are employed by Enbridge as defined under the IMWL, IWPCA, or any other applicable state or federal law.  Enbridge further denies that there are any workers similarly situated to Plaintiffs.

**COMPLAINT ¶34:**

Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy Enbridge's violations of the OWA.

**ANSWER:**

Enbridge admits that Plaintiffs purport to seek certification of an OWA class under

Federal Rule of Civil Procedure 23, but denies that Plaintiffs are entitled to any such certification

or relief.

**COMPLAINT ¶35:**

The class of similarly situated employees sought to be certified as a class action under the
OWA is defined as:

> All inspectors who worked for, or on behalf of, Enbridge in Ohio who were paid a
> day rate in the past three (3) years (the "Ohio Class").

**ANSWER:**

Enbridge admits that Plaintiffs purport to bring this action on behalf of allegedly

similarly situated employees and that Plaintiffs purport to define the putative class of such

employees as "[a]ll inspectors who worked for, or on behalf of, Enbridge in Ohio who were paid

a day rate in the past three (3) years."  Enbridge, however, denies that Plaintiffs or the putative

class/collective members were or are employed by Enbridge as defined under the OWA or any

other applicable state or federal law.  Enbridge further denies that there are any workers similarly

situated to Plaintiffs.

**COMPLAINT ¶36:**

Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy
Enbridge's violations of the NYLL.

**ANSWER:**

Enbridge admits that Plaintiffs purport to seek certification of a NYLL class under

Federal Rule of Civil Procedure 23, but denies that Plaintiffs are entitled to any such certification

or relief.

**COMPLAINT ¶37:**

The class of similarly situated employees sought to be certified as a class action under the NYLL is defined as:

All inspectors who worked for, or on behalf of, Enbridge in New York who were paid a day rate in the past 6 years (the "New York Class").

**ANSWER:**

Enbridge admits that Plaintiffs purport to bring this action on behalf of allegedly similarly situated employees and that Plaintiffs purport to define the putative class of such employees as "[a]ll inspectors who worked for, or on behalf of, Enbridge in New York who were paid a day rate in the past 6 years."  Enbridge, however, denies that Plaintiffs or the putative class/collective members were or are employed by Enbridge as defined under the NYLL or any other applicable state or federal law.  Enbridge further denies that there are any workers similarly situated to Plaintiffs.

**COMPLAINT ¶38:**

Defendant Enbridge (U.S.) Inc. is a foreign corporation doing business throughout the United States. Enbridge (U.S.) Inc. has appeared and answered herein.

**ANSWER:**

Enbridge admits that it is a Delaware corporation, that it has appeared in this case, and that it filed an answer to Plaintiff's original complaint. Enbridge denies the remaining allegations in Paragraph 38 of the FAC.

**Coverage under the FLSA, the FLSA [sic], the PMWA,
the IWA, the OWA, and the NYLL**

**COMPLAINT ¶39:**

At all relevant times, Enbridge has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Enbridge admits that it is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); however, Enbridge denies that Plaintiffs and/or any putative class or collective members were or are employees of Enbridge as defined under the FLSA or any applicable state or federal law.

**COMPLAINT ¶40:**

At all relevant times, Enbridge was and is an employer within the meaning of the PMWA.

**ANSWER:**

Enbridge denies that it was, or is, the Plaintiffs' and/or any putative class or collective members' employer as defined under the PMWA, or any applicable state or federal law.

**COMPLAINT ¶41:**

At all relevant times, Enbridge was and is an employer within the meaning of the IWA.

**ANSWER:**

Enbridge denies that it was, or is, the Plaintiffs' and/or any putative class or collective members' employer as defined under the IWA, or any applicable state or federal law.

**COMPLAINT ¶42:**

At all relevant times, Enbridge was and is an employer within the meaning of the OWA.

**ANSWER:**

Enbridge denies that it was, or is, the Plaintiffs' and/or any putative class or collective members' employer as defined under the OWA, or any applicable state or federal law.

**COMPLAINT ¶43:**

At all relevant times, Enbridge was and is an employer within the meaning of the NYLL.

**ANSWER:**

Enbridge denies that it was, or is, the Plaintiffs' and/or any putative class or collective members' employer as defined under the NYLL, or any applicable state or federal law.

**COMPLAINT ¶44:**

At all relevant times, Enbridge has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:**

Enbridge admits that it is an "enterprise" as that term is defined under the FLSA, but denies that it is part of an enterprise with any third-party company or entity.

**COMPLAINT ¶45:**

At all relevant times, Plaintiff Robertson was an employee within the meaning of the PMWA.

**ANSWER:**

Enbridge denies that Robertson, Plaintiffs, and/or any putative class or collective members were or are employees of Enbridge as defined under the PMWA or any applicable state or federal law.

**COMPLAINT ¶46:**

At all relevant times, Plaintiff Hernandez was an employee within the meaning of the IWA.

**ANSWER:**

Enbridge denies that Hernandez, Plaintiffs, and/or any putative class or collective members were or are employees of Enbridge as defined under the IWA or any applicable state or federal law.

**COMPLAINT ¶47:**

At all relevant times, Plaintiff Lunsted was an employee within the meaning of the OWA.

14

**ANSWER:**

Enbridge denies that Lunsted, Plaintiffs, and/or any putative class or collective members were or are employees of Enbridge as defined under the OWA or any applicable state or federal law.

**COMPLAINT ¶48:**

At all relevant times, Plaintiff Huggins was an employee within the meaning of the NYLL.

**ANSWER:**

Enbridge denies that Huggins, Plaintiffs, and/or any putative class or collective members were or are employees of Enbridge as defined under the NYLL or any applicable state or federal law.

**COMPLAINT ¶49:**

At all relevant times, Enbridge has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

**ANSWER:**

Enbridge admits the allegations in Paragraph 49 of the FAC.

**COMPLAINT ¶50:**

At all relevant times, Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were engaged in commerce or in the production of goods for commerce.

**ANSWER:**

Enbridge admits the allegations in Paragraph 50 of the FAC.

**COMPLAINT ¶51:**

As will be shown through this litigation, Enbridge treated Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes as employees and uniformly dictated the pay practices Plaintiffs and its other employees were subjected to.

**ANSWER:**

Enbridge denies the allegations in Paragraph 51 of the FAC.

**Facts**

**COMPLAINT ¶52:**

Enbridge seeks to be the "leading energy delivery company in North America." To complete their business objectives, Enbridge hires personnel (like Plaintiffs) to perform inspection work on Enbridge's network of liquid and natural gas pipelines throughout the country.

**ANSWER:**

Enbridge admits that it seeks to be the leading energy delivery company in North

America. Enbridge denies the remaining allegations in Paragraph 52 of the FAC.

**COMPLAINT ¶53:**

Many of these individuals worked for Enbridge on a day-rate basis and make up the members of the proposed Classes. While exact job titles and job duties may differ slightly, these employees are subjected to the same or similar illegal pay practices for similar work.

**ANSWER:**

Enbridge denies the allegations in Paragraph 53 of the FAC.

**COMPLAINT ¶54:**

Enbridge paid the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

**ANSWER:**

Enbridge denies the allegations in Paragraph 54 of the FAC.

**COMPLAINT ¶55:**

Plaintiffs worked for Enbridge throughout the relevant period and were paid on a day-rate basis.

**ANSWER:**

Enbridge denies the allegations in Paragraph 55 of the FAC.

**COMPLAINT ¶56:**

Plaintiffs normally worked 10 to 12 hours a day, for six or more days a week.

**ANSWER:**

Enbridge denies the allegations in Paragraph 56 of the FAC.

**COMPLAINT ¶57:**

Plaintiffs were never guaranteed a salary when they worked for Enbridge.

**ANSWER:**

Enbridge denies the allegations in Paragraph 57 of the FAC.

**COMPLAINT ¶58:**

Plaintiffs were required to report the days worked to Enbridge, not the hours they worked.

**ANSWER:**

Enbridge denies the allegations in Paragraph 58 of the FAC.

**COMPLAINT ¶59:**

The work Plaintiffs performed was an essential and integral part of Enbridge's core business.

**ANSWER:**

Enbridge denies the allegations in Paragraph 59 of the FAC.

**COMPLAINT ¶60:**

During Plaintiffs' employment with Enbridge, it exercised control over all aspects of their job.

**ANSWER:**

Enbridge denies the allegations in Paragraph 60 of the FAC.

**COMPLAINT ¶61:**

Enbridge controlled all the significant or meaningful aspects of the job duties performed by Plaintiffs.

**ANSWER:**

Enbridge denies the allegations in Paragraph 61 of the FAC.

**COMPLAINT ¶62:**

Even though Plaintiffs often worked away from Enbridge's offices, Enbridge still controlled all aspects of Plaintiffs' job activities by enforcing mandatory compliance with Enbridge's policies and procedures.

**ANSWER:**

Enbridge denies the allegations in Paragraph 62 of the FAC.

**COMPLAINT ¶63:**

Enbridge directly determined Plaintiffs' pay, work schedule, and hours.  It prohibited them from working other inspection jobs for other operators while they were working on jobs for Enbridge.

**ANSWER:**

Enbridge denies the allegations in Paragraph 63 of the FAC.

**COMPLAINT ¶64:**

Very little skill, training, or initiative was required of Plaintiffs to perform their job duties.

**ANSWER:**

Enbridge denies the allegations in Paragraph 64 of the FAC.

**COMPLAINT ¶65:**

Indeed, the daily and weekly activities of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were routine and largely governed by standardized plans, regulations, procedures, and checklists created by Enbridge.

**ANSWER:**

Enbridge denies the allegations in Paragraph 65 of the FAC.

**COMPLAINT ¶66:**

Virtually every job function was pre-determined by Enbridge, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

**ANSWER:**

Enbridge denies the allegations in Paragraph 66 of the FAC.

**COMPLAINT ¶67:**

The Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were prohibited from varying their job duties outside of the pre-determined parameters and federal regulations.

**ANSWER:**

Enbridge denies the allegations in Paragraph 67 of the FAC.

**COMPLAINT ¶68:**

Moreover, the job functions of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were primarily manual labor/technical in nature, requiring no college education or other advanced degree.

**ANSWER:**

Enbridge denies the allegations in Paragraph 68 of the FAC.

**COMPLAINT ¶69:**

Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes did not have any supervisory or management duties.

**ANSWER:**

Enbridge denies the allegations in Paragraph 69 of the FAC.

**COMPLAINT ¶70:**

All the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

**ANSWER:**

Enbridge denies the allegations in Paragraph 70 of the FAC.

**COMPLAINT ¶71:**

The Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes also worked similar hours and were denied overtime as a result of the same illegal pay practice.

**ANSWER:**

Enbridge denies the allegations in Paragraph 71 of the FAC.

**COMPLAINT ¶72:**

Enbridge's policy of failing to pay its employees overtime violates the FLSA, the PMWA, the IWA, the OWA, and the NYLL because these workers are performing non-exempt job duties and were not paid on a salary basis.

**ANSWER:**

Enbridge denies the allegations in Paragraph 72 of the FAC.

**COMPLAINT ¶73:**

It is undisputed that Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes are performing manual labor and working long hours out in the field.

**ANSWER:**

Enbridge denies the allegations in Paragraph 73 of the FAC.

**COMPLAINT ¶74:**

Enbridge's day-rate system violates the FLSA, the PMWA, the IWA, the OWA, and the NYLL because Plaintiffs and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

**ANSWER:**

Enbridge denies the allegations in Paragraph 74 of the FAC.

## Causes of Action

**COMPLAINT ¶75:**

By failing to pay Plaintiffs and those similarly situated to them overtime at one-and-one-half times their regular rates, Enbridge violated the FLSA, PMWA, IWA, OWA, and NYLL's overtime provisions.

**ANSWER:**

Enbridge denies the allegations in Paragraph 75 of the FAC.

**COMPLAINT ¶76:**

Enbridge owes Plaintiffs and those similarly situated to them overtime pay at the proper overtime rate.

**ANSWER:**

Enbridge denies the allegations in Paragraph 76 of the FAC.

**COMPLAINT ¶77:**

Because Enbridge knew, or showed reckless disregard for whether, its pay practices violated the FLSA, PMWA, IWA, OWA, and NYLL owes these wages for at least the past three years or longer.

**ANSWER:**

Enbridge denies the allegations in Paragraph 77 of the FAC.

**COMPLAINT ¶78:**

Enbridge is liable to Plaintiffs and those similarly situated to them for an amount equal to all unpaid overtime wages as liquidated damages.

**ANSWER:**

Enbridge denies the allegations in Paragraph 78 of the FAC.

**COMPLAINT ¶79:**

Plaintiffs and those similarly situated to them are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**ANSWER:**

Enbridge denies the allegations in Paragraph 79 of the FAC.

## FLSA Violations

**COMPLAINT ¶80:**

As set forth herein, Enbridge has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an Enbridge engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and 1/2 times the regular rates for which they were employed.

**ANSWER:**

Enbridge denies the allegations in Paragraph 80 of the FAC.

**COMPLAINT ¶81:**

Enbridge knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes overtime compensation. Enbridge's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

**ANSWER:**

Enbridge denies the allegations in Paragraph 81 of the FAC.

**COMPLAINT ¶82:**

Accordingly, Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes are entitled to overtime wages under the FLSA in an amount equal to 1 and 1/2 times their rate of pay, plus liquidated damages, attorney's fees and costs.

**ANSWER:**

Enbridge denies the allegations in Pparagraph 82 of the FAC.

## PMWA Violations

**COMPLAINT ¶83:**

Robertson brings this claim under the PMWA as a Rule 23 class action.

**ANSWER:**

Enbridge admits that Robertson purports to bring a claim under the PMWA as a Rule 23

class action, but Enbridge denies that this case is suitable for certification under Rule 23.

Enbridge further denies that Plaintiffs or the putative class/collective members were or are

employed by Enbridge as defined under the PMWA or any other applicable state or federal law.

Enbridge also denies that there are any workers similarly situated to Plaintiffs.

**COMPLAINT ¶84:**

The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

**ANSWER:**

Enbridge denies the allegations in Paragraph 84 of the FAC.

**COMPLAINT ¶85:**

At all relevant times, Enbridge was subject to the requirements of the PMWA.

**ANSWER:**

Enbridge denies that it was subject to the requirements of the PMWA with respect to

Robertson's claims because Enbridge was not Robertson's employer and Robertson was not

Enbridge's employee within the meaning of the PMWA.

**COMPLAINT ¶86:**

At all relevant times, Enbridge employed Robertson and the Members of the
Pennsylvania Class as an "employee" within the meaning of the PMWA.

**ANSWER:**

Enbridge denies the allegations in Paragraph 86 of the FAC.

**COMPLAINT ¶87:**

The PMWA requires employers like Enbridge to pay employees at 1 and 1/2 times the
regular rate of pay for hours worked in excess of 40 in any one week.  Robertson and the
Members of the Pennsylvania Class are entitled to overtime pay under the PMWA.

**ANSWER:**

Enbridge admits that the PMWA includes certain overtime obligations, but denies that it

violated the PMWA with regard to Robertson or any putative class or collective member.

Enbridge denies the remaining allegations in Paragraph 87 of the FAC.

**COMPLAINT ¶88:**

Enbridge has and had a policy and practice of misclassifying Robertson and the Pennsylvania Class as exempt and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

**ANSWER:**

Enbridge denies the allegations in Paragraph 88 of the FAC.

**COMPLAINT ¶89:**

Robertson and the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

**ANSWER:**

Enbridge admits that Robertson purports to seek allegedly unpaid overtime, prejudgment

interest, penalty wages and other legal and equitable relief, but denies that Robertson and/or the

putative class/collective are entitled to any relief whatsoever.

**COMPLAINT ¶90:**

Robertson and the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Enbridge, as provided by the PMWA.

**ANSWER:**

Enbridge admits that Robertson purports to seek attorneys' fees, costs, and expenses, but

denies that Robertson and/or the putative class/collective are entitled to any relief whatsoever.

**IWA Violations**

**COMPLAINT ¶91:**

Hernandez brings his claims under the IMWL (820 ILCS 105 et seq.) and IWPCA (820 ILCS 115/1 et seq.) as a Rule 23 class action.

**ANSWER:**

Enbridge admits that Hernandez purports to bring a claim under the IMWL and IWPCA

as a Rule 23 class action, but Enbridge denies that this case is suitable for certification under

Rule 23.  Enbridge further denies that Plaintiffs or the putative class/collective members were or are employed by Enbridge as defined under the IMWL, IWPCA, IWA, or any other applicable state or federal law. Enbridge also denies that there are any workers similarly situated to Plaintiffs.

**COMPLAINT ¶92:**

The conduct alleged violates the IWA.

**ANSWER:**

Enbridge denies the allegations in Paragraph 92 of the FAC.

**COMPLAINT ¶93:**

At all relevant times, Enbridge was subject to the requirements of the IWA.

**ANSWER:**

Enbridge denies that it was subject to the requirements of the IWA with respect to Hernandez's claims because Enbridge was not Hernandez's employer and Hernandez was not Enbridge's employee within the meaning of the IWA.

**COMPLAINT ¶94:**

At all relevant times, Enbridge employed Rossman and the Illinois Class as an "employee" within the meaning of the IWA.

**ANSWER:**

Enbridge denies the allegations in Paragraph 94 of the FAC.

**COMPLAINT ¶95:**

The IWA requires employers like Enbridge pay employees at 1 and 1/2 times the regular rate of pay for hours worked in excess of forty hours in any one week.

**ANSWER:**

Enbridge admits that the IWA includes certain obligations, but denies that it violated the IWA with regard to Hernandez or any putative class or collective member. Enbridge denies the remaining allegations in Paragraph 95 of the FAC.

**COMPLAINT ¶96:**

Rossman and the Illinois Class Members are entitled to overtime pay under the IWA.

**ANSWER:**

Enbridge denies the allegations in Paragraph 96 of the FAC.

**COMPLAINT ¶97:**

Hernandez and the Illinois Class Members are entitled to recover their unpaid overtime compensation, treble damages, penalty damages, liquidated damages, interest, attorney's fees, costs, and expenses of this action from Enbridge, as provided by the IWA.

**ANSWER:**

Enbridge denies the allegations in Paragraph 97 of the FAC.

## OWA Violations

**COMPLAINT ¶98:**

Lunsted brings his claims under the OWA as a Rule 23 class action.

**ANSWER:**

Enbridge admits that Lunsted purports to bring a claim under the OWA as a Rule 23 class action, but Enbridge denies that this case is suitable for certification under Rule 23. Enbridge further denies that Plaintiffs or the putative class/collective members were or are employed by Enbridge as defined under the OWA or any other applicable state or federal law. Enbridge also denies that there are any workers similarly situated to Plaintiffs, deny that this lawsuit is suitable for collective or class treatment.

**COMPLAINT ¶99:**

The conduct alleged violates the OWA (O.R.C. §§4111.01. 4111.03 and 4111.10).

**ANSWER:**

Enbridge denies the allegations in Paragraph 99 of the FAC.

**COMPLAINT ¶100:**

At all relevant times, Enbridge was subjected to the requirements of the OWA.

**ANSWER:**

Enbridge denies that it was subject to the requirements of the OWA with respect to

Lunsted's claims because Enbridge was not Lunsted's employer and Lunsted was not Enbridge's

employee within the meaning of the OWA.

**COMPLAINT ¶101:**

At all relevant times, Enbridge employed Lunsted and each Ohio Class Member with Ohio state law claims as an "employee" within the meaning of the OWA.

**ANSWER:**

Enbridge denies the allegations in Paragraph 101 of the FAC.

**COMPLAINT ¶102:**

The OWA requires employers like Enbridge to pay employees at 1 and 1/2 times the regular rate of pay for hours worked in excess of 40 hours in any one week.

**ANSWER:**

Enbridge admits that the OWA includes certain obligations, but denies that it violated the

OWA with regard to Lunsted or any putative class or collective member. Enbridge denies the

remaining allegations in Paragraph 102 of the FAC.

**COMPLAINT ¶103:**

Lunsted and the Ohio Class are entitled to overtime pay under the OWA.

**ANSWER:**

Enbridge denies the allegations in Paragraph 103 of the FAC.

**COMPLAINT ¶104:**

Enbridge had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 in a workweek.

**ANSWER:**

Enbridge denies the allegations in Paragraph 104 of the FAC.

**COMPLAINT ¶105:**

Lunsted and the Ohio Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

**ANSWER:**

Enbridge admits that Lunsted purports to seek allegedly unpaid overtime, prejudgment

interest, penalty wages and other legal and equitable relief, but denies that Lunsted and/or the

putative class/collective are entitled to any relief whatsoever.

**COMPLAINT ¶106:**

Lunsted and the Ohio Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Enbridge, as provided by the OWA.

**ANSWER:**

Enbridge admits that Lunsted purports to seek attorneys' fees, costs, and expenses, but

denies that Lunsted and/or the putative class/collective are entitled to any relief whatsoever.

## New York Labor Law Violations

**COMPLAINT ¶107:**

Plaintiffs incorporate all preceding paragraphs by reference.

**ANSWER:**

Enbridge reasserts and incorporates its responses to the preceding allegations as if set forth fully in this answer.

**COMPLAINT ¶108:**

The overtime provisions of the NYLL and its supporting regulations apply to Enbridge and protect Huggins and the New York Class.

**ANSWER:**

Enbridge denies the allegations in Paragraph 108 of the FAC.

**COMPLAINT ¶109:**

Enbridge failed to pay Huggins and the New York Class the premium overtime wages to which they were entitled under the NYLL – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

**ANSWER:**

Enbridge denies the allegations in Paragraph 109 of the FAC.

**COMPLAINT ¶110:**

Through its knowing or intentional failure to pay Huggins and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Enbridge willfully violated the NYLL, Article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

**ANSWER:**

Enbridge denies the allegations in Paragraph 110 of the FAC.

**COMPLAINT ¶111:**

Due to Enbridge's violations of the NYLL, Huggins and the New York Class are entitled to recover from Enbridge its unpaid overtime wages for the preceding six years, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees pursuant to the NYLL.

**ANSWER:**

Enbridge denies the allegations in Paragraph 111 of the FAC.

**COMPLAINT ¶112:**

Enbridge have further failed to furnish Huggins and the New York Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

**ANSWER:**

Enbridge denies the allegations in Paragraph 112 of the FAC.

**COMPLAINT ¶113:**

Due to Enbridge's violations of NYLL, Article 6, § 195(1), Huggins and the New York Class are entitled to statutory penalties of fifty dollars each workday that Enbridge failed to provide Huggins and the New York Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

**ANSWER:**

Enbridge denies the allegations in Paragraph 113 of the FAC.

**COMPLAINT ¶114:**

Further, Enbridge failed to supply Huggins and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

**ANSWER:**

Enbridge denies the allegations in Paragraph 114 of the FAC.

30

**COMPLAINT ¶115:**

Due to Enbridge's violations of NYLL, Article 6, § 195(3), Huggins and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Enbridge failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

**ANSWER:**

Enbridge denies the allegations in Paragraph 115 of the FAC.

**Class and Collective Action Violations**

**COMPLAINT ¶116:**

Plaintiffs incorporates all previous paragraphs and alleges that the illegal pay practices Enbridge imposed on Plaintiffs were likewise imposed on the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

**ANSWER:**

Enbridge reasserts and incorporates its responses to the preceding allegations as if set

forth fully in this answer. Enbridge denies the allegations in Paragraph 116 of the FAC.

**COMPLAINT ¶117:**

Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, the PMWA, the IWA, the OWA, and the NYLL.

**ANSWER:**

Enbridge denies the allegations in Paragraph 117 of the FAC.

**COMPLAINT ¶118:**

Numerous other individuals who worked with Plaintiffs indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

**ANSWER:**

Enbridge denies the allegations in Paragraph 118 of the FAC.

**COMPLAINT ¶119:**

Based on their experiences and tenure with Enbridge, Plaintiffs are aware that Enbridge's illegal practices were imposed on the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

**ANSWER:**

Enbridge denies the allegations in Paragraph 119 of the FAC.

**COMPLAINT ¶120:**

The FLSA, Pennsylvania, Illinois, Ohio, and New York Classes were all not paid any overtime compensation when they worked in excess of forty (40) hours per week.

**ANSWER:**

Enbridge denies the allegations in Paragraph 120 of the FAC.

**COMPLAINT ¶121:**

Enbridge's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

**ANSWER:**

Enbridge denies the allegations in Paragraph 121 of the FAC.

**COMPLAINT ¶122:**

Plaintiffs' experiences are therefore typical of the experiences of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

**ANSWER:**

Enbridge denies the allegations in Paragraph 122 of the FAC.

**COMPLAINT ¶123:**

The specific job titles or precise job locations of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes do not prevent class or collective treatment.

**ANSWER:**

Enbridge denies the allegations in Paragraph 123 of the FAC.

**COMPLAINT ¶124:**

Plaintiffs have no interest contrary to, or in conflict with, the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.  Like each Class Member, Plaintiffs have an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

**ANSWER:**

Enbridge denies the allegations in Paragraph 124 of the FAC.

**COMPLAINT ¶125:**

Like each member of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

**ANSWER:**

Enbridge denies the allegations in Paragraph 125 of the FAC.

**COMPLAINT ¶126:**

Upon information and belief, Enbridge employed more than 40 Class Members in Pennsylvania during the relevant period.

**ANSWER:**

Enbridge denies the allegations in Paragraph 126 of the FAC.

**COMPLAINT ¶127:**

Upon information and belief, Enbridge employed more than 40 Class Members in Illinois during the relevant period.

**ANSWER:**

Enbridge denies the allegations in Paragraph 127 of the FAC.

**COMPLAINT ¶128:**

Upon information and belief, Enbridge employed more than 40 Class Members in Ohio during the relevant period.

**ANSWER:**

Enbridge denies the allegations in Paragraph 128 of the FAC.

**COMPLAINT ¶129:**

Upon information and belief, Enbridge employed more than 40 Class Members in New York during the relevant period.

**ANSWER:**

Enbridge denies the allegations in Paragraph 129 of the FAC.

**COMPLAINT ¶130:**

The precise size and the identity of the members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes, is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Enbridge.

**ANSWER:**

Enbridge denies the allegations in Paragraph 130 of the FAC.

**COMPLAINT ¶131:**

A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

**ANSWER:**

Enbridge denies the allegations in Paragraph 131 of the FAC.

**COMPLAINT ¶132:**

Absent this action, many Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes likely will not obtain redress of their injuries and Enbridge will reap the unjust benefits of violating the FLSA, the PMWA, the IWA, the OWA, and NYLL.

**ANSWER:**

Enbridge denies the allegations in Paragraph 132 of the FAC.

**COMPLAINT ¶133:**

Furthermore, even if some of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes could afford individual litigation against Enbridge, it would be unduly burdensome to the judicial system.

**ANSWER:**

Enbridge denies the allegations in Paragraph 133 of the FAC.

**COMPLAINT ¶134:**

If individual actions were required to be brought by each member of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes, it would necessarily result in a multiplicity of lawsuits and would create hardship to members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes, to Enbridge, and to the Court.

**ANSWER:**

Enbridge denies the allegations in Paragraph 134 of the FAC.

**COMPLAINT ¶135:**

Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

**ANSWER:**

Enbridge denies the allegations in Paragraph 135 of the FAC.

**COMPLAINT ¶136:**

The questions of law and fact common to the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

a.   Whether Enbridge employed the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes within the meaning of the applicable state and federal statutes, including the FLSA, the PMWA, the IWA, the OWA, and the NYLL;

b.   Whether Enbridge's day rate pay practice meets the salary-basis test;

c.   Whether Enbridge's decision to not pay time and a half for overtime to the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes was made in good faith;

d.   Whether Enbridge's violation of the FLSA, the PMWA, the IWA, the OWA, and the NYLL was willful; and

e.   Whether Enbridge's illegal pay practices were applied uniformly to all Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes.

**ANSWER:**

Enbridge denies that this lawsuit is suitable for collective or class action treatment, denies that there are similarly situated employees to Plaintiffs, and denies the allegations in Paragraph 136 of the FAC.

**COMPLAINT ¶137:**

Plaintiffs' claims are typical of the claims of the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes. Plaintiffs and the Members of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes sustained damages arising out of Enbridge's illegal and uniform employment policy.

**ANSWER:**

Enbridge denies the allegations in Paragraph 137 of the FAC.

**COMPLAINT ¶138:**

Plaintiffs knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and/or collective action.

**ANSWER:**

Enbridge denies the allegations in Paragraph 138 of the FAC.

**COMPLAINT ¶139:**

Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class and/or collective action treatment.

**ANSWER:**

Enbridge denies the allegations in Paragraph 139 of the FAC.

**Jury Demand**

**COMPLAINT ¶140:**

Plaintiffs demands a trial by jury.

**ANSWER:**

Enbridge admits that Plaintiffs demand a trial by jury but denies that Plaintiffs are

entitled to a trial by jury and further denies that Plaintiffs are entitled to any relief whatsoever.

## Relief Sought

WHEREFORE, Plaintiffs prays for judgment against Enbridge as follows:

a.   An Order designating the Putative Class as a FLSA collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.   For an Order designating the Pennsylvania Class as a class action pursuant to FED. R. CIV. P. 23;

c.   For an Order designating the Illinois Class as a class action pursuant to FED. R. CIV. P. 23;

d.   For an Order designating the Ohio Class as a class action pursuant to FED. R. CIV. P. 23;

e.   For an Order designating the New York Class as a class action pursuant to FED. R. CIV. P. 23;

f.   For an Order appointing Plaintiffs and their counsel to represent the interests of the FLSA, Pennsylvania, Illinois, Ohio, and New York Classes;

g.   For an Order finding Enbridge liable to Plaintiffs and the FLSA Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

h.   For an Order finding Enbridge liable to Plaintiffs and the Pennsylvania Class for unpaid overtime owed under the PMWA at the highest available rates allowed by law;

i.   For an Order finding Enbridge liable to Plaintiffs and the Illinois Class for unpaid overtime owed under the IWA at the highest available rates allowed by law;

j.   For an Order finding Enbridge liable to Plaintiffs and the Ohio Class for unpaid overtime owed under the OWA at the highest available rates allowed by law;

k.   For an Order finding Enbridge liable to Plaintiffs and the New York Class for unpaid overtime owed under the NYLL at the highest available rates allowed by law;

l. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

**ANSWER:**

Enbridge denies the allegations in the "Relief Sought" paragraph of the FAC and denies that Plaintiffs and/or any class/collective members are entitled to any of the relief sought.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting these defenses, Enbridge does not assume the burden of proof on any matters for which any plaintiff rightfully bears the burden of proof. In addition, Enbridge is continuing to investigate Plaintiffs' allegations and therefore reserves the right to amend its pleading. The term "Plaintiffs," as used below, refers to any and all current and future plaintiffs in this lawsuit.

1. Plaintiffs' claims are barred, in whole or in part, because Enbridge was not their "employer" as that term is defined under the FLSA, the PMWA, the IWA, the OWA, the NYLL, or any other applicable state or federal law, and, accordingly, Enbridge cannot be held liable for any violations claimed by Plaintiffs.

2. The FAC fails to state a claim upon which relief can be granted.

3. Plaintiffs' claims are limited to the applicable two-year statute of limitations because Plaintiffs cannot establish a willful violation of the FLSA, *see* 29 U.S.C. § 255, and are similarly limited under any applicable state law limitations period.

4. Plaintiffs' claims, and those of the putative collective and class members, are barred to the extent they have not been asserted within the applicable statutes of limitation.

5. Plaintiffs lack standing to bring collective or class claims on behalf of, and may not represent, putative collective or class members, in whole or in part, with respect to the asserted collective and class claims.

6.      At all times relevant, Enbridge complied with the requirements of federal law, Pennsylvania law, Illinois law, Ohio law, and New York law, and comparable wage laws in other states. In the alternative, Enbridge should not be required to pay liquidated damages or other penalties because its acts or omissions were made in good faith and were not willful or knowingly in violation of the FLSA, the PMWA, the IWA, the OWA, the NYLL, or any other state or federal law.

7.      This case may not be maintained as a collective action because Plaintiffs are not similarly situated to the individuals they purport to represent, and because Plaintiffs cannot establish the requirements of 29 U.S.C. § 216(b) and other relevant legal authority.  Enbridge specifically maintains that Plaintiffs' pleadings and/or proof fail to meet the requirements necessary to justify a collective action or the issuance of notice to putative collective action members.

8.      This case may not be maintained as a class action because Plaintiffs cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority.  Enbridge specifically maintains that Plaintiffs' pleadings and/or proof fail to meet the requirements necessary to justify a class action.

9.      Plaintiffs' claims, and those of the putative collective and class members, may be barred by the doctrine of estoppel, including alternative equitable estoppel.

10.      Plaintiffs' claims, and those of the putative collective and class members, may be barred by the doctrine of judicial estoppel. Specifically, if their prior representations in a court of law or administrative proceeding are inconsistent with their representations in this lawsuit, then their claims may be barred by the doctrine of judicial estoppel.

11.     Plaintiffs' claims, and those of the putative collective and class members, are barred to the extent that Plaintiff and/or the putative class/collective members qualify as exempt employees under the FLSA, the PMWA, the IWA, the OWA, the NYLL, and comparable wage laws in other states. Specifically, Plaintiffs and/or the putative class/collective members may qualify as exempt under the executive, administrative, professional, computer, or highly compensated employee exemptions of the FLSA, the PMWA, the IWA, the OWA, the NYLL, and comparable wage laws in other states.

12.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs sustained no injury or damage by reason of any act or omission of Enbridge.

13.     Plaintiffs' claims are barred, in whole or in part, for any and all hours allegedly worked of which Enbridge lacked actual or constructive knowledge.

14.     Plaintiffs' claims, and those of the putative collective and class members, are barred to the extent they are based on noncompensable activities, including pre- and postliminary activities and/or *de minimis* activities.

15.     Plaintiffs' claims, and those of the putative collective and class members, are barred to the extent that they have entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

16.     Plaintiffs and the putative class and collective members have received full payment for all work performed thereby barring their claims; alternatively, Enbridge is entitled to an offset of any amount of relief claimed by Plaintiffs and the putative class and collective members for any payments or overpayments of wages, commissions, or other remuneration previously paid to them.

17.     Plaintiffs, and the putative collective and class members, cannot recover both interest on their alleged damages and liquidated damages (or other penalties), because such forms of recovery are duplicative of each other.

18.     Plaintiffs' requests for damages, including their requests for liquidated damages under the Ohio Prompt Pay Act, are barred because the Plaintiffs' alleged unpaid wages are in dispute. *See Rangel v. Paramount Heating & Air Conditioning, LLC*, No. 2:17-CV-473, 2020 WL 1080418, at *10 (S.D. Ohio Mar. 6, 2020) ("Because Ms. Rangel's wages were in dispute, she is not entitled to liquidated damages under the OPPA.").

19.     Plaintiffs' claim under the Illinois Wage Payment and Collections Act is barred because Plaintiffs do not base their claims on a written contract. *See Cho v. Maru Restaurant, Inc.*, 194 F. Supp. 3d 700, 705 (N.D. Ill. 2016) ("A violation of the FLSA or the IMWL alone, without a corresponding violation of an employment contract of agreement, therefore, cannot establish a violation of the IWPCA."); *Hoffman v. Roadlink Workforce Sols., LLC*, No. 1:12-CV_7323, 2014 WL 3808938, at *4 (N.D. Ill. Aug. 1, 2014) (noting that a claim under the IWPCA arises "only to the extent the parties' contract or employment agreement requires such payment.").

20.     Plaintiffs' claims, and those of the putative collective and class members, are barred by the doctrines of *res judicata* and/or *collateral estoppel* to the extent that Plaintiffs and/or the putative class/collective members have previously participated, or been class members, in a legal or administrative proceeding in which they or their representatives asserted, or could have asserted, the claims they assert in this proceeding.

21.     Plaintiffs' attempt to use representative proof to establish liability and damages for other individuals, regardless of their status as opt-in plaintiffs, named plaintiffs, and/or class

members, violates Enbridge's substantive and due process rights under federal law, Pennsylvania law, Illinois law, Ohio law, New York law, and comparable wage laws in other states, including the United States Constitution, the Pennsylvania Constitution, the Illinois Constitution, the Ohio Constitution, the New York Constitution, and the constitutions of other states with comparable wage laws.

22.     Enbridge asserts all affirmative defenses to any violation of New York Labor Law section 195, including the statutory affirmative defenses provided by New York Labor Law section 198(1).  Enbridge affirmatively asserts that it was not required to provide notice of wage information or wage statements under New York Labor Law section 195 because it was not the Plaintiffs' employer and, upon information and belief, such wage notices and wage statements were provided by Plaintiffs' employers.  Enbridge therefore reasonably believed in good faith that it was not required to provide Plaintiffs with such wage notices or wage statements. Enbridge further asserts, upon information and belief, that Plaintiffs' employers made complete and timely payment of all wages due.

23.     Plaintiffs' claims, as well as some or all of the putative collective and class members' claims, are subject to binding arbitration. Plaintiffs waived their right to pursue their claims in a multi-plaintiff, collective, or class action, and similar waivers were signed by some or all of the putative collective and class members.

24.     Some of the plaintiffs, as well as some or all of the putative collective and class members, contractually agreed to bring any claims in a different state or federal forum. Accordingly, those plaintiffs' waived their right to pursue their claims in the U.S. District Court for the Western District of Pennsylvania and must dismiss their claims and refile in the contractually-agreed forum.

25.     This Court lacks personal jurisdiction over Enbridge to adjudicate the claims of putative collective members who did not work for Enbridge in Pennsylvania during the statutory time period.

## ADDITIONAL DEFENSES

Enbridge reserves the right to assert additional affirmative defenses and/or counterclaims at a later date.

## PRAYER

WHEREFORE, Defendant Enbridge (U.S.) Inc. respectfully requests that the Court enter judgment in its favor dismissing Plaintiff's claims with prejudice and awarding Enbridge its costs and any other relief that this Court deems appropriate.

DATED: May 8, 2020                          Respectfully submitted,


                                    By:   */s/ Timothy M. Watson*
                                          Timothy M. Watson
                                          Texas Bar No. 20963575
                                          Rachel M. Hoffer
                                          Texas Bar No. 24065432
                                          John P. Phillips
                                          Texas Bar No. 24083659
                                          Seyfarth Shaw LLP
                                          700 Milam Street, Suite 1400
                                          Houston, Texas 77002
                                          Telephone: (713) 225-2300
                                          Facsimile: (713) 225-2340
                                          twatson@seyfarth.com
                                          rhoffer@seyfarth.com
                                          jphillips@seyfarth.com

                                          Shelly R. Pagac
                                          Pa I.D. No. 63327
                                          PIETRAGALLO GORDON ALFANO BOSICK &
                                          RASPANTI, LLP
                                          38th Floor, One Oxford Centre
                                          Pittsburgh, Pennsylvania 15219
                                          Telephone: (412) 263-2000
                                          Facsimile: (142) 263-2001
                                          srp@pietragallo.com

                                          ATTORNEYS FOR DEFENDANT
                                          ENBRIDGE (U.S.) INC.

**CERTIFICATE OF SERVICE**

I, Timothy M. Watson, an attorney, do hereby certify that on May 8, 2020, I electronically submitted the foregoing document to the Clerk of the Court for the United States District Court for the Western District of Pennsylvania, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record, who, by rule, have consented to accepted the Notice as service of this document by electronic means.

                                        */s/ Timothy M. Watson*
                                        Timothy M. Watson