IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARIAH ROBERTSON *individually and on behalf of all others similarly situated*, <br><br> *Plaintiffs* <br><br> v. <br><br> ENBRIDGE (U.S.) INC., *et al.* <br><br> *Defendants* | Civil Action No. 2:19-cv-1080 <br><br> Hon. William S. Stickman, IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, District Judge

Plaintiff Angel Hernandez and opt-in Plaintiffs Scott Bridgeman, Michael Hendrick, and Scott Roberts ("Plaintiffs") have sought an Order entering final judgment as a result of the Court's November 17, 2020 Order of Court (ECF No. 244), which granted Cypress Environmental Management-TIR, LLC's ("CEM-TIR") Motion to Dismiss the Claims of Plaintiffs and dismissed Plaintiffs' claims in their entirety for *forum non conveniens* and terminated Plaintiffs as parties.

Certification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court. A judgment can be certified for appeal under Rule 54(b) by a district court if it is final as to particular claims or parties and there is no reason for delay. FED. R. CIV. P. (b); *Tilden Fin. Corp. v. Palo Tire Serv., Inc.*, 596 F.2d 604, 606 (3d Cir 1979). The burden is on the party moving for certification. *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003–04 (3d Cir. 1992). A federal district court has broad discretion in determining whether certification is appropriate. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446

1

U.S. 1, 10 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). A certification analysis under Rule 54(b) consists of two steps. First, a court must determine whether there has been an ultimate disposition on a claim for relief qualifying as a "final judgment." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012). What is "final" for the purposes of Rule 54(b) is largely coextensive with what qualifies as "final" under 28 U.S.C. § 1291. 10 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2656 (4th ed. 2020). Second, if there has been a final judgment, a court must determine whether there is any just reason for delay. At the second step, a court may consider the following non-exhaustive list of factors in balancing judicial administrative interests with the equities: 1) the relationship between adjudicated and unadjudicated claims, 2) the possibility that the need for review might be mooted by future developments, 3) the possibility that the reviewing court might have to consider the same issue a second time, 4) the presence of a counterclaim that could result in a set-off against a judgment sought to be certified, 5) delay, 6) economic and solvency considerations, 7) the desire to shorten the time for trial, 8) frivolity of competing claims, and 9) expenses. *Curtiss-Wright Corp.*, 446 U.S. at 8 & n.2; *Elliott*, 682 F.3d at 220. The Court holds that Plaintiffs have met their burden.

The Court's November 17, 2020 Order was indeed a final order as to Plaintiffs' claims against Defendants. It determined that the forum-selection clause is valid and enforceable between Plaintiffs and CEM-TIR, and that their claims against Enbridge also fall within the scope of the forum-selection clause. It held that any controversy, claim, or litigation arising from or related to Plaintiffs' employment duties should be brought in the District Court of Tulsa County, Oklahoma. The Court dismissed Plaintiffs' claims in their entirety for *forum non conveniens* and terminated Plaintiffs as parties in this action.

The Court rejects the notion put forth by CEM-TIR that certification will lead to piecemeal litigation in this action. (ECF No. 262, p. 2). Plaintiffs are no longer part of the case. Indeed, the action has continued with the claims of other plaintiffs. Balancing the factors set forth above, the Court finds no just reason for the delay. The claims adjudicated for Plaintiffs are subject to forum-selection clauses with CEM-TIR whereas the unadjudicated claims for other plaintiffs turn on arbitration agreements. Nothing that might occur with the remaining plaintiffs unadjudicated claims will moot Plaintiffs' perceived need for review of the Court's ruling on the validity of the forum-selection clause. Plaintiffs seek to appeal "whether the Court erred in finding the specific language of the forum selection clause covered nonparties." (ECF No. 265, p. 3). The issue regarding the Court's interpretation of the forum-selection clause will not be raised again on appeal as the arbitration agreements at issue for the remaining plaintiffs do not involve the forum selection language relevant to Plaintiffs. Furthermore, there are no counterclaims at issue. The Court finds that all of the other factors also weigh in favor of certification under Rule 54(b). Ultimately, the Court does not believe it to be judicially efficient for Plaintiffs to have to wait to appeal until the resolution of the remaining plaintiffs' arbitration proceedings and/or claims against Defendants.

For these reasons, the Court finds certification under Rule 54(b) to be more than appropriate. An Order of Court will follow that certifies the Court's November 17, 2020 Order as a final judgment order.

BY THE COURT:

_____
WILLIAM S. STICKMAN, IV
UNITED STATES DISTRICT JUDGE

1-15-20
_____
Dated