# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

### SUMMARY

1.      **Summary:** This Settlement Agreement and Release ("*Robertson* Settlement," "Settlement," or "Agreement") resolves the Fair Labor Standards Act ("FLSA") and state-law wage-hour claims of a portion of the named plaintiffs, opt-in plaintiffs, and putative class and collective members in *Robertson, et al. v. Enbridge (U.S.), Inc.*, Civil Action No. 2:19-cv-01080-WSS-LPL, pending in the U.S. District Court for the Western District of Pennsylvania, Pittsburgh Division. Paragraphs 1 through 14 provide a summary of the *Robertson* Settlement between Zachariah Robertson ("Plaintiff") and the other plaintiffs and opt-in plaintiffs listed on the attached Exhibit A and Enbridge (U.S.), Inc. ("Enbridge") (together "Parties"). Capitalized terms are defined (1) immediately preceding a parenthetical containing the capitalized term in quotes and/or (2) in the Definitions section of this Agreement.

2.      **FLSA Period:** September 17, 2017 to September 17, 2020.

3.      **Eligible Rule 23 Class Members and Eligible FLSA Collective Members:** Up to 600 inspectors, but less the number of inspectors in the *Aguilar* Action,[1] employed by the following Vendor Companies who worked on Enbridge pipelines or projects (including the pipelines or projects of Spectra Energy Corp. or its affiliated entities (collectively, "Spectra")[2]) during the FLSA Period:

   a. Abrams Technical Services, Inc.
   b. Audubon Field Solutions, LLC
   c. Avery Pipeline Services, Inc. / Avery Technical Resources, Inc.
   d. EnSite USA, Inc.
   e. FIS Operations, LLC, d/b/a Frontier Integrity Solutions
   f. MBF Inspection Services, Inc.
   g. MDM Energy Services, Inc. / MDM Solutions, LLC
   h. Onshore Quality Control Specialists, LLC

---

[1] The *Robertson* Settlement covers up to 600 inspectors employed by the Vendor Companies (as that term is defined herein and in the *Aguilar* Settlement) who worked on Enbridge pipelines or projects, including the Vector Pipeline L.P. pipelines and projects in Michigan which are covered by the settlement in *Christopher Aguilar v. DTE Energy Company, et al.*, Civil Action No. 2:20-cv-11451-SJM-DRG, pending in the U.S. District Court for the Eastern District of Michigan ("*Aguilar* Settlement"), less the inspectors included in the *Aguilar* Settlement. The Parties estimate that there will be 31 inspectors covered by the *Aguilar* Settlement. Thus, the Parties estimate the number of inspectors covered by *Robertson* Settlement to be up to 569 inspectors. The final number of inspectors attributable to either the *Robertson* Settlement or the *Aguilar* Settlement is subject to the receipt and review of data from the Vendor Companies (as that term is defined herein and in the *Aguilar* Settlement), but the maximum number of inspectors covered by both settlements is 600. Notwithstanding the foregoing, however, Enbridge may exercise its right to increase the number of inspectors covered by the settlements by adding "Additional Unknown FLSA Members," as discussed herein.

[2] Spectra Energy Corp. merged with Enbridge in February 2017.

1

      i.   Universal Ensco, Inc. (Universal Pegasus International)
      j.   Wilcrest Field Services, LLC

4.    **Class List and Allocation:** To the extent it is able to do so, Enbridge shall provide the data listed in the Class List to Class Counsel and the Settlement Administrator within 30 days of the execution of this Agreement. Enbridge does not have records of the addresses, phone numbers, social security numbers, or email addresses of the Eligible Rule 23 Class Members and Eligible FLSA Collective Members. Enbridge has requested this information from the Vendor Companies (as that term is defined herein and in the *Aguilar* Settlement) and will cooperate with Class Counsel in seeking to obtain this data. The Parties will work together to allocate the settlement funds based on the information provided in the Class List (as that term is defined herein and in the *Aguilar* Settlement).

5.    **Allocation of Gross Settlement Amount:**[3] The total amount that Enbridge shall pay as a result of the *Robertson* Settlement combined with the *Aguilar* Settlement is Three Million Five Hundred Thousand Dollars and Zero Cents ($3,500,000.00) ("Gross Settlement Amount"), plus the traditional employer's share of payroll taxes on the portion of the settlement attributable to wages.

The allocation amounts set forth below are estimates only and are subject to revision after receiving the Class List information from the Vendor Companies in the *Robertson* Settlement and the *Aguilar* Settlement. These estimates are based on the Parties' current belief that that there are 31 inspectors covered by the *Aguilar* Settlement, who worked an estimated 250 weeks during the FLSA period; and that the inspectors covered by the *Robertson* Settlement worked an estimated 17,750 weeks during the FLSA period. Thus, the inspectors covered by the *Aguilar* Settlement worked an estimated 2 percent of the total number of workweeks worked by both the *Robertson* and *Aguilar* inspectors, and the *Robertson* inspectors worked an estimated 98 percent of the total number of workweeks worked by both the *Robertson* and *Aguilar* inspectors. Therefore, based on their current understanding of these workweek amounts, the Parties agree that Seventy Thousand Dollars and Zero Cents ($70,000.00) should be allocated preliminarily to the *Aguilar* Settlement and that Three Million Four Hundred Thirty Thousand Dollars and Zero Cents ($3,430,000.00) should be allocated preliminarily to the *Robertson* Settlement. This preliminary allocation is subject to revision based on the receipt of the Class List (as that term is defined herein and in the *Aguilar* Settlement) data and the calculation of the settlement amounts due to each inspector covered by the *Robertson* Settlement and *Aguilar* Settlement based on the number of weeks worked by each covered inspector.

      *Robertson* Gross Settlement Amount:  Three Million Four Hundred Thirty Thousand
          Dollars and Zero Cents ($3,430,000.00)

[3] This estimated allocation may also change if Enbridge chooses to exercise its right to increase the number of inspectors covered by settlements by adding "Additional Unknown FLSA Members," as discussed herein.

> *Robertson* Attorneys' Fee Award:  One Million Two Hundred Thousand Five Hundred Dollars and Zero Cents ($1,200,500.00) (assuming 35 percent of the *Robertson* Gross Settlement Amount)
>
> Cost Award:  Up to Forty Thousand Dollars and Zero Cents ($40,000.00)
>
> *Robertson* Service Award:  Fifteen Thousand Dollars and Zero Cents ($15,000.00)
>
> Settlement Administration Costs:  Up to Fifteen Thousand Dollars and Zero Cents ($15,000.00)
>
> *Robertson* Net Settlement Amount:  Two Million One-Hundred Fifty-Nine Thousand Five Hundred Dollars and Zero Cents ($2,159,500.00)

6.    **Costs Not Covered By the Settlement:** The only anticipated costs not included above are the employer's share of FICA and FUTA payroll taxes to be paid on the wages portion of the Settlement Checks sent to the covered inspectors. These costs shall be paid solely by Enbridge.

7.    **Covered Claims:** The claims covered in this Agreement are defined in Released Claims section set forth below.  To summarize, they include all actions, causes of action, demands, damages, attorneys' fees, costs, loss of wages, interest, and any other relief permitted to be recovered on, related to, or in any way growing out of any claims in the *Robertson* Action, including all claims under the Fair Labor Standards Act, Pennsylvania Minimum Wage Act, New York Labor Law, Ohio Minimum Fair Wage Standards Act, Ohio Prompt Pay Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and any other comparable state wage-hour law.[4]

8.    **Approval:** The *Robertson* Settlement is contingent upon approval of the settlement of the FLSA claims under 29 U.S.C. § 216(b) and final approval of the state law claims under Fed. R. Civ. P. 23. If for any reason the Court approves the settlement of the FLSA claims under 29 U.S.C. § 216(b) but the state law claims under Fed. R. Civ. P. 23 are not finally approved, then (1) this Agreement shall be null and void; (2) the Court's approval of the settlement of the FLSA claims under 29 U.S.C. § 216(b) shall be null and void; and (3) the provisions of Sections 35 and 36 below shall apply. The Court's order granting approval of the FLSA claims under 29 U.S.C. § 216(b) shall make clear that Enbridge has no obligation to pay Eligible FLSA Collective Members unless and until the Court grants final approval of the state law claims under Fed. R. Civ. P. 23 and the conditions required for the Funding Date to occur set forth in paragraph 9 below have been fulfilled. If the Court fails to state clearly in its order approving the settlement of the FLSA claims under 29 U.S.C. § 216(b) that Enbridge has no obligation to pay Eligible FLSA Collective Members unless and until the Court grants final approval of the state law claims under Fed. R. Civ. P. 23 and the conditions required for the Funding Date to occur have been fulfilled, then Enbridge may, in its sole discretion, nullify this Agreement. If Enbridge nullifies this Agreement based on this

---

[4] Covered claims may also include the state wage-hour laws of other states that Enbridge elects to include as Covered Claims after receiving the relevant Class List data from the Vendor Companies.

contingency, the provisions set forth in Sections 35 and 36 below ("Nullification of the Settlement Agreement" and "Inadmissibility of Settlement Agreement") shall apply.

9.    **Funding Date:** Provided the Court grants approval of the settlement of the FLSA claims under 29 U.S.C. § 216(b), the *Robertson* Gross Settlement Amount shall be funded on the later of (1) 45 days after the Court in the *Robertson* Action grants final approval of the settlement of the state law claims under Fed. R. Civ. P. 23  in the *Robertson* Action or (2) if there is an appeal of the Court's order granting final approval of the settlement of the state law claims under Fed. R. Civ. P. 23  in the *Robertson* Action, then 15 days after the final approval order is approved and affirmed in its entirety with no further right of appeal. If the Court does not grant approval of the settlement of the FLSA claims under 29 U.S.C. § 216(b); or if the Court does not grant final approval of the settlement of the state law claims under Fed. R. Civ. P. 23; or if the Court's order granting final approval, if appealed, is not affirmed in its entirety with no further right of appeal, then the Funding Date shall not occur.

10.    **FLSA and Rule 23 Notice:** Within 30 days of the date the Court in the *Robertson* Action grants approval of the FLSA settlement and preliminary approval of the Rule 23 settlement, the Settlement Administrator will send a Settlement Notice, in the form set forth in Exhibits B and C, to the Eligible Rule 23 Class Members and Eligible FLSA Collective Members, respectively.

11.    **FLSA and Rule 23 Settlement Checks:** The Settlement Administrator will send Settlement Checks to the Participating Rule 23 Class Members and Eligible FLSA Collective Members within 30 days of the Funding Date. A Cover Letter will accompany the Settlement Check. See Exhibit D.

12.    **Reversion:** Unclaimed Settlement Checks (checks not deposited, cashed, indorsed, or otherwise negotiated or claimed within the 90-day expiration period) issued to the Eligible FLSA Collective Members shall revert to Enbridge. Unclaimed Settlement Checks (checks not deposited, cashed, indorsed, or otherwise negotiated or claimed within the 90-day expiration period) issued to the Eligible Rule 23 Class Members shall be deposited with the lost property department of the state in which the Class Member resides. The *Robertson* Settlement is contingent upon the Court in the *Robertson* Action granting its approval of this reversion provision. If the Court does not approve the reversion provision, then Enbridge may, in its sole discretion, nullify this Agreement. If Enbridge nullifies this Agreement based on this contingency, the provisions set forth in Sections 35 and 36 below ("Nullification of the Settlement Agreement" and "Inadmissibility of Settlement Agreement") shall apply.

13.    **Release:** Enbridge and the Releasees shall receive a full release of all Released Claims as defined herein from all Participating FLSA Collective Members who indorse, cash, deposit, or otherwise negotiate or claim a Settlement Check. Eligible Rule 23 Class Members who do not cash, deposit, indorse, or otherwise negotiate or claim their Settlement Checks and who do not opt-out of the *Robertson* Settlement Agreement shall be bound by the *Robertson* Settlement Agreement and shall release all Released Claims except for any claims under the FLSA.

14. **Order of Events:**

   a. Enbridge produces the Class List (as that term is defined herein and in the *Aguilar* Settlement), provided it is able to obtain the information from the Vendor Companies (as that term is defined herein and in the *Aguilar* Settlement).

   b. The Parties complete allocations based on the final workweek data from the Vendor Companies (as that term is defined herein and in the *Aguilar* Settlement).

   c. The Settlement Administrator and Class Counsel shall take all steps reasonably necessary to verify the class data, including skip tracing, national change of address database, online research, and phone calls to Class Members.

   d. If requested to do so by Enbridge, Plaintiff prepares an amended complaint adding additional Rule 23 state law class claims.

   e. Plaintiff files the motion for approval of a settlement collective of Plaintiff's FLSA claims and preliminary approval of the state law Rule 23 class claims.

   f. The Court grants approval of a FLSA settlement collective and preliminary approval of the Rule 23 class claims settlement.

   g. The Settlement Administrator issues the Rule 23 Settlement Notices and the FLSA Settlement Notices.

   h. Plaintiff files the motion for final approval of the Rule 23 settlement.

   i. The Court grants final approval of the Rule 23 settlement. The Parties seek dismissal with prejudice of the settled portion. The court grants dismissal with prejudice. Any appeals are resolved and the settlement is finally approved with no further right of appeal.

   j. Enbridge funds the *Robertson* Gross Settlement Amount into a Qualified Settlement Fund.

   k. The Settlement Administrator issues the Settlement Checks to the Participating Rule 23 Class Members and Eligible FLSA Collective Members, and the Attorneys' Fee Award and Cost Award to Class Counsel.

## DEFINITIONS

15. The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

   a. "Additional Unknown FLSA Members" means, in the event that data from the Vendor Companies (as that term is defined herein and in the *Aguilar* Settlement) reveal that there are more than 600 Eligible FLSA Collective Members (in the *Robertson* Action and the *Aguilar* Action combined), any additional FLSA Collective Member that Enbridge, in its sole discretion, may choose to include in the Agreement.

   b. "*Aguilar* Action" means *Christopher Aguilar v. DTE Energy Company, et al.*, Civil Action No. 2:20-cv-11451-SJM-DRG, pending in the U.S. District Court for the Eastern District of Michigan. A separate Settlement Agreement applies to the *Aguilar* Action.

   c. "Attorneys' Fee Award" means the award of attorneys' fees to be paid to Class Counsel for the services they rendered to Plaintiffs and the Eligible Rule 23 Class Members and Eligible FLSA Collective Members in the *Robertson* Action. The Attorneys' Fee

Award shall not be more than thirty-five (35) percent of the *Robertson* Gross Settlement Amount.

d.      "CAFA Notice" means the notice to be sent by the Settlement Administrator and Enbridge to appropriate state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court.

e.      "Class Counsel" means Josephson Dunlap, LLP; Bruckner Burch, PLLC; and Goodrich Geist, PC.

f.      "Class List" means all known or last known names, addresses, phone numbers, email addresses, social security numbers, dates of assignment to work on Enbridge's pipelines or projects, and number of weeks worked on Enbridge's pipelines or projects (including Spectra pipelines and projects) during the FLSA Period, of the Eligible Rule 23 Class Members and Eligible FLSA Collective Members, including the weeks worked by each Eligible Rule 23 Class Member and Eligible FLSA Collective Member in each Rule 23 state during the FLSA Period.

g.      "Court" means the United States District Court for the Western District of Pennsylvania.

h.      "Defendant" or "Enbridge" means Enbridge (U.S.) Inc.

i.      "Defendant's Counsel" or "Enbridge's Counsel" means Seyfarth Shaw, LLP and Pietragallo, Gordon, Alfano, Bosick, & Raspanti, LLP.

j.      "Eligible Rule 23 Class Member" means any of the Eligible FLSA Collective Members who worked on Enbridge's pipelines or projects (including Spectra's pipelines or projects) in Pennsylvania, New York, Ohio, Illinois, or another state (if Enbridge elects to include such additional states as part of the Agreement after receiving the relevant data from the Vendor Companies) during the FLSA Period.

k.      "Eligible FLSA Collective Member" means any of the Inspectors (up to 600 inspectors, but less the number of inspectors in the *Aguilar* Action) employed by a Vendor Company and who worked on Enbridge's pipelines or projects (including Spectra's pipelines or projects) during the FLSA Period.  Notwithstanding the 600 inspector cap, Enbridge may add Additional Unknown FLSA Members as set forth in Section 16 below.

l.      "FLSA Period" means the period from September 17, 2017 to September 17, 2020.

m.      "Funding Date" means the date Enbridge funds the *Robertson* Gross Settlement Amount into a Qualified Settlement Fund ("QSF"). The Funding Date shall be 45 calendar days after the final approval by the Court of the settlement, if there is no appeal of the Court's final approval order. If there is an appeal of the Court's final approval order, then the Funding Date shall be 15 calendar days after the final approval order of the settlement has been affirmed and approved in its entirety with no further right of appeal.

n.      "Gross Settlement Amount" means the maximum amount that Enbridge shall pay to Plaintiffs, Class Counsel, the Settlement Administrator, Eligible Rule 23 Class Members, and Eligible FLSA Collective Members in the *Robertson* Action and *Aguilar* Action in exchange for the release of all Released Claims by Plaintiffs, the Participating FLSA Collective Members in both the *Robertson* Action and the *Aguilar* Action, and Participating Rule 23 Class Members . The Gross Settlement Amount is the gross sum of Three Million Five Hundred Thousand Dollars and Zero Cents ($3,500,000.00), excluding the employer's share of FICA and FUTA payroll taxes. Upon receipt of the Class List (as that term is defined herein and in the *Aguilar* Settlement) from the Vendor Companies (as that term is defined herein and in the *Aguilar* Settlement), the Parties shall allocate a portion of the Three Million Five Hundred Thousand Dollars and Zero Cents ($3,500,000.00) to the *Aguilar* Settlement ("*Aguilar* Gross Settlement Amount") and a portion of the Three Million Five Hundred Thousand Dollars and Zero Cents ($3,500,000.00) settlement to the *Robertson* Settlement ("*Robertson* Gross Settlement Amount"). The Parties shall allocate the respective portions for the *Robertson* Action and the *Aguilar* Action by adding up the total number of eligible weeks worked in both actions and then determining the percentage of the total weeks worked attributable to the *Robertson* Action and the percentage attributable to the *Aguilar* Action. Then those percentages attributable to each Action will be multiplied by Three Million Five Hundred Thousand Dollars and Zero Cents ($3,500,000.00) to determine the apportionment in dollars of the Gross Settlement Amount attributable to each Action. In no event shall Enbridge pay more than Three Million Five Hundred Thousand Dollars and Zero Cents ($3,500,000.00) in the *Robertson* Action and the *Aguilar* Action combined, not including the employer's share of payroll taxes on the amounts paid to Participating Rule 23 Class Members in the *Robertson* Action and Participating FLSA Collective Members in the *Robertson* Action and *Aguilar* Action. Notwithstanding the forgoing, however, Enbridge may, in its sole discretion, decide to include Additional Unknown FLSA Members in this Agreement, which would increase the *Robertson* Gross Settlement Amount. The Parties have estimated preliminarily that the *Robertson* Gross Settlement Amount is Three Million Four Hundred Thirty Thousand Dollars and Zero Cents ($3,430,000.00).

o.      "Notice Deadline" means the date forty-five (45) days after the Rule 23 Settlement Notices are mailed and emailed, if the email address is available, to the Eligible Rule 23 Class Members. Those Eligible Rule 23 Class Members shall have until the Notice Deadline to opt out of or object to the Settlement.

p.      "Participating Rule 23 Class Members" means Plaintiff Robertson, individuals in Exhibit A who have already submitted an Opt-In Consent Form seeking to join this Action, and any Eligible Rule 23 Class Members who did not opt-out of the Rule 23 classes by the Notice Deadline.

q.      "Participating FLSA Collective Members" means Plaintiff, individuals in Exhibit A who have already submitted an Opt-In Consent Form seeking to join this Action, and the Eligible FLSA Collective Members who indorse, cash, deposit, or otherwise negotiate or claim a Settlement Check.

r.      "Parties" means Plaintiff Robertson and the other plaintiffs and opt-in plaintiffs listed on the attached Exhibit A and Enbridge.

s.      "Plaintiff" means Zachariah Robertson.

t.      "Plaintiffs" means Zachariah Robertson and the class/collective of persons he seeks to represent, i.e., Eligible Rule 23 Class Members and Eligible FLSA Collective Members.

u.      "Qualified Settlement Fund" or "QSF" means the account created to hold settlement proceeds.

v.      "Released Claims" applies to the claims of Participating Rule 23 Class Members and Participating FLSA Collective Members, for the weeks in which they worked on Enbridge's pipelines or projects—as well as pipelines or projects owned or operated by Spectra Energy Corp. ("Spectra"), and affiliated companies, which merged with Enbridge in February 2017—and means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the *Robertson* Action based on allegations of unpaid wages, unpaid overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA and/or Pennsylvania, Ohio, New York, and Illinois state wage and hour laws, as well as the state wage and hour laws of any other state to the extent that Enbridge elects to include such additional state as part of the Agreement after receiving the relevant data from the Vendor Companies, from the beginning of time through entry of judgment upon final approval of the settlement.

w.      "Releasee(s)" means Defendant Enbridge (U.S.), Inc., Spectra Energy Corp., Audubon Field Solutions, LLC, Abrams Technical Services, Inc., and all of their past, present, and future officers, owners, directors, principals, agents, employees, representatives, parents, shareholders, partners, subsidiaries, holding companies, affiliates, predecessors, successors, assigns, and joint ventures in their individual and corporate capacities. By accepting (by depositing, cashing, indorsing, or otherwise negotiating or claiming) a Settlement Check, each Eligible Rule 23 Class Member and Eligible FLSA Collective Member manifests his or her assent to release the Released Parties and becomes a Participating FLSA Collective Member. Any of the Vendor Companies as defined herein not specifically identified as a "Releasee" shall not be included as a released party and the Participating Rule 23 Class Members and Participating FLSA Collective Members are not releasing any such Vendor Companies in this Settlement Agreement.

x.      "*Robertson* Action" or "Action" means *Zachariah Robertson, et al, individually and on behalf of all similarly situated individuals, v. Enbridge (U.S.) Inc.,* at Civil Action No. 2:19-cv-1080, pending in the United States District Court for the Western District of Pennsylvania.

y.      "*Robertson* Net Settlement Amount" means the amount available to be claimed by the Eligible Rule 23 Class Members and Eligible FLSA Collective Members in the *Robertson* Action and is the *Robertson* Gross Settlement Amount less: (i) a Service Award in the amount of Fifteen Thousand Dollar and Zero Cents ($15,000.00) for Plaintiff Robertson for his efforts in bringing and prosecuting this matter and moreover, in exchange for his additional Released Claims executed in favor of Releasees; (ii) the payment of the Attorneys' Fee Award to Class Counsel, not to exceed thirty-five (35) percent of the *Robertson* Gross Settlement Amount, plus the payment of out-of-pocket expenses and taxable

8

court costs incurred by Class Counsel in the *Robertson* Action, which shall not exceed Forty Thousand Dollars and Zero Cents ($40,000.00) and (iii) the Settlement Administration Costs related to the Settlement Administrator's administering this Settlement, which shall not exceed a total of Fifteen Thousand Dollars and Zero Cents ($15,000.00). The Parties have preliminarily estimated the *Robertson* Net Settlement Amount to be Two Million One Hundred Fifty-Nine Thousand Five Hundred Dollars and Zero Cents ($2,159,500.00) (assuming maximum offsets for the service award, attorneys' fees, costs and expenses, and settlement administration costs).

z.      "September MOU" means the Memorandum of Understanding signed by Andrew Dunlap and Timothy Watson as counsel for the Plaintiff and Enbridge, respectively, on September 17, 2020.

aa.      "Settlement Administration Costs" means the costs of administrating the settlement of the *Robertson* Action through the Settlement Administrator, which shall not exceed a total of Fifteen Thousand Dollars and Zero Cents ($15,000.00).

bb.      "Settlement Administrator" means ILYM Group, Inc.

cc.      "Settlement Check" means the payment that each Participating Rule 23 Class Member and Eligible FLSA Collective Member shall receive pursuant to the terms of this Agreement.

dd.      "Vendor Company" or "Vendor Companies" means Abrams Technical Services, Inc., Audubon Field Solutions, LLC, Avery Pipeline Services, Inc. / Avery Technical Resources, Inc., EnSite USA, Inc., FIS Operations, LLC, d/b/a Frontier Integrity Solutions, MBF Inspection Services, Inc., MDM Energy Services, Inc. / MDM Solutions, LLC, Onshore Quality Control Specialists, LLC, Universal Ensco, Inc. (Universal Pegasus International), and Wilcrest Field Services, LLC.

## SCOPE OF COLLECTIVE AND RULE 23 CLASSES

16.      Notice of the collective action settlement shall be sent to the Eligible FLSA Collective Members. See Exhibit C (FLSA Settlement Notice). In the event that data from the Vendor Companies (as that term is defined herein and in the *Aguilar* Settlement) reveal that there are more than 600 Eligible FLSA Collective Members (in the *Robertson* Action and the *Aguilar* Action combined), then Enbridge, in its sole discretion, may choose to include one or more of such additional FLSA Members ("Additional Unknown FLSA Members") in the Agreement, separate and apart from the Gross Settlement Amount. If Enbridge elects to include any such Additional Unknown FLSA Members in the Agreement, then Enbridge shall pay One Hundred Forty-Five Dollars and Zero Cents ($145.00) for each complete workweek worked by the Additional Unknown FLSA Member during the FLSA Period into the Qualified Settlement Fund, which increases the *Robertson* Gross Settlement Amount. All other terms of this Agreement shall apply to such Additional Unknown FLSA Members whom Enbridge chooses to include in the Agreement.

17.     The Rule 23 state law classes shall include state law wage and hour classes under Pennsylvania, New York, Ohio, and Illinois law, including, but not limited to, the Pennsylvania Minimum Wage Act, New York Labor Law, Ohio Minimum Fair Wage Standards Act, Ohio Prompt Pay Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and other comparable state wage-hour law. After Enbridge receives the data for the Class List from the Vendor Companies, Enbridge may, in its sole discretion, designate additional state wage and hour laws in other states to include as part of this Agreement.

## RELEASES

18.     **Release**.  In consideration of the benefits to be received by Plaintiff and the Eligible Rule 23 Class Members and Eligible FLSA Collective Members under this Settlement:

     a.     Plaintiff shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, and any other causes of action of whatever nature, whether known or unknown, including but not limited to the Fair Labor Standards Act (FLSA); Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; The Sarbanes Oxley Act; The Dodd-Frank Act, The Pennsylvania Human Relations Act; the Pennsylvania Whistleblower Law; and any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; and any and all claims for bonuses, commissions, and any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state, or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, and any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, and any other action or grievance against the Releasees, based upon any conduct occurring through the date he executes this Agreement; and

     b.     Each Participating FLSA Collective Member shall be deemed to have released and discharged the Releasees from the Released Claims applicable to weeks when the individual worked on Enbridge's or Spectra's, or affiliated companies', pipelines or projects from the beginning of time through entry of judgment upon final approval of the *Robertson* Settlement.

     c.     Each Participating Rule 23 Class Member shall be deemed to have released and discharged the Releasees from the Released Claims applicable to weeks when the individual worked on Enbridge's or Spectra's, or affiliated companies', pipelines or projects

from the beginning of time through entry of judgment upon final approval of the *Robertson* Settlement. Any Participating Rule 23 Class Member who does not cash a Settlement Check shall not be deemed to have released the Releasees from FLSA claims (but will be deemed to have released the Releasees from all other Released Claims).

        d.     Release Language on Settlement Checks. The Settlement Administrator shall include the following release language on the back of each Settlement Check:

> By signing or cashing this check, I acknowledge a bona fide dispute relating to the payment of overtime wages exists between myself and Enbridge, and I affirm my release of Enbridge (U.S.) Inc., and all Releasees of all Released Claims as defined in the Settlement Agreement approved by the Court in *Zachariah Robertson, et al, individually and on behalf of all similarly situated individuals, v. Enbridge (U.S.) Inc.,* Civil Action No. 2:19-cv-1080 pending in the United States District Court for the Western District of Pennsylvania (the "Action") and described in Section II of the Notice I previously received. I affirm that I will not sue or assert any of the Released Claims against any Releasee, and I consent to opt into the Action and become a plaintiff in the Action.

No Participating Rule 23 Class Member or Participating FLSA Collective Member shall be permitted to negotiate any Settlement Check if the terms of the release on the back of the Settlement Check have been altered in any way.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

19.     The Parties agree to the following procedures for obtaining approval of the FLSA settlement collective and the Rule 23 settlement classes, certifying the class of Eligible Rule 23 Class Members, and notifying the Eligible Rule 23 Class Members and Eligible FLSA Collective Members of this Settlement:

        a.     <u>Request for Approval of FLSA Settlement Collective and Preliminary Approval of the Rule 23 Class</u>. By February 12, 2021, Plaintiff shall file a Motion for Approval of the FLSA Settlement Collective and Preliminary Approval of the Rule 23 class Settlements, requesting that the Court conditional certify a settlement collective action, preliminarily certify the state law classes pursuant to FED. R. CIV. P. 23(a) and (b)(3), authorize Settlement Notice, and set a date for the FLSA and Rule 23 state law Final Approval Hearing. The Court's order granting approval of the FLSA claims under 29 U.S.C. § 216(b) shall make clear that Enbridge has no obligation to pay Eligible FLSA Collective Members unless and until the Court grants final approval of the state law claims under Fed. R. Civ. P. 23 and the conditions required for the Funding Date to occur set forth in paragraph 9 below have been fulfilled. Enbridge may, in its sole discretion, nullify this Agreement if the Court's order fails to clearly state this. In addition, the Court's order granting approval of the FLSA claims under 29 U.S.C. § 216(b) shall state expressly that the language on the Settlement Check and opt-in procedure relating to same satisfies the requirements of 29 U.S.C. § 216(b), and that by cashing a Settlement Check each Eligible Rule 23 Class Member and Eligible FLSA Collective Member consents to join this Action;

   b. <u>Notice</u>.  The Settlement Administrator shall be responsible for preparing, printing, mailing, and emailing the Settlement Notice to all Eligible Rule 23 Class Members and Eligible FLSA Collective Members. The Settlement Notices are attached as Exhibits B and C, respectively.

   c. To the extent Enbridge is able to obtain the data for the Class List, within thirty (30) days after the execution of this Settlement Agreement, Enbridge shall provide the Settlement Administrator and Class Counsel with the Class List.

   d. In order to provide the best notice practicable, the Settlement Administrator and Class Counsel shall take all steps reasonably necessary to verify the contact information in the Class List, including skip tracing, national change of address database, online research, and phone calls to Eligible Rule 23 Class Members and Eligible FLSA Collective Members.

   e. Within thirty (30) days after preliminary approval and conditional certification, the Settlement Administrator shall mail and email (if email addresses are available) an agreed upon and Court-approved Settlement Notice to the Eligible Rule 23 Class Members and Eligible FLSA Collective Members. The parties have agreed on the form of the Settlement Notice attached as Exhibits B and C, and shall submit that form for approval to the Court.

   f. Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator to the forwarding address within ten (10) days following receipt of the returned mail.

  20. **Objections.**  The Settlement Notice to Eligible Rule 23 Class Members shall require that any Eligible Rule 23 Class Member who wishes to object to the Settlement must mail a written statement objecting to the Settlement to the Settlement Administrator within the 45-day objection and exclusion period, including his or her name, address, telephone number, and email address (if applicable). The postmark date of the mailing shall be the exclusive means for determining that an objection is timely. The Settlement Administrator shall provide copies of any objections to the Parties' Counsel on a weekly basis. Persons who fail to serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

  21. **Requests for Exclusion.**  The Settlement Notice to Eligible Rule 23 Class Members shall require that any Eligible Rule 23 Class Member who wishes to exclude himself or herself from the Settlement ("opt out") for purposes of such member's state law claim must mail to the Settlement Administrator a written statement indicating that the Eligible Rule 23 Class Member does not wish to participate in or be bound by the Settlement as applied to such member's state law claim(s). The written request for exclusion must contain the Eligible Rule 23 Class Member's full name, address, and telephone number and must be signed individually by the Eligible Rule 23 Class Member. No request for exclusion may be made on behalf of a group. Such written statement must be postmarked within the 45-day objection and exclusion period. The Settlement Administrator shall provide copies of any requests for exclusion to the Parties' Counsel on a weekly basis.

  22. **Interim Reports by the Settlement Administrator**.  The Settlement Administrator shall provide weekly reports, along with any opt-in or objection responses.

23.    **Final Approval Hearing.**  As part of his anticipated Motion for Preliminary Approval of the Rule 23 claims, Plaintiff shall request that the Court schedule the Final Approval Hearing to determine final approval of the Rule 23 settlement and to enter a Final Approval Order:

a.    certifying this Action as a class action under FED. R. CIV. P. 23(a) and (b)(3);

b.    finally approving the Settlement and its terms as a fair, reasonable, and adequate settlement of this Action;

c.    directing that the settlement funds be distributed in accordance with the terms of this Settlement Agreement;

d.    directing that the portion of the Action resolved in this Settlement be severed from any remaining portion of the Action, and that the severed portion resolved by this Settlement be dismissed with prejudice and in full and final discharge of any and all Released Claims;

e.    barring Participating Rule 23 Class Members and Participating FLSA Collective Members from prosecuting any of the Released Claims against the Releasees; and

f.    retaining continuing jurisdiction over this Action for purposes of overseeing all settlement administration matters.

In advance of the Final Approval Hearing, Plaintiff shall file the necessary motion(s) to effectuate final approval of the FLSA and Rule 23 settlements.

## SETTLEMENT FUNDS AND CHECK CALCULATION

24.    **Gross Settlement Amount**.

a.    **Funding**.  Enbridge will fund the *Robertson* Gross Settlement Amount into a QSF by the Funding Date. Enbridge shall ensure that the *Robertson* Gross Settlement Amount is wired to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Enbridge with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the *Robertson* Gross Settlement Amount funds. Enbridge shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

b.    **Disbursement by Settlement Administrator**.  All disbursements shall be made from the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

   c. **Interest**.  The interest on the *Robertson* Gross Settlement Amount funds in the QSF will inure to the benefit of Enbridge.

  25. **Payments**.  Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the *Robertson* Gross Settlement Amount:

   a. **Service Awards and Payment for General Release to Plaintiff**.  Subject to approval by the Court, Plaintiff shall receive Fifteen Thousand Dollars and Zero Cents ($15,000.00) from the Qualified Settlement Fund for his efforts in bringing and prosecuting this matter, and in consideration of his general release set forth above. This payment shall issue along with a Form 1099. This payment shall be made within thirty (30) days after the Funding Date or thirty (30) days after approval by the Court, whichever is later.

   b. **Attorneys' Fees and Costs**.

    (i) Subject to approval by the Court, Class Counsel shall receive attorneys' fees in an amount of thirty-five (35) percent of the *Robertson* Gross Settlement Amount ("Attorneys' Fee Award"), which will compensate Class Counsel for all work performed in the *Robertson* Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including, but not limited to, documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, and subject to approval by the Court, Class Counsel shall receive reimbursement of their out-of-pocket case expenses and taxable court costs in this Action, which shall total up to Forty Thousand Dollars and Zero Cents ($40,000.00) ("Cost Award"). In the event that Class Counsel's out-of-pocket case expenses and taxable court costs in this Action exceed Forty Thousand Dollars and Zero Cents ($40,000.00), such expenses and costs shall be borne by Class Counsel. The payment of the Attorneys' Fee Award and Cost Award shall be made within thirty (30) days after the Funding Date.

    (ii) The attorneys' fees and costs paid by Enbridge pursuant to this Agreement shall constitute full satisfaction of Releasees' obligations to pay amounts to any person, attorney, or law firm for attorneys' fees or costs in this Action on behalf of Plaintiff and/or any Participating Rule 23 Class Members or Participating FLSA Collective Members, and shall relieve Releasees from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiff or any Participating Rule 23 Class Members or Participating FLSA Collective Members.

    (iii) A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

   c. **Settlement Administration Costs**.  The total Settlement Administration Costs for the administration of the settlement of this Action shall not exceed Fifteen Thousand Dollars and Zero Cents ($15,000.00) and, subject to Court approval, shall be paid, up to Fifteen Thousand Dollars and Zero Cents ($15,000.00), from the *Robertson* Gross

Settlement Amount. Any administration costs exceeding Fifteen Thousand Dollars and Zero Cents ($15,000.00) total for the administration of the settlement of this Action shall come out of the Cost Award allocated to Class Counsel in this Settlement , or otherwise be borne by Class Counsel. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

      d.      **Reserve Fund.**  The Parties may allocate up to Twenty Thousand Dollars and Zero Cents ($20,000.00) of the *Robertson* Net Settlement Amount to a Reserve Fund to account for Eligible Rule 23 Class Members and Eligible FLSA Collective Members who fail to participate within the appropriate time period.

      e.      **Settlement Checks to Participating Rule 23 Class Members and Eligible FLSA Collective Members.**  Settlement Checks shall be made to Participating Rule 23 Class Members and Eligible FLSA Collective Members as set forth below. This payment shall be made within thirty (30) days after the Funding Date and shall be accompanied by a Court-approved Cover Letter. The parties agree to the form of the Cover Letter attached as Exhibit D.

      26.      **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.**  No person shall have any claim against Releasees, Class Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT CHECKS

      27.      **Settlement Check Eligibility**.  All Participating Rule 23 Class Members and Eligible FLSA Collective Members shall be allocated a Settlement Check from the *Robertson* Net Settlement Amount. The Parties shall be responsible for determining eligibility for, and the amount of, the Settlement Checks based on the following formula:

      a.      The Parties will calculate the amount of the check for each Participating Rule 23 Class Member and Eligible FLSA Collective Member from the *Robertson* Net Settlement Amount based on the total number of weeks that the respective Participating Rule 23 Class Members and Eligible FLSA Collective Members worked on Enbridge's or Spectra's, or affiliated companies', pipelines or projects during the FLSA Period. To the extent an individual is both a Participating Rule 23 Class Members and Eligible FLSA Collective Members, that individual's portion of the *Robertson* Net Settlement Amount shall only be calculated once, and that individual shall only receive one settlement check.

      b.      Each week shall equal one settlement share, and the total number of settlement shares for all Participating Rule 23 Class Members and Eligible FLSA Collective Members will be added together and the resulting sum will be divided into the *Robertson* Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Participating Rule 23 Class Member's and/or Eligible FLSA Collective Member's number of settlement shares to determine the gross (i.e., prior to applicable withholdings)

amount of each Participating Rule 23 Class Member's and/or Eligible FLSA Collective Member's potential Settlement Check.

        c.      All gross Settlement Check amount determinations shall be based on the Class List data produced for Participating Rule 23 Class Members and Eligible FLSA Collective Members. To the extent that data is not available for any Participating Rule 23 Class Members and Eligible FLSA Collective Members, Enbridge shall undergo reasonable efforts to obtain the data. If the data relating to a Participating Rule 23 Class Member or Eligible FLSA Collective Member is incomplete, then the Parties may, if feasible, determine the individual's settlement shares by extrapolation from the available data.

        28.     **No Double Payments.**  Before the Settlement Notices are issued, the Parties agree to take all reasonable steps necessary to ensure that no Participating Rule 23 Class Member or Eligible FLSA Collective Member has been paid previously, pursuant to a prior settlement, for any of the work time for which the settlement payments herein are intended to compensate the Participating Rule 23 Class Members and Eligible FLSA Collective Members. If the Parties determine that any such prior settlement payments have been made to a Participating Rule 23 Class Member or Eligible FLSA Collective Member for an overlapping time period, then the amount of the prior payment shall be deducted from the amount of the Participating Rule 23 Class Members' and/or Eligible FLSA Collective Members' settlement payment under this Agreement.

        29.     Fifty percent (50%) of each gross Settlement Check amount shall be treated as back wages, and accordingly, on each Settlement Check, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law for 50% of the gross amount of each Settlement Check distributed, and Enbridge shall pay the employer's share of all required FICA and FUTA taxes on such amounts. Withholding shall be at the supplemental wage tax rate. In addition to the *Robertson* Gross Settlement Amount, the employer's share of FICA and FUTA tax payments shall be deposited into the Qualified Settlement Fund after the Settlement Checks are mailed. The Settlement Administrator shall make the required employer's share of FICA and FUTA payments from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining 50% of the gross amount of each Settlement Check shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. The Settlement Administrator shall include in the 1099 for each Participating FLSA Collective Member his or her share of the Attorneys' Fee Award and Cost Award paid to Class Counsel.

        30.     All Settlement Checks shall remain valid and negotiable for ninety (90) days from the date of their issuance ("Check Cashing Period") and will thereafter automatically be canceled if not cashed, deposited, or otherwise negotiated or claimed within that time. After the Check Cashing Period, any Settlement Check that has not been cashed, deposited, or otherwise negotiated will be deemed void and of no further force and effect, and except as provided in Section 31 below, the Participating Rule 23 Class Member and/or Eligible FLSA Collective Member to whom the Settlement Check was issued shall have no right to recover the Settlement Check or its value. During the Check Cashing Period, the Settlement Administrator shall have the right to: (a) send a copy of the Rule 23 Settlement Notice and/or FLSA Settlement Notice and Settlement Check to each Participating Rule 23 Class Members and/or Eligible FLSA Collective Members by e-mail; (b) make up to two notice calls to each of the Participating Rule 23 Class Members and Eligible FLSA Collective Members; and (c) send one reminder mailing and one e-mail to each of the Participating

Rule 23 Class Members and Eligible FLSA Collective Members.

31.     All funds resulting from uncashed, undeposited, or otherwise unclaimed Settlement Checks issued to Eligible FLSA Collective Members shall revert to Enbridge, and the FLSA claims of those Eligible FLSA Collective Members who did not cash, deposit, or otherwise claim Settlement Checks shall not be subject to the release provided in this Agreement. If the Court does not approve the reversion provision in this section, Enbridge may, in its sole discretion, nullify this Agreement. If the Court does not approve the reversion provision in this section and if Enbridge nullifies this Agreement based on that contingency, the provisions set forth in Sections 35 and 36 below ("Nullification of the Settlement Agreement" and "Inadmissibility of Settlement Agreement") shall apply. All funds resulting from uncashed Settlement Checks issued to Participating Rule 23 Class Members shall be deposited with the lost property department of the state in which the Participating Rule 23 Class Member resides.

32.     All Eligible FLSA Collective Members who deposit, cash, indorse, or otherwise negotiate or claim the Settlement Checks shall be considered Participating FLSA Collective Members and their claims against Releasees, as discussed in this Settlement Agreement, shall be extinguished.

**MISCELLANEOUS**

33.     **No Admission of Liability.**  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Releasees of any fault or liability or wrongdoing.

34.     **Defendant's Legal Fees.**  Defendant's legal fees and expenses in this Action shall be borne by Defendant.

35.     **Nullification of the Settlement Agreement.**  In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement without prejudice to any position or argument they may otherwise have had in the absence of this Agreement.  If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed.  The entire *Robertson* Gross Settlement Amount (plus any interest) shall be returned to Enbridge, however, the Parties shall evenly split the Settlement Administrator's costs incurred as of the date the Settlement becomes null and void. Plaintiff may revoke the Agreement if the Court reduces the Attorneys' Fee Award below 33%. In addition to Enbridge's right to nullify discussed above relating to the reverter of funds, Enbridge also may in its sole discretion revoke the Agreement prior to final approval by the Court if (1) fewer than all plaintiffs in the attached Exhibit A execute this Agreement; (2) 5% or more of all individuals on the Class List, or a number of the individuals who are on the Class List whose portion of the Net Settlement Amount equals 5% or more of the Net Settlement Amount, opt out of this Settlement. In addition, Enbridge may in its sole discretion revoke the Agreement prior to final approval if the Court's order granting approval of the FLSA claims under 29 U.S.C. § 216(b) fails to make clear that Enbridge has no obligation to pay Eligible FLSA Collective Members unless and until the Court grants final approval of the state law claims under Fed. R. Civ. P. 23 and the conditions required for

the Funding Date to occur have been fulfilled. If Enbridge or Plaintiffs nullify this Agreement, or if this Agreement is otherwise nullified under the terms of this Section 35, then the provisions set forth below in the "Inadmissibility of Settlement Agreement" section apply.

36.    **Inadmissibility of Settlement Agreement.**  If for any reason this Agreement fails to become final, then this Agreement shall become null and void, and the Parties shall return to the position they were in immediately preceding the execution of this Agreement without prejudice to any position or argument they may otherwise have had in the absence of this Agreement. The Parties agree that by entering into this Agreement and by seeking the Court's approval of this Agreement, including a class wide and collective settlement, Enbridge is not waiving its right to move to compel the Plaintiffs' claims to arbitration. Thus, the Parties agree that if this Agreement fails to become final for any reason, then any motions to compel arbitration previously filed with the Court by Enbridge that were stayed by the Court on September 22, 2020 (see Dkt No. 226) shall be reinstated and shall be returned to the procedural posture they were in on September 22, 2020 prior to being stayed by the Court, and plaintiffs in this Action shall not make any argument opposing arbitration based on or related to this Agreement. The Parties agree for purposes of the Settlement to the certification of the state-specific (New York, Ohio, Illinois, and Pennsylvania and other states that Defendant may wish to include after receiving the relevant data from the Vendor Companies) opt-out classes under Fed. R. Civ. P. 23(b)(3) and to collective certification under 29 U.S.C. § 216(b). The certification of the settlement classes/collective contemplated herein is for settlement purposes only and will not constitute in the Action or the *Aguilar* Action, or in any other proceeding, an admission of any kind by Enbridge, including, without limitation, that certification of a class or collective is appropriate or proper or that Plaintiff(s) could establish any of the requisite elements for class or collective treatment of any of the claims settled herein. Enbridge does not waive, and instead expressly reserves, its right to challenge the propriety of collective and class certification for any purpose should the Agreement fail to become final for any reason, including without limitation, that the Court in the Action does not approve the Agreement, or that an appellate court vacates or reverses the Court's order approving the Agreement. If the Agreement fails to become final for any reason, the Parties' willingness provisionally to stipulate to certification as part of the Settlement will have no bearing on, and will not be admissible in connection with any issue in the Action (except for purposes of having the Agreement approved by the Court in the Action), including without limitation the issue of whether any class or collective should be certified in the Action, or in any other or subsequent lawsuit or proceeding. The Parties and their counsel will not offer or make reference to this provisional stipulation to collective or class certification for settlement purposes only in any subsequent proceeding in the Action (except for purposes of having the Agreement approved by the Court in the Action), or in any other lawsuit or proceeding.

37.    **Covenant Not To Sue.**  Participating Rule 23 Class Members and Participating FLSA Collective Members covenant and agree that they will forever forbear from pursuing, asserting or filing any complaint, claim, demand, cause of action, charge, or lawsuit or commence any action of any kind with any local, state, federal or foreign court, agency, tribunal, judicial body or quasi-judicial body, and they will not in any other way make or continue to make any demand or claims or seek a recovery against the Releasees for any of the Released Claims. This provision, however, shall not prevent the enforcement of this Agreement. The Parties expressly consent to the continuing jurisdiction of the Court to enforce the terms of this Agreement under Pennsylvania law.

38.    **Severance and Final Judgment.**  The Parties agree that after the Court in the Action grants final approval of the Settlement Agreement, the Parties will move to sever the

Released Claims that are being settled pursuant to this Agreement from the remaining claims in the Action and then will seek a dismissal with prejudice and a final judgment in the severed lawsuit based on the Court's final approval of the Settlement Agreement. After the Court grants severance of the settled claims, the claims remaining in the Action will be limited to the remaining opt-in plaintiffs or putative class or collective members staffed through Cleveland Integrity Services, Inc. and/or Cypress Environmental Management-TIR, LLC / Tulsa Inspection Resources, LLC to Enbridge. The remaining plaintiffs in the Action will file an amended complaint.  The claims against Enbridge in the amended complaint will be limited to claims based on the remaining plaintiffs' and/or opt-in plaintiffs' time spent working on Enbridge pipelines while employed by Cleveland Integrity Services, Inc. and/or Cypress Environmental Management-TIR, LLC / Tulsa Inspection Resources, LLC.

39. **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

40. **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by Class Counsel and Enbridge or its successors in interest.

41. **Entire Settlement Agreement.**  This Agreement, the *Aguilar* Settlement Agreement, and the September MOU constitute the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except for the September MOU and the *Aguilar* Settlement Agreement, all prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement, the September MOU, and/or the *Aguilar* Settlement Agreement.

42. **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the Court to resolve such disagreement.

43. **Binding on Successors and Assigns.**  This Agreement shall be binding upon, and inure to the benefit of the Parties, the Participating Rule 23 Class and Participating FLSA Collective Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any Party may merge, consolidate or reorganize.

44. **Counterparts.**  This Agreement may be executed in one or more counterparts,

including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

45.     **No Signature Required by Eligible or Participating Class/Collective Members.**  Only the Parties will be required to execute this Settlement Agreement. The Settlement Notice will advise all Eligible Rule 23 Class Members and Eligible FLSA Collective Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Participating Rule 23 Class Member and Participating FLSA Collective Member.

46.     **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

47.     **Governing Law.**  All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

48.     **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for this purpose.

*Signatures on the following page.*

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:


**PLAINTIFF:** _____      Date: February ___, 2021
                 Zachariah Robertson


**OPT-IN PLAINTIFFS LISTED ON EXHIBIT A:**

*Joshua Brimmer*
Joshua Brimmer (Feb 4, 2021 09:35 CST)      Date: February 04, 2021
Joshua Brimmer

*Francisco Luis Castro (Feb 4, 2021 17:02 MST)*      Date: February 4, 2021
Francisco Castro

*Joseph Linsicombe (Feb 3, 2021 17:52 CST)*      Date: February 3, 2021
Joseph Linsicombe

*Deanno C Trott (Feb 3, 2021 19:58 EST)*      Date: February 3, 2021
Deanno Trott

*Merwin Hoover*
Merwin Hoover (Feb 4, 2021 15:30 EST)      Date: February 4, 2021
Merwin Hoover


**DEFENDANT:**      Enbridge (U.S.), Inc.,

By: *Stephen Neyland*      Date: February 8, 2021
Its:

21

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:


**PLAINTIFF:**     _Zach Robertson (Feb 3, 2021 14:44 PST)_____          Date: February __3__, 2021
                   Zachariah Robertson


**OPT-IN PLAINTIFFS**
**LISTED**
**ON EXHIBIT A:**     _____          Date: February ____, 2021
                     Joshua Brimmer


                     _____          Date: February ____, 2021
                     Francisco Castro


                     _____          Date: February ____, 2021
                     Joseph Linsicombe


                     _____          Date: February ____, 2021
                     Deanno Trott


                     _____          Date: February ____, 2021
                     Merwin Hoover


**DEFENDANT:**     Enbridge (U.S.), Inc.,


                   _____          Date: February ____, 2021
                   By:
                   Its:

**EXHIBIT A**

Named Plaintiff and Opt-in Plaintiffs:

1.      Zachariah Robertson

2.      Joshua Brimmer

3.      Francisco Castro

4.      Joseph Linsicombe

5.      Deanno Trott

6.      Merwin Hoover

**EXHIBIT B**

**\*\*COURT-AUTHORIZED NOTICE REGARDING SETTLEMENT\*\***
**NOT AN ADVERTISEMENT FROM A LAWYER**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **ZACHARIAH ROBERTSON, individually and on behalf of all others similarly situated,** | **DOCKET NO. 2:19-cv-01080-LPL** |
| | **JURY TRIAL DEMANDED** |
| **vs.** | **COLLECTIVE ACTION** |
| **ENBRIDGE (U.S.) INC.** | **PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23** |

**NOTICE OF HEARING ON PROPOSED SETTLEMENT CONCERNING CURRENT AND FORMER INSPECTORS WHO WERE EMPLOYED BY VENDOR COMPANIES AND WHO WORKED ON ENBRIDGE (U.S.) INC. PIPELINES**

**SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS AND COLLECTIVE ACTION SETTLEMENT**

The Court has granted approval of a Fair Labor Standards Act ("FLSA") collective settlement and has granted preliminary approval of a Rule 23 state-law class action settlement (the "Settlement") in the above-referenced class and collective action lawsuit (the "Litigation"). The Court has certified a collective action settlement of current and former inspectors who were employed by one of the Vendor Companies[5] and who worked on Enbridge (U.S.), Inc. or affiliated companies ("Enbridge"), pipelines in the United States between September 17, 2017 and September 17, 2020 ("Relevant Period"). The Court has also granted preliminary approval of a Rule 23 state-law class settlement of inspectors who were employed by one of the Vendor Companies and who worked on Enbridge pipelines during the Relevant Period in the following states:  [insert final list of Rule 23 class states].

Because you were employed by one of the Vendor Companies and worked on an Enbridge pipeline during the Relevant Period in one of the following states: [insert final list of Rule 23 class states], you are eligible to participate in this settlement. The settlement involves claims under state

---

[5] The Vendor Companies are:  Abrams Technical Services, Inc.; Audubon Field Solutions, LLC; Avery Pipeline Services, Inc. / Avery Technical Resources, Inc.; EnSite USA, Inc.; FIS Operations, LLC, d/b/a Frontier Integrity Solutions; MBF Inspection Services, Inc.; MDM Energy Services, Inc. / MDM Solutions, LLC; Onshore Quality Control Specialists, LLC; Universal Ensco, Inc. (Universal Pegasus International); and Wilcrest Field Services, LLC.

wage and hours the laws of New York, Pennsylvania, Ohio, and Illinois and claims under the federal Fair Labor Standards Act ("FLSA").

The purpose of this Notice is to give you information about the settlement so that can decide whether to participate in Settlement or decide not to participate (known as or "opting-out of" the Settlement). You also have the right to object to the Settlement. If the Court grants final approval of the Settlement, then, unless you opt-out of the Settlement, the Settlement will be binding on you.

Your options are:

| You May: | Description: |
| --- | --- |
| Receive Settlement Money – No Action Required. | If you participate in this settlement, you will receive a pre-tax settlement allocation of **«BENEFIT ESTIMATE».** You do not need to do anything to accept the settlement, other than sign and cash the Settlement Checks that will be sent after the Court grants final approval of this Settlement. If you participate in this settlement, you will release all of the federal and state law claims listed in the Settlement Agreement. |
| Exclude Yourself From The State Settlement Classes | If you do not want to participate in the settlement of the state law claims in the Lawsuit, you must elect to opt-out of the State Settlement Classes. You will not receive any money for the state law claims, and you will not be waiving any rights or claims that you may have against Enbridge under state law. To opt-out of the State Settlement Classes, your request must be in writing and mailed to the Settlement Administrator. Due Date To Submit an Opt-Out Request: **XXX** |
| Object To The Settlement for State Settlement Classes | If you think the Settlement is unfair for the inspectors included in the State Settlement Classes, you may object to the Settlement. Objections must be in writing and mailed to the Settlement Administrator.   Filing an objection does not preserve your right to receive a portion of the Settlement or to opt-out of participating in the Settlement. Due Date To Submit an Objection: **XXX** |
| Attend The Final Approval Hearing – Not Required. | It is not required, but you may attend the hearing regarding the final disposition of this settlement. The hearing will be held on **XXX** at **XXX** at The United States District Court House, Court Room **XXX**, 700 Grant Street, Pittsburgh, PA 15219. If no objections are filed with the Court, the Judge may waive the hearing. Written notice of intention to attend the hearing is required. |
| Not Cash the Settlement Checks | If you do not want to participate in the settlement of the federal FLSA Collective Action, you should not cash, sign, or otherwise negotiate the settlement checks. By not signing, cashing or negotiating the Settlement Checks, you will not be waiving any rights or claims that you may have against Enbridge under federal law. |

*For additional information or if you have questions regarding this settlement, you may contact Attorney Andrew W. Dunlap, counsel on behalf of the class, at 1-713-352-1100 or by email at info@mybackwages.com.*

## I.    DESCRIPTION OF THE CLASS AND COLLECTIVE ACTION SETTLEMENT

### What is The Lawsuit About and Why Was This Notice Sent?

The inspectors who sued Enbridge in this case ("plaintiffs") sued Enbridge on behalf of current and former inspectors who were paid a day-rate, who were employed by one or more of the Vendor Companies, and who worked on Enbridge pipelines throughout the United States between during the Relevant Period ("Eligible Collective Members"). In the lawsuit, the plaintiffs allege that the Eligible Collective Members were paid a day rate and were not paid overtime. The plaintiffs allege that paying a day rate without overtime violates the Fair Labor Standards Act and Pennsylvania, New York, Ohio, and Illinois state laws [insert additional states, if so designated by Enbridge].  The plaintiffs seek unpaid overtime for all hours worked over 40 hours in a week, liquidated damages, attorney fees, and costs.

Enbridge defended the lawsuit and denied that it violated federal or state law. Enbridge asserted that it did not employ the plaintiffs or other inspectors, but that the plaintiffs and other inspectors were employed by the Vendor Companies, who paid them.  Enbridge also asserted that the pay practices at issue did not violate state or federal law. Enbridge took the position that no damages should be awarded to the Eligible Class Members.

The parties agreed to settle these claims in the Lawsuit. The Parties reached this settlement after months of negotiations, during which each side recognized the risk of an uncertain outcome. The Parties presented the proposed settlement to the Court for approval. The settlement has been filed with the Court. On XXX, the Court approved the FLSA portion of the settlement and preliminarily approved the state law portion of the settlement as fair and reasonable.

The Settlement represents a compromise and settlement of highly disputed claims.  Nothing in the Settlement is intended or will be construed as an admission by Enbridge that plaintiffs' claims in the Action have merit or that it has any liability to plaintiffs or the proposed class or collective on those claims.  Enbridge has denied and continues to deny any such liability and maintains that it complied with all applicable laws.

The parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation.  The parties and their counsel have determined that the settlement is fair, reasonable, and adequate and is in the best interests of the members of the class and collective.

The Court that approved this settlement also approved sending this notice to you to explain the settlement, the background of the case, how the settlement share is allocated to each Eligible Class Member, and the rights each Eligible Class Member can exercise.

### Who is Affected by The Proposed Settlement?

You are receiving this Notice because you were identified as someone who was employed by

one of the Vendor Companies, who worked on an Enbridge pipeline during the Relevant Period in the United States, and who was paid a day-rate with no overtime. If you participate in this settlement, then you will receive additional compensation.

| **What Are Your Options?** |
|---|

**State Law Settlement:**

1. **Participate in the State Law Settlement. To participate in the State Law Settlement, you do not need to take any action at this time. After the Court grants final approval of the settlement, you will be mailed a settlement check and you will release your unpaid overtime claims.**

2. **Do not participate in the State Law Settlement. If you do not wish to participate in this settlement of your state law claims, you must make your request in writing and mail it to the Settlement Administrator.  The opt-out request must be postmarked no later than [insert date].  If you opt-out of the State Law Settlement by the deadline, you will be excluded from that portion of the Settlement.**

3. **Object to the State Law Settlement. You may object to the terms of the settlement before final approval.  To object, you must mail a signed objection to the Settlement Administrator.  The objection must be postmarked no later than [insert date].**

**Federal FLSA Collective Action Settlement:**

4. **Participate in the Federal FLSA Collective Action Settlement.  To participate in the federal FLSA collective action settlement, you do not need to take any action at this time. After the Court grants final approval of the settlement, you will be mailed a settlement check. If you cash that check, you will opt-in to the collective action settlement and will release your federal claims.**

5. **Do not participate in the Federal FLSA Collective Action Settlement. If you do not wish to participate in this settlement of your federal law claims, you do not need to take any action at this time. After the Court grants final approval of the settlement, you will be mailed a settlement check. If you do not wish to participate in the settlement of your federal law claims, you should not cash the check.**

| **No Retaliation.** |
|---|

Enbridge will not take any action against any inspector on the basis of an inspector's decision to participate in the Settlement or decision not to do so.

| **What if You Have Questions?** |
|---|

This Notice only summarizes the lawsuits, the Settlement, and related matters.  For more information about the Settlement or if you have any questions regarding the Settlement, you may

examine the Court file, or contact the attorneys for the Class ("Class Counsel"), or the Settlement Administrator:

JOSEPHSON DUNLAP, LLP
Michael A. Josephson
Andrew W. Dunlap
Richard M. Schreiber
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100

BRUCKNER BURCH, PLLC
Richard Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713)877-8788

GOODRICH & GEIST, P.C.
Joshua P. Geist
3634 California Ave.
Pittsburgh, PA 15212
Telephone: (412) 766-1455

*Robertson v. Enbridge* Settlement Administrator

## II.      SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

1.      Enbridge will pay up to [insert the final Gross Settlement Amount after Aguilar allocation] (the "Gross Settlement Amount") as the total settlement amount in this case. The Gross Settlement Amount will be used to pay:  (a) the claims of the Participating Class and Eligible Collective Members; (b) Class Counsel's fees and litigation costs; (c) a Service Award to the Class Representative, Zachariah Robertson;  and (d) the costs of administering the Settlement.

2.      After deduction from the Gross Settlement Amount for Class Counsel's attorneys' fees and litigation costs, the Service Award, and the costs of administering the Settlement, the remaining portion of the Gross Settlement Amount will be the Net Settlement Amount allocated ("Settlement Allocation") on a pro rata basis to each Participating Class Member and Eligible Collective Member based on the number of weeks worked by each Participating Class Member and Eligible Collective Member.

3.      Class Counsel will ask the Court to award attorneys' fees in an amount not to exceed 35% of the Maximum Settlement Amount and reasonable litigation costs, all of which, subject to Court approval, will be paid from the Gross Settlement Amount.  In addition, Class Counsel will ask the Court to authorize a Service Award to the Class Representative in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00).

6

4.      If you participate in the Settlement, you shall release the Released Parties, including Enbridge and Spectra, from all actions, causes of actions, demands, damages, attorneys' fees, costs, loss of wages, interest, and any other relief permitted to be recovered on, related to, or in any way growing out of any claims in the Lawsuits regarding events that occurred or are alleged to have occurred from the beginning of time through entry of judgment upon final approval of the settlement, including without limitation any claims for unpaid wages, compensation, or overtime related to the time you worked on an Enbridge pipeline while employed by one of the Vendor Companies listed above.

If you cash your settlement check after it has been finally approved and mailed to you, you will be deemed to have consented to join the collective action pursuant to section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and to have released any and all claims under the FLSA within the scope of Released Claims in the Settlement. However, even if you do not cash your settlement check, if you participate in the State Law Settlement, you will be bound by the Settlement and release your claims to the maximum extent permitted by law.

5.      State Settlement Classes Members are permitted to opt-out of the settlement. If you do not want to participate in the Settlement of your state law claim(s), you must make your request in writing and mail it to the Settlement Administrator. Your request must include your name, address, telephone number, signature, and the name of the Litigation.

In order to be valid, your request to opt-out must be received by the Settlement Administrator no later than XXX. If you properly submit a timely opt-out request, you are not eligible to receive a State Settlement Classes payment under the Settlement.

6.      Members of the State Settlement Classes are permitted to object to the Settlement. If you do not request exclusion from the Settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, by filing a written objection with the Court and mailing a copy of each to the Settlement Administrator at the following address: XXX.

All objections must be signed and set forth your name, address, telephone number, signature, and the name of the Litigation. Your objection should clearly explain why you object to the proposed Settlement and must state that either you or someone on your behalf intends to appear at the Final Approval and Fairness Hearing. All objections must be received no later than XXX. If you submit a timely objection, you may appear, at your own expense, at the Final Approval and Fairness Hearing, discussed below.

Any State Settlement Classes Member who does not object in the manner described above shall be deemed to have waived any objections to the Settlement, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the Service Award, the claims process, and any and all other aspects of the Settlement.

## III.   TAXES

For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows:  (1) the settlement payment: (a) fifty percent (50%) shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent (50%) shall be deemed payment in settlement of

claims for penalties, liquidated damages, interest, and all other non-wage recovery. With respect to the portion of payment allocated to the settlement of claims for unpaid wages, such portions will be subject to required withholdings and deductions by the Settlement Administrator and will be reported as wage income on a Form W-2 to be issued by the Settlement Administrator, and such other state or local tax reporting forms as may be required by law. With respect to the portion of payment allocated to the settlement of claims for non-wage recovery, such amounts will not be subject to withholding or deduction and will be reported as non-wage income on a Form 1099 or equivalent to be issued by the Settlement Administrator, and such other state or local tax reporting forms as may be required by law. The Class Member's share of payroll taxes will be deducted from the unpaid wages allocations of the settlement payment.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

| IV.    FINAL APPROVAL AND FAIRNESS HEARING |
| ON PROPOSED SETTLEMENT |

The Court will hold a Final Approval and Fairness Hearing on the fairness and adequacy of the Settlement on **XXX** in the United States District Court, 700 Grant Street, Pittsburgh, PA 15219

The Final Approval and Fairness Hearing may be continued without further notice to Class Members.

| V.    ADDITIONAL INFORMATION |

This Notice only summarizes the Litigation, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in the Litigation including the Settlement Agreement may be examined at the Office of the Clerk of the United States District Court, located at 700 Grant Street, Pittsburgh, PA 15219.

| VI.    IF YOU CHANGE YOUR NAME OR ADDRESS |

If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which this Notice was mailed to you, then you must send a written request by mail or email to the Settlement Administrator.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

**EXHIBIT C**

**\*\*COURT-AUTHORIZED NOTICE REGARDING SETTLEMENT\*\***
**NOT AN ADVERTISEMENT FROM A LAWYER**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **ZACHARIAH ROBERTSON, individually and on behalf of all others similarly situated,** | **DOCKET NO. 2:19-cv-01080-LPL** |
| | **JURY TRIAL DEMANDED** |
| **vs.** | **COLLECTIVE ACTION** |
| **ENBRIDGE (U.S.) INC.** | **PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23** |

**NOTICE OF PROPOSED SETTLEMENT OF CLAIMS OF CURRENT AND FORMER INSPECTORS WHO WORKED ON  ENBRIDGE (U.S.), INC. PIPELINES**

**SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS COLLECTIVE ACTION SETTLEMENT**

The Court granted approval of a settlement (the "Settlement") in the above-referenced collective action lawsuit (the "Litigation").  As part of the Settlement, the Court certified a collective action of current and former inspectors who were employed by one of the Vendor Companies[6] and who worked on Enbridge (U.S.), Inc., or affiliated companies (collectively "Enbridge"), pipelines in the United States between September 17, 2017 and September 2020 (the "Relevant Period").

Because you were employed by one of the Vendor Companies and worked on Enbridge pipelines in the United States during the Relevant Period, you are eligible to participate in  this settlement. The settlement involves claims under state wage and hours laws and claims under the federal Fair Labor Standards Act ("FLSA"). This notice is being send to the inspectors with FLSA claims concerning the FLSA claims in the Litigation.

The purpose of this Notice is to give you information about the FLSA settlement so that can decide whether to participate in the FLSA Settlement or not to participate in the FLSA Settlement.

---

[6] The Vendor Companies are:  Abrams Technical Services, Inc.; Audubon Field Solutions, LLC; Avery Pipeline Services, Inc. / Avery Technical Resources, Inc.; EnSite USA, Inc.; FIS Operations, LLC, d/b/a Frontier Integrity Solutions; MBF Inspection Services, Inc.; MDM Energy Services, Inc. / MDM Solutions, LLC; Onshore Quality Control Specialists, LLC; Universal Ensco, Inc. (Universal Pegasus International); and Wilcrest Field Services, LLC.

Your options are:

| You May: | Description: |
|---|---|
| Receive Settlement Money – No Action Required. | After the Court grants final approval of the Settlement, you will receive a pre-tax settlement allocation of **«BENEFIT ESTIMATE»** from this settlement. <u>You do not need to do anything to accept the settlement, other than sign and cash the Settlement Checks that will be sent to you after the Court grants final approval of this Settlement.</u> By signing and cashing the checks, you will become a settlement participant and will release all of the federal and state law claims you have or may have against Enbridge, as set forth in the Settlement Agreement. |
| Not Cash the Settlement Checks | If you do not want to participate in the Settlement, then you should not sign, cash, or otherwise negotiate the settlement checks. By not signing or cashing the Settlement Checks, you will not be waiving any rights or claims that you may have against Enbridge under federal law. |

*For additional information or if you have questions regarding this settlement, you may contact Attorney Andrew W. Dunlap, counsel on behalf of the class, at 1-713-352-1100 or by email at info@mybackwages.com.*

| VII. | DESCRIPTION OF THE COLLECTIVE ACTION SETTLEMENT |
|---|---|

**What is The Lawsuit About and Why Was This Notice Sent?**

The inspectors who sued Enbridge in this case ("plaintiffs") sued Enbridge on behalf of current and former inspectors who were paid a day-rate, who were employed by one or more of the Vendor Companies, and who worked on Enbridge pipelines throughout the United States between during the Relevant Period ("Eligible Collective Members"). In the lawsuit, the plaintiffs allege that the Eligible Collective Members were paid a day rate and were not paid overtime. The plaintiffs allege that paying a day rate without overtime violates the Fair Labor Standards Act and Pennsylvania, New York, Ohio, and Illinois state laws [insert additional states, if so designated by Enbridge]. The plaintiffs seek unpaid overtime for all hours worked over 40 hours in a week, liquidated damages, attorney fees, and costs.

Enbridge defended the lawsuit and denied that it violated federal or state law. Enbridge asserted that it did not employ the plaintiffs or other inspectors, but that the plaintiffs and other inspectors were employed by the Vendor Companies, who paid them. Enbridge also asserted that the pay practices at issue did not violate state or federal law. Enbridge took the position that no damages should be awarded to the Eligible Class Members.

The parties agreed to settle these claims in the Lawsuit. The Parties reached this settlement after months of negotiations, during which each side recognized the risk of an uncertain outcome. The Parties presented the proposed settlement to the Court for approval. The settlement has been filed with the Court. On XXX, the Court approved the FLSA portion of the settlement and preliminarily approved the state law portion of the settlement as fair and reasonable.

The Settlement represents a compromise and settlement of highly disputed claims.  Nothing in the Settlement is intended or will be construed as an admission by Enbridge that plaintiffs' claims in the Action have merit or that it has any liability to plaintiffs or the proposed class or collective on those claims.  Enbridge has denied and continues to deny any such liability and maintains that it complied with all applicable laws.

The parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation.  The parties and their counsel have determined that the settlement is fair, reasonable, and adequate and is in the best interests of the members of the class and collective.

The Court that approved this settlement also approved sending this notice to you to explain the settlement, the background of the case, how the settlement share is allocated to each Eligible Class Member, and the rights each Eligible Class Member can exercise.

## Who is Affected by The Proposed Settlement?

You are receiving this Notice because you were identified as someone who was employed by one of the Vendor Companies, who worked on an Enbridge pipeline during the Relevant Period in the United States, and who was paid a day-rate with no overtime. If you participate in this settlement, then you will receive additional compensation.

## What Are Your Options?

1. **Participate in the Federal FLSA Collective Action Settlement.  To participate in the federal FLSA collective action settlement, you do not need to take any action at this time.  After the court grants final approval of the settlement, you will be mailed a settlement check.  If you sign and cash that check, you will join the collective action settlement and will release your unpaid overtime claims.**

2. **Do Not Participate in the Federal FLSA Collective Action Settlement.  If you do not wish to participate in this settlement of your federal law claims, you do not need to take any action at this time.  After the Court grants final approval of the settlement, you will be mailed a settlement check.  If you do not wish to participate in the settlement of your federal law claims, you should not sign or cash the check.  If you do not sign or cash or otherwise negotiate the settlement check, then you will retain your unpaid overtime claims.**

## No Retaliation.

Enbridge will not take any action against any inspector on the basis of an inspector's decision to participate in the Settlement or decision not to do so.

| **What if You Have Questions?** |
| --- |

This Notice only summarizes the lawsuits, the Settlement, and related matters.  For more information about the Settlement or if you have any questions regarding the Settlement, you may examine the Court file, or contact the attorneys for the Class ("Class Counsel"), or the Settlement Administrator:

JOSEPHSON DUNLAP, LLP
Michael A. Josephson
Andrew W. Dunlap
Richard M. Schreiber
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100

BRUCKNER BURCH, PLLC
Richard Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713)877-8788

GOODRICH & GEIST, P.C.
Joshua P. Geist
3634 California Ave.
Pittsburgh, PA 15212
Telephone: (412) 766-1455

*Robertson v. Enbridge* Settlement Administrator

| **VIII.   SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT** |
| --- |

1.      Enbridge will pay up to [insert the final Gross Settlement Amount after *Aguilar* allocation] (the "Gross Settlement Amount") as the total settlement amount in this case. The Gross Settlement Amount will be used to pay:  (a) the claims of the Participating Class and Eligible Collective Members; (b) Class Counsel's fees and litigation costs; (c) a Service Award to the Class Representative, Zachariah Robertson;  and (d) the costs of administering the Settlement.

2.      After deductions from the Gross Settlement Amount for Class Counsel's attorneys' fees and litigation costs, the Service Award, and the costs of administering the Settlement, the remaining portion of the Gross Settlement Amount will be the Net Settlement Amount. The Net Settlement Amount will be allocated ("Settlement Allocation") on a pro rata basis to each Participating Class Member and Eligible Collective Member.

3.      Class Counsel will ask the Court to award attorneys' fees in an amount not to exceed 35% of the Maximum Settlement Amount and reasonable litigation costs, all of which, subject to Court approval, will be paid from the Gross Settlement Amount.  In addition, Class Counsel will ask

the Court to authorize a Service Award to the Class Representative in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00).

4.       After the Court grants final approval of the settlement, you will be mailed settlement checks. By timely indorsing, cashing, depositing, or otherwise claiming the Settlement Check, you shall release the Released Parties, including Enbridge, from all actions, causes of actions, demands, damages, attorneys' fees, costs, loss of wages, interest, and any other relief permitted to be recovered on, related to, or in any way arising out of any claims in the Lawsuits regarding events that occurred or are alleged to have occurred from the beginning of time through entry of judgment upon final approval of the settlement, including without limitation any claims for unpaid wages, compensation, or overtime related to the time you worked on an Enbridge pipeline during the Relevant Period while employed by one of the Vendor Companies listed above.

If you cash your settlement check after it has been finally approved and mailed to you, you will be deemed to have consented to join the collective action pursuant to section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and to have released any and all claims under the FLSA within the scope of Released Claims in the Settlement.

| IX.       TAXES |
| --- |

For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows:  (1) the settlement payment: (a) fifty percent (50%) shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent (50%) shall be deemed payment in settlement of claims for penalties, liquidated damages, interest, and all other non-wage recovery. With respect to the portion of payment allocated to the settlement of claims for unpaid wages, such portion will be subject to required withholdings and deductions by the Settlement Administrator and will be reported as wage income on a Form W-2 to be issued by the Settlement Administrator, and such other state or local tax reporting forms as may be required by law.  With respect to the portion of payment allocated to the settlement of claims for non-wage recovery, such amounts will not be subject to withholding or deduction and will be reported as non-wage income on a Form 1099 or equivalent to be issued by the Settlement Administrator, and such other state or local tax reporting forms as may be required by law. The Class Member's share of payroll taxes will be deducted from the unpaid wages allocations of the settlement payment. The Class Member's share of the attorneys' fee award will not be subject to withholding or deduction and will be reported as non-wage income on a Form 1099 or equivalent to be issued by the Settlement Administrator, and such other state or local tax reporting forms as may be required by law.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

| X.       ADDITIONAL INFORMATION |
| --- |

This Notice only summarizes the Litigation, the Settlement, and other related matters.  For more information, you may review the Court's files, including the detailed Settlement Agreement, which will be on file with the Clerk of the Court.  The pleadings and other records in the Litigation

including the Settlement Agreement may be examined at the Office of the Clerk of the United States District Court, located at 700 Grant Street, Pittsburgh, PA 15219.

| XI.   IF YOU CHANGE YOUR NAME OR ADDRESS |
| --- |

    If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which this Notice was mailed to you, then you must send a written request by mail or email to the Settlement Administrator.


**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

<u>**EXHIBIT D**</u>

<u>**\*\*COURT-AUTHORIZED NOTICE REGARDING SETTLEMENT\*\***</u>
<u>**NOT AN ADVERTISEMENT FROM A LAWYER**</u>

TO:    [Insert Name]

RE:    Settlement of Claims of Current and Former Inspectors Who Worked on Enbridge (U.S.), Inc. Pipelines

**Why Am I Getting This Notice**

You are getting this notice and check because a lawsuit against Enbridge (U.S.), Inc. settled.

The lawsuit was filed on behalf of current and former inspectors who were employed by one of the Vendor Companies[7] and who worked on an Enbridge[8] pipeline between September 17, 2017 and September 17, 2020 ("Relevant Period"). The inspectors alleged that Enbridge violated the Fair Labor Standards Act ("FLSA") and similar state laws by paying the inspectors a day-rate with no overtime. Inspectors who worked on Enbridge pipelines in the United States during the Relevant Period are eligible to participate in the settlement ("Eligible Class Members").

Enbridge defended the lawsuit and denied that it violated federal or state law. Enbridge asserted that it did not employ the plaintiffs or other inspectors. Enbridge maintains that the plaintiffs and other inspectors were employed by the Vendor Companies, who paid them. Enbridge also asserted that the pay practices at issue were appropriate and did not violate state or federal law. Enbridge took the position that no damages should be awarded to the Eligible Class Members.

**THIS NOTICE IS TO INFORM YOU THAT YOU ARE ENTITLED TO RECEIVE MONEY FROM A SETTLEMENT IN LAWSUIT, AS DESCRIBED BELOW, IN THE SUM OF [INSERT SETTLEMENT SHARE].**

YOU ARE NOT REQUIRED TO DO ANYTHING TO RECEIVE YOUR SHARE OF THE SETTLEMENT OTHER THAN INDORSING AND DEPOSITING THE SETTLEMENT CHECK, AND AGREEING TO THE TERMS SET FORTH ON THE BACK OF THE CHECK

---

[7] The Vendor Companies are: Abrams Technical Services, Inc.; Audubon Field Solutions, LLC; Avery Pipeline Services, Inc. / Avery Technical Resources, Inc.; EnSite USA, Inc.; FIS Operations, LLC, d/b/a Frontier Integrity Solutions; MBF Inspection Services, Inc.; MDM Energy Services, Inc. / MDM Solutions, LLC; Onshore Quality Control Specialists, LLC; Universal Ensco, Inc. (Universal Pegasus International); and Wilcrest Field Services, LLC.

[8] "Enbridge" in this letter includes its affiliated companies, including Spectra Energy.

AS DESCRIBED BELOW. THE SETTLEMENT CHECK IS ENCLOSED WITH THIS NOTICE.

**Your Share of the Settlement**

Your settlement payment was based the number of weeks you worked on Enbridge pipelines during the Relevant Period while you were employed by one of the Vendor Companies.

Your settlement amount is [insert settlement share].  You have 90 days to endorse and deposit this check.  If you do not cash the check, you will not be entitled to any compensation from Enbridge or the Releasees.

**What Happens If I Cash My Check?**

In exchange for indorsing and agreeing to the language on the back of your check, cashing your check, and obtaining your Settlement Award, you have agreed to join the unpaid overtime lawsuit against Enbridge and to release claims as set forth on the back of the check. That release states as follows:

> By signing or cashing this check, I acknowledge a bona fide dispute relating to the payment of overtime wages exists between myself and Enbridge, and I affirm my release of Enbridge (U.S.) Inc., and all Releasees (defined below) of all Released Claims as defined in the Settlement Agreement approved by the Court in *Zachariah Robertson, et al, individually and on behalf of all similarly situated individuals, v. Enbridge (U.S.) Inc.,* Civil Action No. 2:19-cv-1080 pending in the United States District Court for the Western District of Pennsylvania (the "Action") and described in Section II of the Notice I previously received (and defined again below).  I affirm that I will not sue or assert any of the Released Claims against any Releasee, and I consent to opt into the Action and become a plaintiff in the Action.

"Releasees" means Defendant Enbridge (U.S.), Inc., Spectra Energy Corp., Audubon Field Solutions, LLC, Abrams Technical Services, Inc., and all of their past, present, and future officers, owners, directors, principals, agents, employees, representatives, parents, shareholders, partners, subsidiaries, holding companies, affiliates, predecessors, successors, assigns, and joint ventures in their individual and corporate capacities. By accepting a Settlement Payment, each Eligible Rule 23 Class Member and Eligible FLSA Collective Member manifests his or her assent to release the Released Parties and becomes a Participating Collective Member. The other Vendor Companies listed herein shall not be included as released parties and the Participating Rule Class Members and Participating FLSA Collective Members are not releasing the other Vendor Companies in this Settlement Agreement.

"Released Claims" applies to the claims of Participating Rule 23 Class Members and Participating FLSA Collective Members, for the weeks in which they worked on Enbridge's pipelines or projects—as well as pipelines or projects owned or operated by Spectra Energy Corp. ("Spectra"), and affiliated companies, which merged with Enbridge in February 2017—and means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the *Robertson* Action based on allegations of unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA and/or Pennsylvania, Ohio, New York, and Illinois state wage and hour laws, as well as the state wage and hour laws of [any other state to the extent that Enbridge elects

to include such additional state as part of the Agreement after receiving the relevant data from the Vendor Companies], from the beginning of time through entry of judgment upon final approval of the settlement.

[If the plaintiff is an Eligible Rule 23 Class Member]  As explained in the prior Notice you received, you are a participating member in the Rule 23 State Law Settlement. Accordingly, regardless of whether you indorse and cash the Settlement Check, you will release all of the state law claims listed in the Settlement Agreement.

You will be acknowledging that you are represented by Josephson Dunlap, LLP, Bruckner Burch PLLC, and Goodman & Geist, P.C. (collectively "Class Counsel") and that you will be bound by the terms of the Professional Services Agreement signed by the Named Plaintiff, Zachariah Robertson, in this case.

You will not have to pay Class Counsel any money directly.  Enbridge is paying attorneys' fees and costs as part of the settlement.

Please remember that you are responsible for ensuring compliance with tax requirements relating your share of the settlement and your settlement check.

**What Does the Court Think?**

While the Court approved this settlement, the Court did not determine that Enbridge (or anyone else) did anything wrong.  The Court did not determine that you are owed any money.  Instead, this is a settlement payment which the Court approved as fair and reasonable in light of the claims and defenses asserted.

**What Does Enbridge Think?**

Enbridge believes this settlement is a business solution to this dispute.  Enbridge has, at all times, disputed that it or any related company violated any law.  It believes the pay practices are fully compliant with all laws and that the class and collective members are not employees of Enbridge, but instead were employed by one or more of the Vendor Companies.

**What If I Have Other Questions?**

This Notice is only a summary.  If you have additional questions please call Class Counsel at [insert contact information] or the Settlement Administrator at [insert contact information].  The 90-day deadline to cash your check will not be extended under any circumstances.

**Please do not contact the Court regarding this settlement.  The Court must remain neutral in this matter and cannot offer you advice.**