UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ZACHARIAH ROBERTSON, ANGEL HERNANDEZ, GORDON LUNSTED, and GREG HUGGINS individually and on behalf of all others similarly situated,<br><br>v.<br><br>ENBRIDGE (U.S.) INC., CLEVELAND INTEGRITY SERVICES, INC. and CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC. | Case No. 2:19-cv-1080-WSS-LPL |

**ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF A COLLECTIVE ACTION SETTLEMENT AND PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT**

Before the Court is this Unopposed Motion for Approval of a Collective Action Settlement and Preliminary Approval of a Class Action Settlement. After considering the Motion and the papers in support of same, the Settlement Agreement, and the arguments of counsel, the Court is of the opinion that the Motion for Approval of a Collective Action Settlement and Preliminary Approval of a Class Action Settlement is GRANTED. IT IS HEREBY ORDERED as follows:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the proposed settlement of the Pennsylvania, New York, Ohio and Illinois state law claims embodied in the Settlement Agreement[1] is hereby preliminarily approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class (as defined in the Settlement Agreement), in light of the factual,

---

[1] In addition, pursuant to paragraph 17 of the Settlement Agreement, Defendant Enbridge (U.S.) Inc. may designate additional state law class claims to include as part of the settlement once Enbridge (U.S.) Inc. has received the data for the Class List from Vendor Companies. In the event Enbridge exercises its right to designate additional state law class claims in the Settlement Agreement, plaintiff will file an amended complaint that includes the additional state law class claims and the parties will file an amended or supplemental motion for approval of the additional state law class claims.

legal, practical, and procedural considerations raised by this case. Solely for the purpose of the settlement defined in the Settlement Agreement,[2] and pursuant to Rule 23(e), the Court certifies the following classes for settlement purposes:

> All Plaintiffs, Opt-in Plaintiffs, and current or former Inspectors who performed work on Defendant Enbridge (U.S.) Inc. pipeline or projects (including the pipeline or projects of Spectra Energy Corp. or affiliated entities) at any time from September 17, 2017 to September 17, 2020 working in Pennsylvania, New York, Ohio and Illinois; and employed by the Vendor Companies.[3]

2. The Court finds that certification of the Pennsylvania, New York, Ohio and Illinois Classes, solely for purposes of Settlement, is appropriate in that: (a) the Pennsylvania, New York, Ohio and Illinois Class Members are so numerous that joinder of all Pennsylvania, New York, Ohio and Illinois Class Members is impracticable; (b) there are questions of law and face common to the Pennsylvania, New York, Ohio and Illinois Class which predominate over any individual questions; (c) claims of the Class Representatives (as defined in the Settlement Agreement) are typical of the claims of the Pennsylvania, New York, Ohio and Illinois Class; (d) the Class Representatives and Class Counsel (as defined in the Settlement Agreement) have fairly and adequately represented and protected the interests of the Pennsylvania, New York, Ohio and Illinois Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

---

[2] The Court adopts and incorporates paragraph 36 of the Settlement Agreement which applies in the event the Settlement Agreement fails to become final for any reason. Among other things, paragraph 36 provides that in that event the Settlement Agreement fails to become final for any reason, the Parties shall return to the position they were in immediately preceding the execution of the Settlement Agreement without prejudice to any position or argument they may otherwise have had in the absence of the Agreement.

[3] Vendor Companies are defined as: Abrams Technical Services, Inc., Audubon Field Solutions, LLC, Avery Pipeline Services, Inc. / Avery Technical Resources, Inc., EnSite USA, Inc., FIS Operations, LLC d/b/a Frontier Integrity Solutions, MBF Inspection Services, Inc., MDM Energy Services, Inc. / MDM Solutions, LLC, Onshore Quality Control Specialists, LLC, Universal Ensco, Inc. (Universal Pegasus International), and Wilcrest Field Services, LLC.

3. The Court hereby preliminarily appoints Plaintiff Zachariah Robertson as the representative of the Pennsylvania, New York, Ohio and Illinois Classes and finds that he meets the requirements of Rule 23(a)(4).

4. In accordance with Rules 23(a)(4) and (g) and the FLSA, the Court approves the following attorneys as Class Counsel for the Pennsylvania, New York, Ohio and Illinois Classes:

> Andrew W. Dunlap
> Michael A. Josephson
> JOSEPHSON DUNLAP LAW FIRM
> 11 Greenway Plaza, Suite 3050
> Houston, Texas 77046
>
> AND
>
> Richard J. Burch
> BRUCKNER BURCH PLLC
> 11 Greenway Plaza, Suite 3025
> Houston, Texas 77046
>
> AND
>
> William F. Goodrich
> Joshua P. Geist
> GOODRICH & GEIST, P.C.
> 3634 California Ave.
> Pittsburgh, PA 15212

5. The Court preliminarily approves the attorney fees and costs requested related to the Pennsylvania, New York, Ohio and Illinois class claims.

6. The Court finds that the plan for Class Notice (as defined in the Settlement Agreement) is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. The plan is approved and adopted. The Court further finds that the Class Notice complies with Rule 23(c)(2), Rule 23(e), and is appropriate as part of the plan for issuing notice set forth in the Settlement Agreement as approved and adopted. Class Counsel shall work with the settlement administrator to distribute the Notice.

7. The Court finds that ILYM is qualified to act as the Claims Administrator (as defined in the Settlement Agreement) for this settlement.

8. The Court finds that the FLSA Settlement is APPROVED; however, the Court's ultimate approval of the FLSA Settlement is contingent upon the Court's granting final approval of the settlement of the state law class claims discussed above. Pursuant to paragraph 35 of the Settlement Agreement, Enbridge has no obligation to pay Eligible FLSA Collective Members unless and until the Court grants final approval of the state law claims under Fed. R. Civ. P. 23 and the conditions required for the Funding Date to occur, as defined in the Settlement Agreement, have been fulfilled. Subject to paragraphs 36 of the Settlement Agreement, the Court certifies for settlement purposes only the following collective, pursuant to 29 U.S.C. § 216(b):

> All Plaintiffs, Opt-in Plaintiffs, and current or former Inspectors who performed work on Defendant Enbridge (U.S.) Inc. pipeline or projects (including the pipeline or projects of Spectra Energy Corp. or affiliated entities) at any time from September 17, 2017 to September 17, 2020 working in the United States; and employed by the Vendor Companies.

9. The Court finds that the FLSA Settlement is a result of good faith negotiations over a bona fide dispute. All Parties were represented by experienced counsel, who overcome significate issues to reach a resolution.

10. The Court approves the attorney fees and costs associated with the FLSA settlement, subject to final approval of the state law claims under Fed. R. Civ. P. 23 and the fulfilment of the conditions required for the Funding Date to occur, as defined in the Settlement Agreement.

11. The Court directs the Parties to adhere to the Settlement Agreement, administer notice, and file a Motion for Final Approval of the Rule 23 Settlement, assuming all aspects of the Settlement Agreement are completed, within 14 days before the hearing on Final Approval.

12. Notwithstanding this order and the fact that Plaintiffs filed their motion for preliminary approval of the settlement, the parties shall complete items (a) through (d) in Paragraph 14 of the Settlement Agreement (Order of Events) before proceeding to item (g) in Paragraph 14. The final

apportionment of the Gross Settlement Amount shall be made after receipt of the Class List from the Vendors and after allocation between this action and the *Aguilar* Action, as set out in the Settlement Agreement. Moreover, Enbridge may add additional individuals to the settlement as set out in Paragraph 16 of the Settlement Agreement, if applicable and in its discretion, after receipt of the Class List.

13. The fairness hearing for Final Approval set forth in the Class Notice is hereby scheduled for \_\_\_\_[120 days after this Order]_____ at _____ a.m./p.m, in Courtroom_____, U.S. Courthouse, 700 Grant Street, Courtroom 5A, Pittsburgh, Pennsylvania 15219.

IT IS SO ORDERED.

DATED: _____

_____
MAGISTRATE JUDGE LENIHAN

APPROVED AS TO FORM:

By: */s/ Andrew W. Dunlap*
JOSEPHSON DUNLAP LLP,
Michael A. Josephson
Texas Bar No. 24014780
Andrew Dunlap
Texas Bar No. 24078444
William R. Liles
Texas Bar No. 24083395
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Facsimile: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
wliles@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

ATTORNEYS FOR PLAINTIFFS

AND

*/s/ Timothy M. Watson*
SEYFARTH SHAW LLP,
Timothy M. Watson
Texas Bar No. 20963575
John P. Phillips
Texas Bar No. 24083659
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile
twatson@seyfarth.com
jphillips@seyfarth.com

ATTORNEYS FOR DEFENDANT ENBRIDGE (U.S.), INC.