IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| ZACHARIA ROBERTSON, ANGEL HERNANDEZ, GORDON LUNSTED, and GREG HUGGINS, individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 2:19-cv-01080-WSS-LPL |
| v. | § § | Judge William S. Stickman IV |
| ENBRIDGE (U.S.) INC., CLEVELAND INTEGRITY SERVICES, INC., and CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC, | § § § § | Magistrate Judge Lisa Pupo Lenihan |
| *Defendants*. | § § | |

**MBF INSPECTION SERVICES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO INTERVENE**

**INTRODUCTION**

MBF Inspection Services, Inc. ("MBF") seeks to intervene in this litigation to assert its

right to prevent the disclosure of its employee information for the purpose of sending settlement

notice. The vast majority of MBF's employees have agreed to arbitrate their claims on an

individual basis and forego participating in any class or collective action, and thus are not eligible

to participate in this litigation, including the settlement thereof. Because MBF's Motion is timely,

because MBF's interest in the underlying litigation will be affected by the disposition of this case,

and because the current parties do not represent MBF's interests, the Court should grant MBF's

Motion to intervene by right and by permission.

## I.     RELEVANT BACKGROUND

MBF is a provider of high-quality inspection, consulting, safety, and construction site management services for clients in the oil and gas industry.  (Ex. 1, Declaration of Mark Daniels ("Daniels Decl."), ¶ 2.).   MBF provided skilled pipeline inspectors to Enbridge (U.S.) Inc. ("Enbridge"), an energy transportation company, for projects in various states.  (*Id.*).  MBF is one of a number of such "Vendor Companies" at issue in this action, which provided inspectors for Enbridge projects.  (*See id.*).  Almost all of MBF's employees who worked on Enbridge projects have entered into arbitration agreements with MBF, and such agreements prohibit pursuing class or collective litigation.  (*Id.* at ¶ 3.).

## II.    THE LITIGATION

### A.  Plaintiffs Excluded Vendor Companies From the Lawsuit

Plaintiffs strategically filed this lawsuit only as against Enbridge, to the exclusion of the Vendor Companies.  Presumably, Plaintiffs chose to do so in order to avoid the arbitration agreements and forum selection clauses that would arise if the Vendor Companies were included in the lawsuit.  (*See, e.g.,* Dkt. 98, Report and Recommendation on Motions to Intervene (finding this to be a "valid question"); Dkt. 111, Order Granting Motions to Intervene and Adopting Report and Recommendations.).  This Court previously compelled various opt-ins to arbitration, including the lone MBF employee to join the litigation, and Enbridge has sought indemnity from MBF for the litigation.  This Court has previously granted several Motions to Intervene by Vendor Companies seeking to preserve their rights in this action to enforce arbitration agreements.  (*See id.*).  MBF is no different.

### B.  Plaintiffs Settle with Enbridge

Despite compelling various opt-ins to arbitration (including the lone MBF opt-in), Plaintiffs and Enbridge entered into a Settlement Agreement and Release (the "Agreement") in February 2021.  (Dkt. 270-1.).  Pursuant to that Agreement, Plaintiffs and Enbridge agreed that the class would include inspectors "employed by . . . Vendor Companies who worked on Enbridge pipelines or projects" during the period September 17, 2017 to September 17, 2020.  (*Id.* at §§ 2-3.).  MBF is specifically listed in the Agreement as one of the Vendor Companies.  (*Id.* at § 3(f).).  Regardless of the size of the class, Enbridge agreed to pay the fixed sum of $3.5 million to settle the suit.  (*Id.* at § 5.).  The Agreement does not provide any release of liability to MBF or other Vendor Companies, either from Plaintiffs or from Enbridge.  The settlement is an end run around the arbitration agreements, creating a dynamic where Plaintiffs avoid arbitration along with the attendant class waiver while Enbridge seeks indemnification for the class settlement from the Vendor Companies.

### III.    PLAINTIFFS' SUBPOENA TO MBF

On February 26, 2021, Plaintiffs' counsel served MBF with a nonparty subpoena seeking confidential information about MBF's employees.  (Daniels Decl., ¶ 4.).  Although MBF provided Plaintiffs with certain information in response to the subpoena, Plaintiffs' request was improper because all of the relevant employees had agreed to arbitrate any claims, and therefore could not properly be included in any class/collective settlement and receive settlement notice.  *See, e.g., In re JPMorgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019) ("[D]istrict courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action."); *Bigger*

*v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020) (same).  In order to ensure that notice is not sent to ineligible individuals, MBF now brings this Motion to Intervene.

## IV.      MBF'S ARBITRATION AGREEMENTS

Many MBF employees who worked on an Enbridge project during the relevant period signed an arbitration agreement with MBF.  (Daniels Decl., ¶ 4.).  There are two forms of arbitration agreement, and in each one, the agreement is broad, covering "any" and "all" controversies relating to the employment agreement or to the employee's employment by MBF or termination thereof.  (*Id.* at Exs. 1-A (Albrecht), 1-B § 10 (Batton)).[1]  Many of the agreements similarly contains a class/collective action waiver, through which employees agreed to pursue their claims on an individual basis only and therefore waived the right to commence, be a party to, participate in, receive money or any other relief from, or amend any existing lawsuit to include any representative, collective, or class proceeding or claims.  (*Id.* at Ex. 1-B § 10(b).).  Finally, each agreement contains the same delegation clause, providing that the arbitrator shall have the "power" and/or "exclusive authority" to resolve disputes and to award all remedies that could be awarded by a court or administrative agency that are authorized by applicable law.  (*Id.* at 1-A, 1-B § 10(c), (i).).

## V.      THE IMPORTANCE OF MBF'S INTERVENTION

Once MBF intervenes in the case, it intends to immediately file a motion seeking a protective order from the Court confirming that no notice will be sent to any of MBF's employees, given that they are ineligible to participate in the settlement.

---

[1] The employment agreements of Messrs. Albrecht and Batton are attached as exemplars.  These agreements reflect the same form used for almost all of MBF's employees who worked on an Enbridge project during the relevant time period.

## ARGUMENT

### I.     MBF MAY INTERVENE AS OF RIGHT UNDER FRCP 24(A)

#### a.  Legal Standard

Under Federal Rule of Civil Procedure 24(a)(2), the Court *must* permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  FED. R. CIV. P. 24(a)(2).  The Third Circuit has explained that a successful intervenor must show the following: "(1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests."  *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005).  This Court previously has found that other Vendor Companies in a comparable position were eligible to intervene by right.  (*See* Dkt. 98, Report and Recommendation on Motions to Intervene; Dkt. 111, Order Granting Motions to Intervene and Adopting Report and Recommendations.).

#### b.  MBF's Motion is Timely

MBF's Motion to Intervene is timely because it seeks to protect its rights in the class notice process, which is ongoing.  Plaintiffs' counsel served MBF with a subpoena on February 26, 2021, seeking confidential information about MBF's employees.  Although MBF provided certain information to Plaintiffs in response to the subpoena on March 17, 2021, recent events have highlighted the need for MBF to intervene in this proceeding—namely, the ongoing dispute

between Enbridge and MBF regarding MBF's potential indemnity obligations and the recent successful interventions by other Vendor Companies.

When a potential intervenor seeks intervention by right, the "amount of time which has elapsed since the litigation began" is not the relevant inquiry for timeliness. *Brennan v. Steamfitters Loc. Union No. 449, United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. of U.S. & Canada, AFL-CIO*, 64 F.R.D. 633, 642 (W.D. Pa. 1974). Instead, "the court should also look to the related circumstances, including the purpose for which intervention is sought, the necessity for intervention as a means of preserving the applicant's rights, and the improbability of prejudice to those already parties in the case." *Id.* (quoting *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 129 (D.C. Cir. 1972)).

MBF does not seek to interfere with the Settlement Agreement between Plaintiffs and Enbridge.[2] Instead, MBF seeks only to enforce its rights to ensure that notice of the settlement is not sent to improper parties—namely, its employees who have agreed to arbitrate their claims in their individual capacity, rather than joining a class or collective action in court. Sending notice to MBF employees irrevocably violates MBF's contractual rights. Ensuring that notice is not sent in violation of MBF's contractual rights will not impact the timing of the notice process or the resolution of the settlement between Plaintiffs and Enbridge. In fact, avoiding superfluous litigation that improper notice "merely stirs up" would speed up the process for both Plaintiffs and Enbridge. *See JPMorgan*, 916 F.3d at 502 (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 174 (1989)). To date, notice has not gone out to MBF employees, and the question of whether such notice is proper is timely before the Court.

---

[2] For clarity, however, MBF maintains that it does not owe indemnity obligations to Enbridge relating to the settlement.

MBF did not previously seek to intervene in the litigation because its rights were not at issue—the lone MBF opt-in was compelled to arbitration, and it was not clear that Enbridge would settle the litigation and seek to include MBF employees as part of the class.  However, now that MBF's rights have been threatened (by virtue of issuing notice to MBF employees to participate in a class settlement in violation of their contractual obligations to MBF), MBF timely made the present motion.

### c.   MBF Has Sufficient Interest in the Litigation

MBF has sufficient interest in the litigation because Plaintiffs seek to notify MBF's employees of their purported right to participate in a settlement in this action, when in fact no such legal right exists.

Almost every MBF employee who worked on an Enbridge project during the relevant time period signed an arbitration agreement.  This Court has already found that similar arbitration agreements should bar participation in this lawsuit, including the lone MBF opt-in. (*See, e.g.,* Dkt. 175 at 9 (finding that Plaintiffs were attempting to do an "end run around" their arbitration agreements in order to deprive employers of the benefit of the bargain, by strategically excluding employers with arbitration agreements from the litigation).

Indeed, the Court has determined—in each and every instance it considered—that potential plaintiffs with an arbitration agreement were to be excluded from the litigation.  *See Robertson*, 2020 WL 5754214, at *5 (as to Plaintiff Parks); *see also Robertson v. Enbridge*, No. CV 19-1080, 2020 WL 9211171, at *1 (W.D. Pa. Aug. 4, 2020) (as to Plaintiff Linsicombe); *Robertson v. Enbridge*, No. CV 19-1080, 2020 WL 9211176, at *1 (W.D. Pa. Aug. 4, 2020) (as to Plaintiff Brimmer); *Robertson v. Enbridge*, No. CV 19-1080, 2020 WL 9211176, at *1 (W.D. Pa. July 31,

2020), report and recommendation adopted, No. 2:19-CV-1080, 2020 WL 5702419 (W.D. Pa. Sept. 24, 2020) (as to Plaintiffs Lunsted and Kozelouzek).

Because most of MBF's employees have universally agreed to arbitrate any such claim, and thus cannot participate in the lawsuit, the Court may not authorize the disclosure of their confidential information and the issuance of settlement notice. *See, e.g., JPMorgan*, 916 F.3d at 501; *Bigger*, 947 F.3d at 1050. This Court has already ruled that similarly situated Vendor Companies had a sufficient interest to intervene on similar grounds. (*See* Dkt. 98, Report and Recommendation on Motions to Intervene at 6; Dkt. 111, Order Granting Motions to Intervene and Adopting Report and Recommendations.).

Accordingly, as with prior intervenors in this case, MBF has demonstrated a sufficient interest in this litigation.

### d.  MBF's Interest Will Be Affected by the Disposition of the Action

This Court also has found that similarly-situated Vendor Companies would be affected by the disposition of this action. (Dkt. 98, Report and Recommendation on Motions to Intervene at 6-7.). MBF is no different. Here, Plaintiffs seek to send notice of settlement to all of MBF's employees, despite the fact that many have agreed to individually arbitrate precisely these types of claims. To allow such notice, while prohibiting MBF from making its case as a party, would allow Plaintiffs to do an "end run" around MBF's arbitration agreements and fully deprive them of the benefit of their bargain—a risk which this Court has expressly identified. (Dkt. 175 at 9.). Like prior intervenors in this case, MBF has demonstrated that it will be significantly affected by the disposition of this case.

### e.  MBF's Interests are Not Represented by Any Party in the Litigation

A potential intervenor seeking to prove that it is not sufficiently represented by any party must show that its interest: "(1) diverge[s] sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." (*Id.* at 8 (citing *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992)).). The burden of such a showing on the potential intervenor "should be treated as minimal."  (*Id.* (quoting *Benjamin ex rel. Yock v. Dep't. of Pub. Welfare of Pennsylvania*, 701 F.3d 938, 958 (3d Cir. 2012)).).

This Court already has found that the interests of similarly-situated Vendor Companies were not adequately represented by parties in this suit.  (*Id.*).  MBF is in the same position.  Here, Enbridge has already entered into a Settlement Agreement with Plaintiffs.  Neither Enbridge (which has an interest in the broadest possible settlement, and which has already agreed to pay a sum-certain settlement amount) nor Plaintiffs (whose counsel has an interest in obtaining contact information for as many new future litigants as possible) have any interest in enforcing the necessary limitations on notice.  Indeed, Enbridge seeks to issue class notice to MBF employees in exchange for a release in favor of Enbridge (but not MBF) while simultaneously seeking to require MBF to pay the settlement through a purported indemnity agreement with MBF.

As a result, the Court should follow its precedent and find that MBF has demonstrated that it will be affected by the disposition of this case, and thus that MBF has the right to intervene.

## II.     THE COURT SHOULD PERMIT MBF TO INTERVENE UNDER FRCP 24(B)

Even if there were some question as to intervention as of right, the Court should allow MBF to intervene under Rule 24(b) of the Federal Rules of Civil Procedure.

Under Rule 24(b), the Court may grant permissive intervention to anyone who timely asserts "a claim or defense that shares with the main action a common question of law or fact," after considering "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(1)(B).

Here, as with the prior intervenors, there is no question that there are common questions of law and fact.  MBF employed the same individuals on the same projects during the same time periods at issue in this case.  MBF issued those individuals' paychecks.  Indeed, the precise information as to these facts is the sole basis for Plaintiffs' subpoena to MBF that precipitated (at least in part) this Motion.  The facts that underlie MBF's issues are identical to those underpinning this litigation.

Further, common questions of law permeate the case.  Whether Plaintiffs are entitled to MBF employee information, whether MBF employees may receive notice of the settlement, and whether MBF employees may join the class are all common questions of law to Plaintiffs, Enbridge, and MBF.

Finally, MBF's motion is timely and will not delay the litigation.  MBF does not seek to invalidate the Settlement Agreement or impede the conclusion of this litigation.  Rather, MBF merely seeks to enforce its rights to ensure that its employees, who are bound by arbitration agreements, are not improperly contacted and given notice of the settlement.  When an intervenor does not seek to "disrupt the resolution of the underlying merits," prejudice is far less likely to result. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 (3d Cir. 1994).  MBF's intervention

likewise will not prejudice the parties, as Enbridge will still receive its release from litigation and Plaintiffs still will receive the agreed-upon settlement amount.  The only material difference will be the composition of the class list—a factor which does not impact the overall outcome for either party, yet is of the utmost importance to MBF.

## **CONCLUSION**

In sum, MBF has a clear right to intervention in this action to ensure that settlement notice is not sent to its employees in contravention of their arbitration agreements, which waive their right to participate in any class/collective action litigation (including the settlement thereof). Moreover, MBF has established permissive grounds for intervention.  Because MBF does not seek to invalidate the parties' Settlement Agreement or otherwise disrupt the resolution of this litigation, and because the class notice process is still ongoing, the Court should grant MBF's Motion to Intervene.

Dated: May 24, 2021.

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ William R. Stukenberg*
William R. Stukenberg (*pro hac vice* forthcoming)
TX State Bar No. 24051397
M. Shane Johnson (*pro hac vice* forthcoming)
TX State Bar No. 24083263
Alison P. Henderson (*pro hac vice* forthcoming)
TX State Bar No. 24087707
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6211
wstukenberg@porterhedges.com
sjohnson@porterhedges.com
ahenderson@porterhedges.com

*Attorneys for Defendant-Intervenor*
*MBF Inspection Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed and served on all counsel of record via the Court's electronic filing system on the 24th day of May, 2021.

*/s/ William R. Stukenberg*
William R. Stukenberg

11080178