# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

ZACHARIAH ROBERTSON, ANGEL
HERNANDEZ, GORDON LUNSTED, and
GREG HUGGINS individually and on behalf
of all others similarly situated,

v.

**Case No. 2:19-cv-1080-WSS-LPL**

ENBRIDGE (U.S.) INC., CLEVELAND
INTEGRITY SERVICES, INC. and
CYPRESS ENVIRONMENTAL
MANAGEMENT-TIR, LLC.

---

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, ATTORNEY FEES, AND COSTS

---

**Michael A. Josephson**
State Bar No. 24014780
**Andrew Dunlap**
State Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Joshua P. Geist**
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite
3025Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

i

# TABLE OF CONTENTS

1.   Summary of the Case, Argument, and Issues ...................................................................1

2.   Procedural History and Background.................................................................................2

    A.   Recap Of The Basic Settlement Terms.......................................................................4

    1. The Class Members ..................................................................................................4

    2. The Settlement Fund...............................................................................................4

    3. The Allocation To The Class Members .................................................................4

    4. The Administration Of Notice ...............................................................................4

    5. Payments Under The Settlement.............................................................................5

    6. Release Of Claims...................................................................................................5

3.   Argument ...........................................................................................................................5

    1. The Proposed Settlement Terms Are Fair, Reasonable And Adequate In Relation To The Strength Of Plaintiff's Case And Risks And Expense Of Further Class Litigation.......................7

    2. This Is An Appropriate Point For Settlement..........................................................7

    3. The Opinion Of Experienced Counsel Supports Approval Of The Settlement, Which Resulted From Arm's Length Negotiations By Informed And Experienced Counsel .................8

    4. The Settlement Class' Response Supports The Settlement........................................8

    5. The Enhancement Awards Should Be Approved ...................................................9

    B.   The Court Should Finally Certify The Settlement Class Under Fed. R. Civ. P. 23 .............10

    1. The Settlement Class Is Sufficiently Numerous....................................................11

    2. The Settlement Class Seeks Resolution of Common Questions ...............................11

    3. The Claims Of The Named Plaintiff Are Typical Of The Settlement Class ............12

    4. Class Counsel And Plaintiff Zachariah Robertson Meet The Adequacy Requirements Of The Settlement Class .................................................................................12

    5. Settlement Class Satisfies The Predominance And Superiority Requirements Of Fed. R. Civ. P. 23(B)(3) ...................................................................................................13

C.     The Attorney Fees And Costs Requested Are Reasonable And Customary .......................... 13

1. The Size Of The Fund Created And The Number Of Beneficiaries, As Well As The Value Of The Benefits Supports The Requested Fee .................................................................... 14

2. The Response of Settlement Class Members Supports The Requested Fee ........................... 15

3. The Skill and Efficiency of Class Counsel That Enabled Them to Obtain This Result Supports the Requested Fee ................................................................................................ 15

4. The Awards In Similar Cases Supports The Requested Fee ...................................................... 16

5. Class Counsel's Costs Should Be Approved ............................................................................. 17

D.     This Settlement Is On Par With Recent Settlements Involving Oil and Gas Service Companies ............................................................................................................................. 17

4.     Conclusion ................................................................................................................................ 18

## TABLE OF AUTHORITIES

*Bell Atl. Corp. v. Bolger,*
   2 F.3d 1304 (3d Cir. 1993)..................................................................................15

*Bredbenner v. Liberty Travel, Inc.,*
   No. 09-cv-905, 2011 WL 1344745 (D.N.J. Apr. 8, 2011) .............................. 16, 23

*Brumley v. Camin Cargo Control, Inc.,*
   No. 08-1798, 2012 WL 1019337 (D.N.J. Mar. 26, 2012) ............................... 12, 22

*Chemi v. Champion Mortg.,*
   C.A. 05-cv-1238 2009 WL 1470429 (D.N.J. May 26, 2009) ................................22

*City of Detroit v. Grinnell Corp.,*
   356 F. Supp. 1380 (S.D.N.Y. 1972) .......................................................................12

*Cullen v. Whitman Med. Corp.,*
   197 F.R.D. 136 (E.D. Pa. 2000).......................................................................15, 23

*Eichenholtz v. Brennan,*
   52 F.3d 478 (3d Cir. 1995)....................................................................................12

*Erie County Retirees Assoc. v. County of Erie. Pa.,*
   192 F. Supp. 2d 369 (W.D. Pa. 2002) ...................................................................23

*Fry, v. Hayt, Hayt & Landa*u,
   198 F.R.D. 461 (E.D. Pa. 2000)....................................................................... 17, 18

*General Tel. Co. of S.W. v. Falcon,*
   457 U.S. 147 (1982) .............................................................................................18

*Girsh v. Jepson,*
   521 F.2d 153 (3d Cir. 1975)..................................................................................13

*Gunter v. Ridgewood Energy Corp.,*
   223 F.3d 190 (3d Cir. 2000)..................................................................................20

*In re AT&T Corp. Sec. Litig.,*
   455 F.3d 160 (3d Cir. 2006)..................................................................................20

*In re Cendant Corp. Sec. Litig.,*
   404 F.3d 173 (3d Cir. 2005)..................................................................................20

*In re Constar Int'l, Inc. Sec. Litig.,*
   585 F.3d 774 (3d Cir. 2009)..................................................................................17

*In re Diet Drugs Prod. Liab. Litig.,*
   582 F.3d 524 (3d Cir. 2009)..................................................................................20

*In re Gen. Motors Pick–Up Truck Fuel Tank Prods. Liab. Litig.,*
   55 F.3d 768 (3d Cir. 1995)....................................................................................22

*In re Ins. Brokerage Antitrust Litig.,*
   579 F.3d 241 (3d Cir. 2009)..................................................................................12

*In re Janney Montgomery Scott LLC Financial Consultant Litig.,*
   No. 06-cv-3202, 2009 WL 2137224 (E.D. Pa. Jul. 16, 2009) ..............................16

*In re Processed Egg Products Antitrust Litig.,*
   No. 08-md-2002, 2012 WL 2885924 (July 18, 2012).............................................15

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,*
   148 F.3d 283 (3d Cir. 1998)............................................................................13, 20

*In re Rent-Way Sec. Litig.,*
   305 F. Supp. 2d 491 (W.D. Pa. Dec. 22, 2003) .....................................................14

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004) ................................................................................17

*Knepper v. Rite Aid Corp.*,
    675 F.3d 249 (3d Cir. 2012) ................................................................................19

*Lignore v. Hosp. of Univ. of Pa.*,
    No. 04-5735, 2007 WL 1300733, n.7 (E.D. Pa. May 1, 2007) .........................12

*Oh v. AT&T Corp.*,
    225 F.R.D. 142 (D.N.J. 2004) .............................................................................24

*Raniere v. Citigroup Inc.*,
    310 F.R.D. 211 (S.D.N.Y. 2015) ........................................................................16

*Sakalas v. Wilkes Barre Hosp. Co.*,
    No. 3:11-cv-0546, 2014 WL 1871919 (M.D. Pa. May 8, 2014) ........................16

*Sand v. Greenberg*,
    No. 08-cv-7840, 2011 WL 7842602 (S.D.N.Y. Oct. 6, 2011) ...........................16

*Stewart v. Abraham*,
    275 F.3d 220 (3d Cir. 2001) ................................................................................18

*Tenuto v. Transworld Sys., Inc.*,
    No. Civ. A. 99-4228, 2002 WL 188569 (E.D. Pa. Jan. 31, 2002) .....................15

*United States*,
    679 F.2d 1350 (11th Cir. 1982) ...........................................................................12

*Walsh v. Great Atlantic and Pacific Tea Co.*,
    96 F.R.D. 632 (D.N.J.) .........................................................................................12

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984) ................................................................................16

*Williams v. Aramark Sports, LLC*,
    No. 10-cv-1044, 2011 WL 4018205 (E.D. Pa. Sept. 9, 2011) ...........................23

1.      **Summary of the Case, Argument, and Issues**

Plaintiff Zachariah Robertson and all participating Class Members ("Plaintiffs") move for final

of approval of this Fair Labor Standards Act ("FLSA") collective action and Rule 23 class action

settlement. Plaintiffs alleged Enbridge (U.S.) Inc. ("Enbridge"), denied them the overtime pay required

by the FLSA and state law because Enbridge paid its inspectors a day rate, instead of a salary or hourly

with overtime. Plaintiffs and Defendant Enbridge (U.S.) Inc. (the "Parties") resolved this class and

collective action on February 8, 2021 and this Court preliminarily approved the settlement and

conditionally certified the classes on February 25, 2021. *See* ECF No. 272.

The Claims Administrator issued notice to the 481 potential class members informing them

of this case and their rights under the proposed settlement. *See* Ex. 1, Declaration of Makenna Snow

of ILYM Group, Inc. In Support of Motion for Final Approval of Class Action Settlement (Snow

Declaration) at ¶ 7.  Six potential class members opted-out of the settlement.  Ex. 1 ¶ 13. As a result

of the approved notice process, 100% of the Net Settlement Fund will actually be paid out to the 475

Class Members who join the case. *Id.*, at ¶ 16. No Class Members objected to any aspect of the

Settlement. *Id.* at ¶¶ 8-15. In short, the response from the Classes was overwhelmingly positive.

This settlement provides for a Maximum Settlement Fund of $3,430,000.00 from which

attorney fees of thirty-five percent (35%) percent or $1,200,500.00, case costs up to $40,000.00,

administration costs up to $15,000.00, and enhancement awards of $15,000.00 will be subtracted. The

net settlement fund that will be mailed to the Class Members is $2,159,500.00. The attorney fees and

costs resulting from this lawsuit are routine and customary in this district and division and will provide

just compensation for work performed.

As preliminarily determined by the Court, the settlement is fair, reasonable, and confers a substantial benefit upon the Class Members. Further, the Illinois, New York, Ohio, and Pennsylvania state law class claims satisfy all of the requirements of a settlement class under Rule 23, and the FLSA Class meets all requirements for a collective action under 29 U.S.C. § 216(b).

Therefore, Plaintiffs request the Court grant final certification of the classes, final approval of the Settlement, and dismiss this case with prejudice. Defendant is unopposed to this Motion for Final Approval.

## 2.    Procedural History and Background

On August 27, 2019, Plaintiff Robertson, on behalf of himself and all other similarly situated employees, filed a class and collective action lawsuit against Enbridge alleging violations of the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA"). ECF No. 1. Subsequently, Joshua Brimmer, Francisco Castro, Joseph Linsicombe, Deano Trott, and Merwin Hoover joined the action. ECF Nos. 54, 55, 93, 97, and 162.

Together, Robertson and the opt-in plaintiffs sought damages for unpaid wages, unpaid overtime compensation, liquidated damages, other damages, attorneys' fees and litigation costs under the FLSA and Pennsylvania wage and hour laws; conditional certification under Section 216(b) of the FLSA; and class certification under Federal Rule of Civil Procedure 23.

On February 20, 2020, the Parties mediated the case on a class and collective action basis. ECF No. 60. Enbridge provided substantial compensation documents, spreadsheets, and other information regarding to the pay practices at issue. Based on the information exchanged, Plaintiffs' counsel Josephson Dunlap LLP,  Bruckner Burch, PLLC, and Goodrich & Geist P.C. ("Class Counsel") were able to do a complete review of Enbridge's pay practices. Class Counsel prepared a

damage analysis and compiled a spreadsheet with its assessment of back pay owed to each class member.

Class Counsel's investigation ultimately revealed that Robertson and his fellow coworkers (the Class Members) consisted of inspectors who performed work on Enbridge's pipelines and construction projects. Plaintiffs alleged that these employees performed largely technical and manual labor type job duties and routinely worked 10 hours a day for 6 to 7 days a week. Cl

On April 24, 2020, Robertson amended the Complaint to include claims under the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA") (collectively, the "IWA"), the Ohio Minimum Fair Wage Standards Act and the Ohio Prompt Pay Act (the Ohio Minimum Fair Wage Act and the OPPA will be referred to collectively as the "OWA"), and the New York Labor Law ("NYLL").

Meanwhile, the Parties continued to negotiate and reached a partial settlement on behalf of all inspectors paid a day rate staffed by certain Vendor Companies between September 27, 2017 to September 17, 2020. ECF No. 270-1. As described in detail below, the settlement is intended to compensate the Plaintiffs for their back wages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs.

With the settlement finalized, the Parties now seek the Court's approval of the agreements entered into by the Parties. As described in detail below, the settlement is intended to compensate the Class Members for their back wages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs. With all the Plaintiffs accepting the total settlement fund without any objections, the settlement clearly performed as it should by satisfying the Plaintiffs with adequate compensation. *See* Ex. 1, at ¶¶ 11-14.

### A.  Recap Of The Basic Settlement Terms

1. The Class Members

All current and former Inspectors staffed through by certain Vendors Companies and who worked on Enbridge pipelines or projects (including Spectra pipeline or projects) in Pennsylvania, Ohio, New York, or Illinois at any time from September 27, 2017, through September 17, 2020 comprise the state law classes. *See* ECF No. 270-1. All current and former Inspectors staffed through by certain Vendors Companies and who worked on Enbridge pipelines or projects (including Spectra pipeline or projects) in the United States at any time from September 27, 2017, through September 17, 2020 comprise the FLSA Class. *See id.*

2. The Settlement Fund

The Settlement obligated Enbridge to pay up to $3,430,000.00. All Plaintiffs' claims, attorney fees, costs, and enhancement awards are to be paid from this Maximum Settlement Fund. However, the Maximum Settlement Fund does not include employer-paid withholding and due taxes on the wage portion of this settlement, which shall be paid separately by Enbridge.

3. The Allocation To The Class Members

Funds are being made available based on each Class Member's individual weeks worked and rates of pay received. Based on the compensation data provided by Enbridge and its Vendors, Class Counsel determined the back wages owed to each Class Member. The Net Settlement Fund was the apportioned to each Class Member, *pro rata*, based on their individual damage calculations.

4. The Administration Of Notice

Notice was administered by ILYM Group, Inc. ("Administrator"), an experienced claims administrator with extensive experience handing class actions. *See generally* Ex. 1, Snow Declaration; *see also* http://www.ilymgroupclassaction.com/about/default.aspx. The Administrator established a

qualified settlement fund into which the Maximum settlement fund will be deposited and from which it will be disbursed, mailed notice to all of the Class Members and re-mailed notice to Class Members whose initial notice packets were undeliverable. *See* Ex. 1, Snow Declaration.

### 5. Payments Under The Settlement

According to the settlement, Enbridge has 45 days after final approval of the Settlement (as defined in the Settlement Agreement) to provide the complete payment of the settlement amount into the qualified settlement fund. The settlement administrator then has 30 calendar days to issue the settlement checks to the Plaintiffs. *See* ECF No. 270-1 at ¶¶9 & 11.

### 6. Release Of Claims

The Settlement's release aligns with the assertions in this case. All FLSA Class Members who negotiate a settlement award check will release the claims as described in the Settlement. Any FLSA Class Member who does not negotiate a settlement award checkshall not release his or her FLSA claim, and that FLSA Class Member's settlement award shall revert to Enbridge. All Rule 23 Class Members who negotiate a settlement award check will release the claims as described in the Settlement. Any Rule 23 Class Member who does not negotiate a settlement award check shall not release his or her FLSA claim but shall release all other Released Claims, and that Rule 23 Class Member's settlement award shall be deposited with the lost property department of the state in which the Rule 23 Class Member resides. *See* ECF No. 270-1, *8, *17.

## 3.    Argument

Plaintiffs respectfully request that the Court enter the Proposed Final Approval Order finalizing this class and collective action settlement, enhancement awards, attorney fees, and costs.

5

**A. Applicable Legal Standard**

To grant final approval, the Court must conclude that the proposed settlement is fair, reasonable and adequate. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 258 (3d Cir. 2009); FED. R. CIV. P. 23(e).[1] Trial courts generally are afforded broad discretion in determining whether to approve a proposed class action settlement. *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995). This discretion is conferred in recognition that "[the] evaluation of [a] proposed settlement in this type of litigation ... requires an amalgam of delicate balancing, gross approximations and rough justice." *City of Detroit v. Grinnell Corp.*, 356 F. Supp. 1380, 1385 (S.D.N.Y.1972), *aff'd in part and rev'd in part on other grounds*, 495 F.2d 448 (2d Cir. 1974). Thus, the Court considers whether the proposed settlement is within a "Enbridge of reasonableness" that experienced attorneys could accept in light of the relevant risks of the litigation. *Walsh v. Great Atlantic and Pacific Tea Co.*, 96 F.R.D. 632, 642 (D.N.J.), *aff'd*, 726 F.2d 956 (3d Cir. 1983).

The Third Circuit has set forth nine factors to be considered when determining the fairness of a proposed settlement:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of

---

[1] This case is also brought pursuant to Section 216(b) of the FLSA. When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to Section 216(b) of the FLSA, the district court may enter a stipulated judgment if it determines that the compromise reached "is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citing *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Because Rule 23's two-step final approval process is more stringent than approval of an FLSA collective action settlement, *see, e.g., Lignore v. Hosp. of Univ. of Pa.*, No. 04-5735, 2007 WL 1300733, at *3, n.7 (E.D. Pa. May 1, 2007) (noting that the Third Circuit's prior opinions suggest that court approval may not be necessary in context of private settlements under FLSA), satisfaction of the Rule 23 requirements here should be sufficient for approval of the FLSA collective action as well.

6

maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the Enbridge of reasonableness of the settlement fund in light of the best possible recovery; (9) the Enbridge of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation ...

*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (internal quotations and punctuation marks omitted).

Here, the *Girsh* factors strongly support final approval of the Settlement Agreement.

> 1. The Proposed Settlement Terms Are Fair, Reasonable And Adequate In Relation To The Strength Of Plaintiff's Case And Risks And Expense Of Further Class Litigation

Enbridge agreed to pay a Maximum Settlement Fund of $3,430,000.00 to resolve the claims of the Class Members. The Settlement represents a high percentage of the maximum expected recovery if Plaintiffs prevailed. Moreover, the Net Settlement Fund will be disbursed to all of the Participating Plaintiffs. *See* Ex. 1, at ¶ 16.

> 2. This Is An Appropriate Point For Settlement

In this case, the proposed settlement was reached after extensive motion practice, extensive fact discovery, including exchanging thousands of pages of documents and a full day mediation with experienced wage and hour mediator Carol Katz. There was sufficient investigation and discovery conducted in this matter to allow Class Counsel and the Court to act intelligently concerning the settlement of the claims. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 319 (3d Cir. 1998) (finding class counsel's "vigorous litigation," pursuit of discovery, and use of informal discovery supported settlement). Notably, the parties exchanged documentation, records and information that allowed them to determine the losses that the Class Members allegedly suffered as a result of the alleged wage and hour violations. Enbridge produced critical payroll records that helped to inform the parties' decision to settle. Once these documents were analyzed by the parties, along with the other discovery provided, interviews undertaken, additional discovery would not likely have

changed the outcome of the Settlement. The state of the proceedings supports final approval of the Settlement.

### 3. The Opinion Of Experienced Counsel Supports Approval Of The Settlement, Which Resulted From Arm's Length Negotiations By Informed And Experienced Counsel

The Settlement was the result of a full day mediation session between the parties with the assistance of experienced wage and hour mediator, Mrs. Katz. Mrs. Katz routinely mediates complex class and collective action employment cases, is an AAA approved mediator, and has substantial experience dealing with overtime cases, especially those dealing with independent contractors. *See* http://www.carolkatz.com/.

The participation by such a neutral mediator, and the adversarial nature of those negotiations illustrates that this case was resolved and settled only after sufficient arm's length bargaining. Counsel for both sides are highly experienced in wage and hour class action litigation. The Declaration of Class Counsel filed in support of the Motion for Preliminary Approval describes Class Counsel's experience in this area. ECF No. 270-2, ¶¶3-17. These experienced wage and hour attorneys believe that this case is appropriate for settlement and that the substantial sum of $3,430,000.00 provides significant relief to Plaintiffs and Class Members. *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 509 (W.D. Pa. Dec. 22, 2003) ("settlement negotiations took place at arm's length between highly experience[d] and competent counsel. Their assessment of the settlement as fair and reasonable is entitled to considerable weight").

### 4. The Settlement Class' Response Supports The Settlement

Finally, the Class Members' response to the settlement overwhelmingly supports final approval. With the deadline for making objections to the settlement passing, it is highly significant that there have been no objections to the proposed settlement. *See* Ex. 2, Declaration of Andrew W.

Dunlap (Dunlap Declaration) ¶¶ 4-6. This overwhelmingly positive response from the Settlement Class demonstrates the fairness and adequacy of the Settlement's terms. Nothing in the response of Class Members warrants denial of the final approval of the settlement. Given the Court's preliminary approval and the complete absence of any objections by Class Members, final approval of the settlement is easily permitted. *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1313 n.15 (3d Cir. 1993) (noting that it is generally appropriate to assume that "silence constitutes tacit consent to the agreement" in the class settlement context); *In re Processed Egg Products Antitrust Litig.*, No. 08-md-2002, 2012 WL 2885924, at *18 (July 18, 2012) (holding that no objections supports final approval of settlement).

### 5. The Enhancement Awards Should Be Approved

Enbridge has agreed to pay Plaintiff Zachariah Robertson $15,000.00 as an Enhancement Award for his efforts in bringing and prosecuting this matter. *See* ECF No. 270-1 at ¶25(a). This amount will be paid in addition to his recovery of unpaid overtime for the time when he worked for Enbridge. *See* Ex. 2, Dunlap Declaration at ¶¶ 17-22.

"[C]ourts routinely approve incentive awards to compensate named plaintiffs for services they provided and the risks they incurred during the course of the class action litigation." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000). It is particularly appropriate to compensate plaintiffs with incentive awards where they have actively assisted plaintiffs' counsel in their prosecution of the litigation for the benefit of a class. *Tenuto v. Transworld Sys., Inc.*, No. Civ. A. 99-4228, 2002 WL 188569, at *5 (E.D. Pa. Jan. 31, 2002).[2] Indeed, "[i]t takes courage for any employee to challenge her employer's

---

[2] *See Sand v. Greenberg*, No. 08-cv-7840, 2011 WL 7842602, at *3 (S.D.N.Y. Oct. 6, 2011) (approving service awards in FLSA case as reasonable and finding that plaintiffs "took risks by putting their names on this lawsuit," including the risk of "blacklisting and other more subtle forms of retaliation"). The additional payment requested in this case is also in line with those approved in wage and hour collective and class actions throughout the Third Circuit. *See, e.g., Sakalas v. Wilkes Barre Hosp. Co.*, No. 3:11-cv-0546, 2014 WL 1871919, at *5 (M.D. Pa. May 8, 2014) ("Court believes that the proposed

workplace practices. . . ." *Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 220 (S.D.N.Y. 2015). For these reasons, the additional payments to Plaintiff Zachariah Robertson should be finally approved as fair and reasonable.

**B.  The Court Should Finally Certify The Settlement Class Under Fed. R. Civ. P. 23**

The State Law Settlement Class should be finally certified. A case may be certified as a class action under Rule 23 only when:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Weiss v. York Hosp.*, 745 F.2d 786, 807 (3d Cir. 1984), cert. denied, 470 U.S. 1060 (1985). These four threshold requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation," respectively. *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004).

Federal Rule of Civil Procedure 23(b)(3) permits the court to certify a class in cases where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently

---

total award of $7,500.00 (or 1.57%) of a $475,000.00 settlement fund is well-deserved and not out of proportion to the level of [named plaintiff's] cooperation. Such an award would not significantly reduce compensation for the other class members, nor is it out of the mainstream for class action service awards in the Third Circuit."); *Bredbenner v. Liberty Travel, Inc.*, No. 09-cv-905, 2011 WL 1344745, at *22-24 (D.N.J. Apr. 8, 2011) (approving service payments of $10,000 to each of eight named plaintiffs in wage and hour case, and citing 2006 empirical study that found average award per class representative to be $16,000); *In re Janney Montgomery Scott LLC Financial Consultant Litig.*, No. 06-cv-3202, 2009 WL 2137224, at *12 (E.D. Pa. Jul. 16, 2009) (approving $20,000 enhancement awards for each of three named plaintiffs in wage and hour settlement).

adjudicating the controversy." FED. R. CIV. P. 23(b)(3). These dual requirements are commonly referred to as "predominance" and "superiority," respectively. *See, e.g., In re Constar Int'l, Inc. Sec. Litig.*, 585 F.3d 774, 780 (3d Cir. 2009). The Court preliminarily certified the State Law Settlement Classes under Rule 23(b)(3) for settlement purposes, and Plaintiffs now move for final certification of the State Law Settlement Classes under Rule 23(b)(3).

Pursuant to the terms of the Settlement Agreement, Enbridge has stipulated that the requisites for establishing class certification pursuant to FED. R. CIV. P. 23 with respect to the State Law Settlement Class Members, have been and are met. *See* ECF No. 270-1.

### 1. The Settlement Class Is Sufficiently Numerous

To meet the numerosity requirement of FED. R. CIV. P. 23(a)(1), "the class size only need be large enough that it makes joinder impracticable." *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 467 (E.D. Pa. 2000);. The proposed Settlement Class here meets the numerosity requirement because of the 207 participating State Law Class Members. All of these class members are participating in the settlement. *See* Ex. 2, ¶¶ 6-7.

### 2. The Settlement Class Seeks Resolution of Common Questions

The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied if the representative plaintiff shares at least one question of fact or law with the grievances of the prospective class. *See Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001). Here, Plaintiff Robertson and the Inspectors' claims arise from Enbridge's common pay policies. The alleged common issues include, without limitation: (1) whether Inspectors were entitled to overtime compensation for their hours worked; (2) whether Inspectors were similarly denied compensation for all hours worked; and (3) whether Defendant's policy of classifying Inspectors as independent contractors violated state law. These

sample common questions of law and fact, which Plaintiff Robertson contends apply uniformly to all members of the proposed Settlement Classes, are sufficient to satisfy the commonality requirement.

**3. The Claims Of The Named Plaintiff Are Typical Of The Settlement Class**

The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied for purposes of approving the settlement because Robertson's claims are reasonably coextensive with those of absent class members, and because Robertson possesses the same interest and suffered the same injury as the absent class members. *See Fry*, 198 F.R.D. at 468; *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982). Robertson's claims for unpaid overtime compensation during weeks worked as a non-exempt Inspector are typical of the claims of the Class.

**4. Class Counsel And Plaintiff Zachariah Robertson Meet The Adequacy Requirements Of The Settlement Class**

To meet the adequacy requirement of FED. R. CIV. P. 23(a)(4), a named plaintiff must show: 1) that he or she has the ability and incentive to represent the claims of the class vigorously; 2) has obtained adequate counsel; and 3) that there is no conflict between the individual's claims and those asserted on behalf of the class. *Fry*, 198 F.R.D. at 469.

The adequacy of representation requirement is met here because Robertson has the same interests as the Settlement Class Members. *See* Ex. 2, Dunlap Declaration at ¶¶ 7-16. There is no conflict between Robertson and the Settlement Class in this case, and Robertson'sclaims are in line with the claims of the Class. Robertson has aggressively and competently asserted the interests of the Settlement Class, and Robertson's counsel is skilled and experienced in wage and hour class action litigation, as set forth in the declaration of Class Counsel submitted with the Unopposed Motion for Preliminary Approval. *See* ECF No. 30-2.

5. Settlement Class Satisfies The Predominance And Superiority Requirements Of
Fed. R. Civ. P. 23(B)(3)

Under Fed. R. Civ. P. 23(b)(3), class certification is appropriate if "the court finds that the

questions of law or fact common to the members of the class predominate over any questions affecting

only individual members, and that a class action is superior to other available methods for the fair and

efficient adjudication of the controversy."

For the reasons discussed above, Plaintiffs believe that the Settlement Class satisfies the

predominance requirement. Moreover, allowing the Inspectors the opportunity to participate in a class

settlement that yields an immediate and substantial benefit is highly superior to having a multiplicity

of individual and duplicative proceedings in this Court. It is also superior to the alternative of leaving

these important labor rights unaddressed due to the difficulty of finding legal representation and filing

claims on an individual basis. Moreover, the Third Circuit has ruled that there is no reason to preclude

federal jurisdiction over class actions asserting claims under state statutory wage and overtime laws

paralleling the FLSA. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

Accordingly, Plaintiffs respectfully request that the Court finally certify the Settlement Classes

for settlement purposes only.

**C.  The Attorney Fees And Costs Requested Are Reasonable And Customary**

Under Third Circuit law, a Court may evaluate the award of attorneys' fees through two

established methods: (1) the lodestar approach; and (2) the percentage of the recovery approach. *In re*

*Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 540 (3d Cir. 2009); *In re AT&T Corp. Sec. Litig.*, 455 F.3d

160, 164 (3d Cir. 2006). Under the common fund doctrine, "a private plaintiff, or plaintiff's attorney,

whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled

to recover from the fund the costs of his litigation, including attorneys' fees." *In re Cendant Corp. Sec.*

*Litig.*, 404 F.3d 173, 187 (3d Cir. 2005) (citation omitted). When calculating attorneys' fees in such

cases, the percentage-of-recovery method is generally favored. *In re Diet Drugs*, 582 F.3d at 540 (citing *Krell v. Prudential Ins. Co.*, 148 F.3d 283, 333 (3d Cir. 1998)).

In determining what constitutes a reasonable percentage fee award in the Third Circuit, a district court must consider ten factors: (1) the size of the fund created and the number of beneficiaries; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorney involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrange at the time counsel was retained; and (10) any innovative terms of Settlement. *In re Diet Drugs.* 582 F.3d at 541 (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000) and *Prudential,* 148 F.3d at 342).

These factors support approval of the requested fee and are discussed below.

### 1. The Size Of The Fund Created And The Number Of Beneficiaries, As Well As The Value Of The Benefits Supports The Requested Fee

The results obtained represent a significant benefit in the face of the many legal and factual risks posed by litigation. Here, the $3,430,000.00 Settlement provides for a Net Settlement Fund that will be distributed to Settlement Class Members on a *pro rata* basis.

More specifically, the Maximum Settlement Amount is based on an analysis of each workweek that each Class Member worked for Defendant during the relevant time period. The Maximum Settlement Amount represents a substantial portion of unpaid overtime damages owed to FLSA and State Law Class Members. ECF No. 270-2. For these reasons, the Settlement creates a substantial benefit for members of the Settlement Class.

14

2. The Response of Settlement Class Members Supports The Requested Fee

Notice of the Settlement has now gone out to all of the Class Members. The Notice explicitly outlines the allocation of the Maximum Settlement Fund and provides instructions for objecting to or seeking exclusion from the Settlement. ECF No. 270-1, Exhibit A. To date, none of the individuals who received the Notice have submitted objections and 475 Plaintiffs will receive settlement allocations. *See* Ex. 1, at ¶¶ 12-13. Accordingly, this factor supports the reasonableness of the fee award.

3. The Skill and Efficiency of Class Counsel That Enabled Them to Obtain This Result Supports the Requested Fee

In evaluating the skill and efficiency of the attorneys involved, courts have looked to "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *Chemi v. Champion Mortg.*, C.A. 05-cv-1238, 2009 WL 1470429, at *11 (D.N.J. May 26, 2009) (internal quotations omitted).

Here, Class Counsel includes attorneys with significant employment law as well as class and collective action experience. *See* ECF No. 270-2. Class Counsel assumed a very real risk in taking on this case. Class Counsel took the case on a contingency basis, and was prepared to invest time (and did invest) effort, and money over a period of years with absolutely no guarantee of any recovery.

The Settlement reached with Defendant, which involves complex provisions that are specific to Section 216(b)'s collective action provision of the FLSA and state wage and hour law, is a reflection of Class counsel's experience. *See* Ex. 2, at ¶¶ 23-30. This Settlement was reached (1) after extensive fact discovery and motion practice, including exchanging numerous pages of documents; and (2) the help of a full day of mediation with Mrs. Katz. *Id.*

15

The Settlement provides Plaintiff and members of the Settlement Classes with substantial benefits without having to wait for years of drawn out litigation. Accordingly, this factor favors the requested fee.

### 4. The Awards In Similar Cases Supports The Requested Fee

The requested fee is also consistent with awards in similar cases. *See* Ex. 2, Dunlap Declaration at ¶ 28.  The Third Circuit has noted that fee awards generally range from 19% to 45% of the Settlement fund. *See Brumley*, 2012 WL 1019337, at *12 (approving fee of one-third of the common fund and citing *In re Gen. Motors Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995)).

Here, Class Counsel's request for thirty-five percent of the Maximum Settlement Fund falls well within the range of reasonable allocations in the context of awards granted in other, similar cases. *See, e.g., Stivers v. Office Depot*, No. 12-cv-1534 (W.D. Pa. Sept. 19, 2013) (Eddy, J.) (approving fee award of 33.33% of the total settlement amount to class counsel in wage and hour settlement); *Caudell v. RDL Energy Services, LP*, No. 2:11-cv-01523-JFC (W.D. Pa. Jul. 30, 2012) (Conti, J.) (same); *Bearden v. Precision Air Drilling Services, Inc.*, No. 2:11-cv-01511- NBF (W.D. Pa. Sept. 26, 2012) (Fischer, J.) (same); *Thomas v. Allis-Chalmers*, No. 2:10-cv- 01591-RCM (W.D. Pa. Sept. 11, 2012) (Mitchell, J.) (same); *Bredbenner*, 2011 WL 1344745 (approving an award of 32.6% of the Settlement fund); *Erie County Retirees Assoc. v. County of Erie. Pa.*, 192 F. Supp. 2d 369, 382-83 (W.D. Pa. 2002) (McLaughlin, J.) (38% of common fund awarded as fees in ADEA collective action case brought pursuant to 29 U.S.C. §216(b)); *see also Cullen*, 197 F.R.D. at 150 (concluding "that an award of one third of the Settlement fund is reasonable in consideration of other courts' awards"); *Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 WL 4018205, at *10 (E.D. Pa. Sept. 9, 2011) (noting that study of class action fee awards within the Third Circuit found that average attorney's fees percentage in such cases was 31.71%

16

and median award was 33.3%). The attorneys' fees request of thirty-five percent of the Settlement

fund also comports with privately negotiated contingent fees negotiated on the open market. *See*

*Bredbenner*, 2011 WL 1344745, at \*21.

Accordingly, the fees approved in similar cases further support the requested fee here.

### 5. Class Counsel's Costs Should Be Approved

In addition to being entitled to reasonable attorneys' fees, the FLSA and state wage and hour

laws provides for the reimbursement of costs. *See e.g.* 29 U.S.C. § 216(b); 43 P.S. § 333.113 ("worker

may recover in a civil action the full amount of such minimum wage less any amount actually paid to

the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed

by the court…").

Here, Class Counsel's estimated costs are $40,000.00. Class Counsel's costs include reasonable

out-of-pocket expenditures such as filing fees, travel for hearings, mediation, and client meetings, and

Westlaw. *See* Ex. 2, at ¶ 27. *See Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004) (finding expenses

such as "(1) travel and lodging, (2) local meetings and transportation, (3) depositions, (4) photocopies,

(5) messengers and express service, (6) telephone and fax, (7) Lexis/Westlaw legal research, (8) filing,

court and witness fees, (9) overtime and temp work, (10) postage, (11) the cost of hiring a mediator,

and (12) NJ Client Protection Fund *pro hac vice*." to be reasonable).

All of these expenses were reasonable and necessary for the successful prosecution of this

case, and pursuant to the terms of the Settlement Agreement, Enbridge does not object to the request

for costs. ECF No. 270-1.

### D. This Settlement Is On Par With Recent Settlements Involving Oil and Gas Service Companies

The Court should finally approve this Settlement because it is in line with recent wage and

hour settlements involving oil and gas service companies. In *Seagrave v. Range Resources,* Judge Flowers

Conti approved a PMWA class and FLSA collective action settlement involving drilling and completions consultants paid a day rate. C.A. 2:17-cv-01009-JFC (W.D.P.A. October 16, 2018) ECF No. 40. In that case, all 115 class members participated in the $3,925,000 total settlement and the Court approved 1346,781.42 in attorney's fees and costs. *Id.* In *Terry v. Tri-State Wireline, LLC*, Judge Fischer approved a class and collective action settlement involving wireline operators paid a salary and a job bonus. C.A. 2:15-cv-00382-NBF (W.D. PA Jan. 14, 2016) ECF No. 31. *See* Ex. 3. In that case, 56 of the 69 (or 81.16%) of the class members joined the settlement and claimed 92.07% of the settlement fund. *Id.* at 29-1. Further, the Court approved attorney fees of 35%, $25,000.00 in attorney costs, $5,500.00 in settlement administration costs, $20,000.00 in enhancement awards. The Court held that the settlement was substantially fair and reasonable under the applicable Third Circuit jurisprudence. *See also Frost v. Oil States Energy Services, LLC*, C.A. 4:15-cv-01100 (S.D. Tex. Nov. 19, 2015) ECF No. 43. (approving a class and collective action settlement involving oil and gas employees paid a salary and/or job bonuses) attached as Ex. 4; *Hickel, et al., v. Costy's Energy Services, LLC*, C.A. 2:15-cv-00130-MRH (W.D. PA Oct. 30, 2015) ECF No. 43 (approving a collective action settlement involving oil and gas employees alleging violations of the regular rate for purposes of calculating overtime) attached as Ex. 5; *Smiley, et al., v. ROC Service Company, LLC*, C.A. 2:14-cv-01539-CRE (W.D. PA Sept. 22, 2015) ECF No. 53; (approving a class and collective action settlement involving oil and gas employees paid a salary and/or job bonuses) attached as Ex. 6; *Andrews, et al., v. Pacific Process Systems, Inc.*, C.A. 2:14-cv-01308-CRE (W.D. PA Sept. 10, 2015) (same) attached as Ex. 7.

**4.    Conclusion**

As demonstrated through this Motion, its supporting documents, the Motion for Preliminary Approval, similarly approved wage and hour settlements, Enbridge's non-opposition, and the overwhelmingly positive notice rates provided by the settlement administrator, this settlement is fair,

reasonable, and should be approved by the Court and the attached Final Approval Order should be entered.

Respectfully submitted,

By: /s/ Andrew W. Dunlap
    Michael A. Josephson
    Pennsylvania Bar No. 308410
    Texas Bar No. 24014780
    Andrew Dunlap
    State Bar No. 24078444
    *(Admitted Pro Hac Vice)*
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    Tel: (713) 352-1100
    Fax: (713) 751-3300
    mjosephson@mybackwages.com
    adunlap@mybackwages.com


    Joshua P. Geist
    PA. I.D. No. 85745
    **GOODRICH & GEIST, P.C.**
    3634 California Ave.
    Pittsburgh, PA 15212
    Tel: 412-766-1455
    Fax: 412-766-0300
    josh@goodrichandgeist.com


    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    11Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com


    **ATTORNEYS IN CHARGE FOR PLAINTIFFS**

20

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties.

/s/ Andrew W. Dunlap
Andrew W. Dunlap

## CERTIFICATE OF CONFERENCE

I hereby certify that I have spoken with Counsel for Defendant Enbridge and Defendant is not opposed to the contents of this Motion.

/s/ Andrew W. Dunlap
Andrew W. Dunlap

77904891v.1