UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ZACHARIAH ROBERTSON, ANGEL HERNANDEZ, GORDON LUNSTED, and GREG HUGGINS individually and on behalf of all others similarly situated,<br><br>v.<br><br>ENBRIDGE (U.S.) INC., CLEVELAND INTEGRITY SERVICES, INC. and CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC. | Case No. 2:19-cv-1080-WSS-LPL |

**ORDER GRANTING FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT, ATTORNEY FEES, AND COSTS**

The Court preliminarily approved Plaintiffs and Defendant Enbridge (U.S.) Inc.'s settlement on February 25, 2021. ECF No. 272. In accordance with the Order Granting Preliminary Approval of Settlement, the Settlement Class has been given notice of the terms of the Settlement. In addition, members of the Rule 23 Classes have been given the opportunity to object to the Settlement or to exclude themselves from its provisions.

With 98.8% participation and no objections, Plaintiffs now seek final approval of the Settlement. Having received and considered the Settlement, the supporting papers filed by the Parties, the application for final approval of the settlement of this class and collective action, and the evidence and argument received by the Court at the final approval hearing on December 17, 2021, the Court grants final approval of the Settlement, and HEREBY ORDERS as follows:

1. For settlement purposes only, the Court finally certifies the following FLSA and Rule 23 Classes of 475 workers:

> All Inspectors staffed by a Vendor Company[1] and who worked on Enbridge pipelines or projects (including Spectra pipeline or projects) from September 17, 2017 to September 17, 2020.

2. The Settlement therefore covers, and is binding on, the 475 Class Members as set out in the parties' Settlement Agreement (ECF No. 270-1).

3. The Court confirms the appointment of Andrew W. Dunlap of the Josephson Dunlap LLP and Richard J. Burch of Bruckner Burch PLLC, as Class Counsel pursuant to Rule 23(g) because they meet all of the requirements of Fed. R. Civ. P. 23(g). Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Class Members' claims. Class Counsel have substantial experience prosecuting and resolving employment class actions, particularly wage-and-hour class actions, and are well-versed in class action and wage-and-hour law.

4. The Court confirms the appointment of Plaintiff Zachariah Robertson as the class representative. He possesses "the same interest[s] and suffer[ed] the same injur[ies] as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted).

5. The Court approved the proposed Notices. The documents were distributed pursuant to the process set out in the settlement.

6. This process provided the Class Members with the "best notice practicable under the circumstances" per the requirements of Fed. R. Civ. P. 23(c)(2)(B).

---

[1] As defined in the settlement agreement at ECF No. 270-1. Vendor Companies means Abrams Technical Services, Inc., Audubon Field Solutions, LLC, Avery Pipeline Services, Inc. / Avery Technical Resources, Inc., EnSite USA Inc., FIS Operations, LLC, d/b/a Frontier Integrity Solutions, MBF Inspection Services, Inc., MDM Energy Services, Inc. / MDM Solutions, LLC, Onshore Quality Control Specialists, LLC, Universal Ensco, Inc. (Universal Pegasus International), and Wilcrest Field Services, LLC.

7. No Class Member filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing. Six putative class members opted-out of the settlement.

8. For the reasons stated in the Court's Preliminary Approval Order, the Court finds and determines that the FLSA and Rule 23 Classes, as defined above, meet all of the legal requirements for collective class and class certification of a settlement class, and it is hereby ORDERED that these classes are finally APPROVED and CERTIFIED as settlement classes for purposes of settlement of this action.

9. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the class and to each Class Member.

10. The Settlement is ordered finally approved, as described in the Settlement Agreement (ECF No. 270-1), and all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

11. The Court hereby gives final approval to and ORDERS that payment of those amounts be made to the Class Members out of the Maximum Settlement Amount of $3,430,000.00 in accordance with the terms of the Settlement.

12. The Court hereby grants and approves Class Counsel's request for an award of attorneys' fees in the amount of thirty five percent of the Maximum Settlement Amount. This award of fees, made on the basis of a percentage of the fund, is consistent with the standard in this Circuit.

13. The Court authorizes the reimbursement of $40,000.00 of Class Counsel's costs.

14. The Court hereby approves an enhancement award in the amount of $15,000.00 to Zachariah Robertson.

15. As described in the Settlement Agreement (ECF No. 270-1), each Class Member releases and discharges (i) Defendant Enbridge; (ii) Spectra Energy Corp., (iii) Audubon Field Solutions,

LLC, (iv) Abrams Technical Services, Inc., and (v) all of their past, present, and future offices, owners, directors, principals, agents, employees, representatives, parents, shareholders, partners, subsidiaries, holding companies, affiliates, predecessors, successors, assigns, and joint ventures in their individual and corporate capacities, from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against the foregoing that were or could have been asserted in this action based on allegations of unpaid wages, unpaid overtime compensation liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA and/or Pennsylvania, Ohio, New York, and Illinois state wage and hour laws from the beginning of time through entry of this final judgment and final approval of the settlement. This release includes all FLSA or other federal wage claims and claims under the Pennsylvania Minimum Wage Act, New York Labor Law, Ohio Minimum Fair Wage Standards Act, Ohio Prompt Pay Act, Illinois Minimum Wage Law, and Illinois Wage Payment and Collection Act. This release includes any claims, which are derivative of the claims being released.

16. All FLSA Class Members who negotiate a settlement award check have confirmed their consent to release any and all claims as described above, and by negotiating such check(s) do so release any and all such claims. Any FLSA Class Member who does not negotiate a settlement award check as set out in the Settlement Agreement (ECF No. 270-1) shall not release his or her FLSA claim, and that FLSA Class Member's settlement award shall revert to Enbridge.

17. All Rule 23 Class Members who negotiate a settlement award check have confirmed their consent to release any and all claims as described above, and by negotiating such check(s) do so release any and all such claims. Any Rule 23 Class Member who does not negotiate a settlement award check as set out in the Settlement Agreement (ECF No. 270-1) shall not

release his or her FLSA claim but shall release all other released claims, as described above, and that Rule 23 Class Member's settlement award shall be deposited with the lost property department of the state in which the Rule 23 Class Member resides.

18. The Court makes no finding or judgment as to the validity of any claims released under the Settlement or whether Enbridge (U.S.) Inc., et al, is liable under the Fair Labor Standards Act or any other applicable law.

19. The Parties are hereby ORDERED to comply with the terms of the settlement, as described in ECF No. 270-1.

20. This action and the claims alleged in the Complaints filed in the action are hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the settlement.

21. Without affecting the finality of this Final Order and Final Judgment in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

IT IS SO ORDERED.

Signed on __12/17/2021__, 2021.

_____
Honorable William S. Stickman

77904651v.1